# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO, *ex rel.* State Engineer, *et al.,* Plaintiffs, v. EDUARDO ABEYTA, *et al.* Defendants. | 69cv07896 JC <br> RIO PUEBLO DE TAOS ADJUDICATION |
| and | |
| STATE OF NEW MEXICO, *ex rel.* State Engineer, *et al.,* Plaintiffs, v. CELSO ARELLANO, *et al.,* Defendants. | 69cv07939 JC <br> RIO HONDO ADJUDICATION <br> (CONSOLIDATED) <br><br> United States Forest Service |

## MEMORANDUM OPINION

This matter is a part of the consolidated general adjudication of all water rights in the Rio Pueblo de Taos and Rio Honda stream systems and concerns the United States Forest Service's proprietary rights. On November 5, 1991, the Special Master filed his Report (Docket No. 2072) setting forth findings of fact and recommendations of law as to these rights. In November and December 1991, Mr. Alan Kaplan, *pro se,* and the Acequia Madre del Llano filed the only objections to the Report, followed by a joint brief (2074, 2075, & 2078). The objections are virtually identical. On December 2, 1991, the United States moved (2079) to have the Report

adopted in full. On December 6, 1991, it moved to strike (2084) the objections of the Acequia. It did not address Mr. Kaplan's objections.

Having considered the motions, pertinent parts of the record and the law, and being otherwise fully advised in the premises, I FIND that a) the United States' motion to strike is well taken and will be granted; b) Defendant Alan Kaplan's objections are not well taken and will be denied; c) the United States' motion for action is well taken and will be granted; and d) the Special Master's findings are not clearly erroneous and will be adopted.

MOTION TO STRIKE: The United States asserts in its motion to strike that the Acequia's objections to the Special Master's Report were untimely and that "...the association is attempting to practice law without a license". Motion, p. 4. Having reviewed the certificates of filing, I FIND that the objections and brief were timely filed, given the extensions granted by the Court on December 4, 1991. The United States relies upon D.N.M.LR-Civ. 83.7, "a corporation or a partnership must be represented by an attorney authorized to practice before this Court" to support its objection re the practice of law. N.M. Stat. Ann. §73-2-11 (1978) describes acequias as "corporations or bodies corporate, with power to sue or to be sued as such". Therefore, I FIND that, as a corporation, the Acequia must have counsel representing it in these proceedings. There may be instances when that Local Rule

2

is waived, however, this matter is not one of them. The United States' motion to strike will be granted.

SPECIAL MASTER'S FINDINGS: Mr. Kaplan objects solely to the Special Master's finding set forth at p. 8 of the Report and in its Addendum which describes the Forest Service's Claim #51 ("Claim #51") as: "<u>Point of diversion:</u> T.27N, R.14E Sec.9; SE¼, SE¼, SW¼; <u>US exhibit 15 no. & name</u> (07) TS Up Mtn; <u>source type</u> W (well); <u>use</u> C/D (commercial/ domestic); <u>SEO #</u> RG44134; <u>priority date</u> 07-11-1985; <u>use amt. afy</u> 3.00 (acre/foot/annum ("a/f/a"))". No other finding has been challenged by any party. Therefore, all other findings will be adopted.

CLAIM #51: Mr. Kaplan asserts that the use and amount of the claim are a) "illegal and erroneous", b) "identified... as a 'future domestic' use", c) "unsupported" and "un-metered", and d) a signal of "the potential proliferation of such wells (which will) impair the senior rights of the downstream water users". He asks the Court that:

> ...the grant of item #51... be rescinded or a hearing held on the above objections to the Special Masters [*sic*] Report.... [S]hould this well be permitted, we offer the following alternatives for consideration: 1.) The allocation of 3.0 afy be reduced to actual (metered) use, <u>and</u>, 2.) whatever the actual use, it should be restricted to the period from November-March, or 3.) If summer use of this well is not denied, it should be subject to priority calls by any of the downstream and senior water rights holders without the added burden of proof. Brief, p. 3. Emphasis in original.

He also claims that "...the Forest Service failed to show that use of this well does not impair downstream rights" and that "Special Master Zinn did not have the benefit of a good argument or the background of the parties involved". Objections, p.1; Brief, pp. 2-3. Emphasis in original.

A court must accept a special master's findings of fact unless they are clearly erroneous. Fed.R.Civ.Proc. 53(e)(2). Mr. Kaplan does not challenge the Special Master's finding on Claim #51 in this way. Even if he had, upon review of the transcript, I find that the evidence substantially supports his finding and have no sense that a mistake has been committed. Therefore, I will adopt the Special Master's findings on Claim #51 as the findings of the Court. Anderson et al. v. Mt. Clemens Pottery Co., 328 U.S. 680, 689 (1946); N.R.L.B. v. Monfort, 29 F.3d 525, 528 (10th Cir. 1994). (A special master's findings will be adopted if substantially supported by the evidence unless the court is left with a definite and firm conviction that a mistake has been made.)

Mr. Kaplan wants another hearing because he does not like evidence in the record which supports the Special Master's finding on this claim. He had an opportunity to present his views when he attended the Special Master's 1990 hearing; he cannot now complain that the Master did not have the benefit of good argument or the parties' background. *In re* Mifflin Chemical Corp., Sheridan *et al.*

v. Rothensies, 123 F.2d 311 (3rd. Cir. 1941) (The party chose not to present evidence and therefore does not have a right to another opportunity simply because of an adverse decision.) Mr. Kaplan's objection regarding the Forest Service's future use claims and his request to have the Master's finding on Claim #51 rescinded or to have a hearing on the objections will be denied.

Moreover, Mr. Kaplan's objections raise issues that are beyond the scope of this Court's mission. The case was filed under N.M. Stat. Ann. Chapter 75, Article 4, now Chapter 72, Article 4. The relevant sections of Article 4 limit the case to determining the existence and elements of water rights in these stream systems, "together with such other conditions as may be necessary to define the right and its priority". Issues of whether a) the Forest Service's claim foretells of a potential proliferation of wells which will impair senior downstream uses, b) this well should be metered, or c) a party's burden in a priority call can be limited lay outside of the scope defined by the statute and will not be considered.

The Special Master's findings have not been show to be clearly erroneous, and, therefore, his recommendations regarding the adjudication of United States Forest Service claims will be adopted.

/electronic signature/
CHIEF UNITED STATES DISTRICT JUDGE