# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer, *et al.*,

    Plaintiffs,

v.                                                                               69cv07896 JEC (ACE)
                                                                          <u>RIO PUEBLO DE TAOS ADJUDICATION</u>

EDUARDO ABEYTA, *et al.*,

    Defendants.

and

STATE OF NEW MEXICO, *ex rel.*
State Engineer, *et al.*,

    Plaintiffs,

v.                                                                               69cv07939 JEC (ACE)
                                                                               <u>RIO HONDO ADJUDICATION</u>

CELSO ARELLANO, *et al.*,

    Defendants.                                                                           (CONSOLIDATED)

## **<u>Memorandum Opinion and Order</u>**

THIS MATTER is a part of the general stream adjudication of water rights of the Rio Pueblo de Taos and the Rio Hondo. It is before the Court on the May 9, 1991 Alternative Motions to Strike or to Abstain (Docket No. 2031) ("motions") filed by the Acequia Madre del Llano Community Ditch Association, the Acequia de la Plaza Community Ditch Association and the Atalaya Community Ditch Association ("Arroyo Hondo Ditches"). Having considered the motion, related pleadings, and relevant law, having made a *de novo* review of the matter, and being otherwise fully advised, I FIND and CONCLUDE

that the Special Master made a *de facto* denial of the motions upon filing his Report and did not err in doing so.

**BACKGROUND.** These motions address issues about the determination of priority dates for water rights claims on the Rio Hondo. Over the years, the Court has entered subfile orders for individual claims on the Rio Hondo. Some of these include priority dates and many do not. The State and certain ditches have also entered into and filed ditch agreements which set forth ditch-wide priorities.

On July 19, 1976, the Court entered an Order (No. 914) setting a hearing for consideration of "*inter se* objections and partial final judgment" disposing of water rights claims in the Rio Hondo stream system. Order at p. 2. Thereafter, the Arroyo Hondo Ditches filed *inter se* objections (No. 919) to the priorities of certain Rio Hondo ditches which predated their own priority of 1815. On September 10, 1976, the Court entered a "Partial Final Decree" (No. 922) which recognized prior orders but which also contained the following language:

> ...7. The Court retains jurisdiction of this cause until further order, for the purpose of enforcing the provisions of this decree and entering such supplementary orders as may be necessary for the enforcement, modification and correction of this Decree and the orders heretofore entered.

1976 Decree at page 4.

After entry of the 1976 Decree, the Arroyo Hondo Ditches pursued negotiations with other ditches to resolve their *inter se* claims. On September 21, 1977, the negotiating ditches and the State filed a stipulation (No. 983) which reset priorities for most of the ditches in the system. The Court adopted the stipulation by Order (No. 1319) on February 7, 1978. The ditches and the State filed a second stipulation

(No. 1317) on February 6, 1978 which set priorities for two additional ditches, the Canoncito North Ditch and the Canoncito South Ditch. The Court did not act on the second stipulation.

In 1985, the Court appointed Special Master Zinn to the case and, in the March 24, 1986 Pretrial Order (No. 1480), gave him the authority to review all previously entered partial final judgments. Pretrial Order at 4.

The Special Master reopened consideration of the Rio Hondo priorities. During evidentiary hearings in November 1990, he heard testimony on water rights priorities including those set forth in the 1976 Rio Hondo Decree and 1978 Order. In 1991, the Ditches filed the alternative motions to strike or to abstain. No action was ever taken on them. On July 23, 1992, the Special Master filed his Report (No. 2143) regarding customs and priorities for water rights claims throughout the Taos adjudication area. His recommendations for Rio Hondo priorities differed from those set forth in the 1976 Decree and subsequent stipulations. Thereafter, the Ditches objected to the Rio Hondo priority recommendations and further pursued the arguments raised in their motions.

**LEGAL STANDARDS.**

The term 'judgment' as used in the Federal Rules of Civil Procedure includes a decree or any order from which an appeal lies. Fed.R.Civ.Proc. 54(a).

> When more than one claim or party is involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon the express determination that there is no just reason for delay <u>and</u> upon an express direction for the entry of judgment.* Without that determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and/or liabilities of fewer than all the parties, shall not terminate the action as to any of them, and the decision is subject to revision at any time before a final judgment is entered.

