**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

STATE OF NEW MEXICO, *ex rel.*
State Engineer, *et al.,*

        Plaintiffs,

v.                                                                                69cv07896 JEC-ACE
                                                              RIO PUEBLO DE TAOS ADJUDICATION

EDUARDO ABEYTA, *et al.,*

        Defendants.

and

STATE OF NEW MEXICO, *ex rel.*                                          69cv07939 JEC
State Engineer, *et al.,*                                        RIO HONDO ADJUDICATION

        Plaintiffs,

v.                                                                                (CONSOLIDATED)

CELSO ARELLANO, *et al.,*

        Defendants.


**MEMORANDUM OPINION AND ORDER**

       THIS MATTER is a part of the consolidated, general adjudication of all water rights

in the Rio Pueblo de Taos and Rio Hondo stream systems initiated under N.M. Stat. Ann.

§72-4-15.  It is before me on the State of New Mexico's August 5, 1993 motion to adopt

(Docket No. 2149) the Special Master's July 23, 1993 Report (No. 2143) regarding non-

Pueblo priorities and customs.  Since the Special Master's Report is complex, a series of

opinions and orders will be entered to dispose of it.[1] This Opinion addresses priorities for ditches which did not file objections to the State's offer and provides guidance furthering the adjudication of certain ditch and subfile priority matters, some of which were not covered in the State's offer.

Having considered the State's motion, having made a *de novo* review of the law and pertinent parts of the record and being otherwise fully advised in the premises, I find that a) the State's motion to adopt the Report, in full, should be DENIED; b) certain of the Special Master's recommendations on priority should be SET ASIDE; c) certain priority dates offered by the State in its 1989 individualized Notices of Order to Show Cause, documented by the relevant Certificates of Service, should be CONFIRMED; d) certain matters should RECEIVE further direction to move the adjudication of priorities ahead; and e) certain matters should be REMANDED to the Special Master.

**Procedural History:**  Under New Mexico water adjudication statutes, the element of priority must be determined for each water right. N.M. Stat. Ann. §72-4-19 (1997 Repl.). When former Special Master Zinn was appointed to this case, he found that all water right elements, except priority, had already been determined for each subfile. March 24, 1986 Pretrial Order (No. 1480) at p. 2. To complete the adjudication of these rights, he required the State to develop the necessary priority evidence. May 20, 1987 Special Master's

---

[1] Prior entries related to this Report include the November 29, 2001 Amended Order (No. 2867) (adopting certain parties' stipulation on customs and setting forth history of customs matter to date); December 12, 2001 Memorandum Opinion and Order (No. 2874) (special master made a defacto denial of Hondo Acequias May 9, 1991 motion to strike or abstain and he did not err in doing so); and the May 13, 2002 Memorandum Opinion and Order (No. 3026) (ruling on the Pueblo's objections to the Report).

Supplement to the Pretrial Order (No. 1528) at p. 4. The State approached this task on a ditch-wide basis and the Special Master proceeded in a similar manner in his Report.

After conducting its research, the State filed its August 17, 1989 motion (No. 1628) for an order directed to the non-Pueblo claimants to show cause why "provisional judgment, subject to *inter se* claims of other parties, should not be entered, declaring their water rights [priority] to be as found in the historical studies." *Id.* at p. 2. Bracketed text added. The Order to Show Cause was entered (No. 1641) on September 11, 1989. On the same day, the State filed a "template" of the notice of order to show cause, individualized versions of which would be sent to each claimant (No. 1638). The template's elements included claimant's name, subfile number, ditch name and offered ditch-wide priority date. In pertinent part, the template language states:

> "...[The State] has asked the Court to enter a provisional order declaring your water rights priority date as noted above, subject to any *inter se* claims of other parties to this adjudication.

> If you agree with this date, you do not need to take any action, and the Court's order will be entered.

> If you object to this date and want to offer proof of an earlier date, you must file an objection with the Court in writing within thirty (30) days after the date in the lower left corner of this notice. If you file a timely objection, a hearing will be set and you will receive notice of the date of the court hearing on your objection...". Bracketed text added.

The State mailed the Order to Show Cause with the template to counsel of record on September 11, 1989. Certificate of Service (No. 1637). It then produced individualized Notices from the template and served each of them on the appropriate claimant(s). Certificates of Service. (Nos. 1645, 1646, 1649, 1651, 1680, 1717, 1871 and 3029).