Fed.R.Civ.Proc. 54(b). Italics added for emphasis.

**DISCUSSION.**

In their motions, the Arroyo Hondo Ditches request the Special Master to strike the evidence heard in November 1990 on their priorities and to confirm the priorities as adjudicated by February 8, 1978. In the alternative, they request the Special Master to abstain from finally determining their priorities until the New Mexico state courts resolve the issue of finality of subfile orders in local water rights adjudications.

The Special Master did not abstain. The New Mexico state courts resolved the finality issue for water adjudications filed in state court in New Mexico *ex rel.* Martinez v. Parker Townsend Ranch Co., 887 P.2d 1254 (N.M. Ct. App. Dec. 1992) as modified by New Mexico *ex rel.* Martinez v. Parker Townsend Ranch Co., 887 P.2d 1247 (N.M. 1994). Four months prior to the entry of the Court of Appeals decision, the Master filed his 1992 Report.

In their motion to strike, the Ditches argue that since their rights were final as of February 8, 1978, the Special Master should not reconsider their priorities and should set aside all related evidence from the November 1990 hearings. He disregarded this motion. Atalaya Ditch asserts that he thus erred.

The issue of subfile order and/or partial decree finality has been addressed by other courts in this District. The Aamodt court reviewed a claim involving the finality of domestic well subfile orders. It held that the finality of orders is a procedural issue, and that therefore, the federal rules of procedure are applicable to the determination, not the state rules of civil procedure. New Mexico *ex rel.* State Engineer v. R. Lee Aamodt, *et al.*, 66cv06639, March 2, 1994 Memorandum Opinion and Order (4299) at pages 3-4, citing the Rules Enabling Act, 28 U.S.C. §2072 (1988 & Supp. II 1990); Fed. R. Civ. Proc. 1;

4

Hanna v. Plumer, 380 U.S. 460, 464, 469-71 (1965); Stewart Organization v. Ricoh Corp., 487 U.S. 22, 27 (1988); Kitchens v. Bryan County Nat'l. Bank, 825 F.2d 248, 255 (10th Cir. 1987). The court also held that the final adjudication of domestic well claims would not occur until after a) the rights had been specifically quantified, b) *inter se* challenges had been resolved, and c) a final or partial final decree with appropriate language had been entered. Finally, it held that orders involving fewer than all parties or fewer than all issues are not final unless they contain the express determination that there is no just reason for delay and an express direction for the entry of judgment as required under Fed. R. Civ. Proc. 54(b) and that these interlocutory orders may be revised at any time. Aamodt 1994 Opinion at pages 3-4.

In the Molycorp case, the court addressed the question of whether a subfile order, a second order, and a partial final decree were final. It held that under the Rules, an decision is interlocutory, regardless of its title, unless it adjudicates all claims for all parties or is certified as final under Rule 54(b). Since claims addressed in these Molycorp decisions were still subject to *inter se* challenges, the court had retained jurisdiction to correct mistakes or omissions in the decree, and none of the decisions had been certified as final, the court held that the three decisions were interlocutory. New Mexico v. Molycorp, *et al.*, 72cv09780 Memorandum Opinion and Order filed March 29, 1999 (No. 2600) at pages 4-5.

In the instance before me, the 1976 Decree and the 1978 Order are not final, whether considered separately or together. First, they neither adjudicate all the rights in the Taos adjudication nor contain the required Rule 54(b) language. Second, individuals were not given a full opportunity adjudicate their priorities. Third, the Court retained jurisdiction to modify and to correct the Rio Hondo Decree. Entry of the 1978 Order modifying the 1976 Decree does not alter that jurisdiction. Fourth, the Court granted the Special Master the authority to reexamine prior decrees and orders in the 1986 Pretrial Order. In fact, the

Court continues to correct and to modify the Rio Hondo rights through the Errors and Omissions process, pursuant to the request of the parties.

I FIND that the Special Master made a *de facto* denial of the both the motions to abstain and to strike evidence when he filed his recommendations in 1992. I CONCLUDE that he did not err in doing so.

                                              /electronic signature/
                                     JOHN EDWARDS CONWAY
                       SENIOR UNITED STATES DISTRICT JUDGE