These Notices were not filed with the court.  Instead, the State filed Certificates of Service with attached lists of noticed claimants and their pertinent water right elements. *Id.*  In all, the State served three thousand, three hundred and one (3,301) notices of order to show cause.  Four hundred, twenty-one (421) claimants who could not be reached by mail were served by publication. January 31, 1990 Certificate of Service (No. 1887).

After being served, one hundred and sixteen (116) individuals and forty-five (45) acequias filed objections to the ditch-wide priority dates offered.  Most of the objections filed by individuals contained the following language: "... this Defendant authorizes and appoints its acequia, [ditch name] to represent this Defendant in the matter of proving the correct priority date of these concerned water rights." *E.g.,* November 8, 1989 Objection to Order to Show Cause (No. 1824); Bracketed text added.  At the Special Master's 1990 hearings on the objections, the acequias presented the bulk of the evidence.  A few individuals also presented evidence. November 26-29, 1990 Transcripts.  In July 1993, the Special Master filed his Report.  Thereafter, some acequias, but no individual claimants, filed objections to his recommendations.

On August 5, 1993, the State filed its motion to adopt the Special Master's Report in full.  I denied the motion in my May 2002 Opinion and clarified procedures for determining individual priorities in this case[2].

---

[2] First, the ditch-wide priorities are recommended by the State.  Second, the ditch-wide dates are applied to each subfile.  Third, the claimant may seek an earlier date through evidence presented at the objections phase.  Fourth, other parties may pursue a later date for any subfile during the *inter se* phase. May 2002 Opinion at pp. 9-10.

4

**Discussion:**  This Opinion denies the State's motion to adopt and addresses the Special Master's priority recommendations for ditches which did not object to the dates found in the individualized Notices of Order to Show Cause.  It also provides guidance to the Special Master regarding matters remanded to her. Fed.R.Civ.Proc.53(e)(2).

1. **State's Motion to Adopt:**  The State requests that I adopt the Special Master's 1993 Report in full.  Since I have found that more than one Opinion is necessary to fully dispose of the Report and since I decline to adopt every one of the Special Master's recommendations, the motion is denied.

2.  **Recommendations Set Aside:**  The Special Master's ditch-wide recommendations for the following are set aside and the priorities listed below are adopted:

a.  <u>No Ditch Objected to Individual Notices</u>:  Each Notice described the approved procedure for determining priority.  The procedure stated that if no objection was filed to the priority set forth in the individualized Notice, an order would be entered adopting it.

I confirm these instructions.  For each of the ditches listed in the tables below, the objecting defendants requested that the ditch represent their rights.  None of these ditches filed objections to the dates in the Notices and, therefore, they were not before the Special Master.  In the place of the Special Master's 1993 ditch-wide recommendations, I confirm ditch-wide priority dates as reflected in the Notices, except as to subfiles noted in paragraphs i-iii.

Pueblo Hydrographic Survey Section:

| Ditch Name | Priority Date |
|---|---|
| Acequia de la Otra Banda | 1907-03-18 |
| Acequia de los Alamitos | 1834 |
| Acequia de los Archuletas | 1800 |
| Acequia de los Lovatos | 1715 |
| Acequia del Medio del Prado | 1730 |
| Acequia la Loma Abajo | 1800 |
| Acequia Madre del Prado | 1730 |
| Acequia Madre del Pueblo | 1797 |
| Alamitos Ditch [Source: Rio Fernando de Taos] | 1835 |
| Anderson Ditch | 1830 |
| Cortez and Sisneros Ditch | 1805 |
| Dan Archuleta Ditch | 1907-03-18 |
| Graham No. 1 Ditch | 1907-03-18 |
| Graham No. 2 Ditch | 1907-03-18 |
| Jose Venito Martinez Ditch | 1830 |
| Juan Manuel Lucero & Manuel Andres Trujillo | 1829 |
| Juan Manuel Lucero Community Ditch | 1831 |
| Manuel Andres Trujillo Ditch | 1829 |
| McCarthy Ditch | 1907-03-18 |
| San Francisco de Assisi Ditch | 1750 |
| Spring Ditch | 1800 |
| Vigil and Romo Ditch | 1890 |

Grande Hydrographic Survey Section

| Ditch Name | Priority Date |
|---|---|
| Acequia Antonio Maria Graham | 1760 |
| Talpa Reservoir Ditch | 1760 |

Hondo Hydrographic Survey Section

| Ditch Name | Priority Date |
|---|---|
| Acequia de la Plaza | 1815 |
| Canoncito North Ditch | 1823 |
| Canoncito South Ditch | 1823 |
| Des Montes Ditch | 1815 |
| Rebalse Ditch | 1815 |

Since the Special Master's recommendations are set aside, the objections to the Special

Master's Report of Acequia Madre del Prado and Acequia Medio del Prado of the Pueblo

6

Section, and, the Des Montes and Rebalse Ditches of the Hondo Section are rendered moot and they are, therefore, set aside.

i. Certain Pre-Water Code Subfile Priorities: In certain instances, the individualized Notices contained the date of 1907. I find, however, that a refinement of the date is necessary. On March 19, 1907, the New Mexico territorial legislature adopted its first Water Code. Ch. 49, Laws of 1907; May v. Torres, 86 N.M. 62, 519 P.2d 298, 300 (1974). Thereafter, all valid surface water rights had to be permitted by the State Engineer. A party who initiated a water right before that date, however, was not required to seek a permit from the Engineer. *Id;* N.M.S.A. 1978 §72-9-1 (specifically protecting rights initiated prior to March 19, 1907).

There is no evidence in the record suggesting that the State Engineer permitted any of the rights listed in the Notices. Since a subfile order has been entered for each of the rights served by the 1907 ditches listed in the <u>Pueblo Hydrographic Survey Section</u> table above, I conclude that they are valid rights, subject to *inter se* challenges. In order for a 1907 right to be valid under these circumstances, it must have been initiated no later than March 18, 1907, the day before the Water Code took effect. To clarify the status of these rights, I assign March 18, 1907 as their priority.

ii. Previously Denied Rights: In certain instances, the State sent Notices for claims which had previously been denied water rights. The Special Master then recommended ditch-wide priorities without excluding these denied water rights. Since no priority is

required for a subfile that has no right, I assign 'None' as the priority for the subfiles listed

below.

| Section | Ditch Name | Subfile |
|---|---|---|
| Grande | Talpa Reservoir Ditch | 1.08.26 |
| Grande | Talpa Reservoir Ditch | 1.11.236 |
| Hondo | Des Montes Ditch | 7.56 |
| Hondo | Des Montes Ditch | 7.57 |
| Hondo | Des Montes Ditch | 7.58 |
| Hondo | Hawk Ditch | 10.1 (23.2 acre portion) |
| Pueblo | Acequia Madre del Pueblo | 14.183 |
| Pueblo | Acequia Madre del Pueblo | 14.32 |
| Pueblo | Acequia Madre del Pueblo | 14.32A |
| Pueblo | Acequia Madre del Pueblo | 14.32B |
| Pueblo | Acequia Madre del Pueblo | 14.32C |
| Pueblo | Acequia Madre del Pueblo | 14.32D |
| Pueblo | Acequia Madre del Pueblo | 14.32E |
| Pueblo | Acequia Madre del Pueblo | 21.144 |
| Pueblo | Jose Venito Martinez Ditch | 17.39A |
| Pueblo | Jose Venito Martinez Ditch | 17.40A |
| Pueblo | Jose Venito Martinez Ditch | 17.41A |
| Pueblo | Jose Venito Martinez Ditch | 18.12 |
| Pueblo | Jose Venito Martinez Ditch | 18.13 |
| Pueblo | Jose Venito Martinez Ditch | 18.14 |
| Pueblo | Thomas Tarleton Ditch | 5.3 |
| Pueblo | Thomas Tarleton Ditch | 6.3 |

iii.  Subfiles Remanded to the Special Master:  Certain of subfiles are remanded to

the   Special   Master   for   further   investigation   and   action   as   necessary.

Fed.R.Civ.Proc.53(e)(2).

Omitted Subfiles:  The subfiles listed below were inadvertently omitted from the

Notice process.  This process must be completed.

| Section | Ditch Name | Subfile |
|---|---|---|
| Grande | Acequia Antonio Maria Graham | 1.11.204 |
| Grande | Talpa Reservoir Ditch | 1.08.24 |
| Grande | Talpa Reservoir Ditch | 1.11.281A |
| Hondo | Canoncito South Ditch | 6.18 |
| Hondo | Des Montes Ditch | 2.75 |
| Hondo | Rebalse Ditch | 2.54 |

| Hondo | Rebalse Ditch | 5.4 |

Subfile 8.9:  On May 15, 1975, the Court vacated (No. 753.013) the December 19, 1973 default subfile order (No. 442.030) for Subfile 8.9 served by Juan Manuel Lucero Community Ditch of the Pueblo Section.  No other order was entered.  Subsequently, Amanda Martinez, the 1989 owner of this subfile, received a Notice offering a priority date.  The status of this right must be investigated further.

Subfile 14.1A:  On May 24, 1974, the Court vacated (No. 495.006) the June 19, 1972 subfile Order (No. 352.053) for Subfile 14.1A served by the Acequia Madre del Pueblo of the Pueblo Section.  No other order has been entered.  Subsequently, Edwin C. Lineberry, the 1989 owner of this subfile, received a Notice offering a priority date.  The status of this right must be investigated further.

Subfile 12.46: The water right described by Subfile 12.46 served by the Acequia del Medio del Prado of the Pueblo Section is not an irrigation right, but rather, a recreational water right to a series of four ponds.  The Court entered its November 9, 1973 default subfile Order (No. 435.001) recognizing the recreational status of these ponds and determining a different priority date for each pond, one of which corresponds to the ditch priority date.  The Notice offers an entirely different ditch date.  The status of priority for all four ponds needs further clarification.

Subfile 17.88B:  Teresa V. Lopez, 1989 owner of Subfile 17.88B served by the Vigil and Romo Ditch of the Pueblo Section, objected (No. 1822) on November 7, 1989 to the priority date offered in the Notice.  Ms. Lopez did not request representation from her

ditch association in this matter and her objection was never heard.  Therefore, her objection must be heard in the first instance.

   b.   <u>Recommendations on Excluded Ditches</u>:   The Special Master's ditch-wide priority recommendations for the following are set aside because they addressed the priority of ditches that were excluded from the Notice process.   The priorities listed in paragraphs i-iii are adopted and the matter addressed in paragraph iv is remanded to the Special Master:

   i.  Cuchilla Ditch:  The record contains no evidence of any subfiles being served by the Cuchilla Ditch of the Hondo Section above the point at which it joins other ditches. Therefore, no priority is assigned that portion of the Ditch.

   ii.  Gallina Ditch:  The record contains a January 30, 1975 Subfile Order (No. 642.054) for subfile 11.1 on the Gallina Ditch of the Hondo Section.  This subfile is the only claim on the ditch.  The Order establishes the priority date as March 18, 1893.  This date is confirmed for the Ditch and for the subfile it serves.

   iii.  Hawk Ditch:  The record contains subfile Orders[3] for each of the four subfiles on the Hawk Ditch of the Hondo Section.  The Orders for subfiles 10.2, 10.3, and 10.4 establish a priority date of 1887 for each right.  The Order for subfile 10.1 establishes a priority date of 1887 for 72 acres and denies a water right for the remaining 23.2 acres.  The

---

[3] Subfile 10.1: June 12, 1970 subfile Order (No. 196.032)
Subfile 10.2: June 19, 1972 subfile Order (No. 352.008)
Subfile 10.3: January 31, 1975 default subfile Order (No. 644.009)
Subfile 10.4: June 12, 1970 subfile Order (No. 196.034)

priority date of 1887 is confirmed for subfiles 10.2, 10.3, and 10.4 and for the 72-acre portion of subfile 10.1.  The 23.2-acre portion of subfile 10.1, previously denied a water right, is determined to have a priority of "None".

iv.  Washam Ditch:  The record contains a September 2, 1970 subfile Order (No. 214.368) for Subfile 1.27A, on Washam Ditch of the Hondo Section.  This subfile is the only claim on the Ditch.  The Order does not include a priority date.  This priority must be determined in the first instance.

IT IS SO ORDERED.

I will issue individual subfile orders confirming priorities established by this Opinion at a later date.

_____/electronic signature/_____
JOHN EDWARDS CONWAY
UNITED STATES DISTRICT JUDGE