# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer, *et al.*,

        Plaintiffs,

v.

EDUARDO ABEYTA, *et al.,* and
CELSO ARELLANO, *et al.,*

        Defendants.

69cv07896 BB-ACE
RIO TAOS ADJUDICATION

69cv07939 BB-ACE
RIO HONDO ADJUDICATION

(CONSOLIDATED)

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Third Supplemental Status Report, (Doc. No. 4616, filed May 6, 2005), which includes a copy of the Rio Hondo Administration for 2005 and 2006 Interim Shortage Sharing Agreement ("Interim Agreement") for the acequias in the communities of Des Montes, Valdez and Arroyo Hondo.

In 1993, Special Master Zinn entered his report, (Doc. No. 2143), with findings and recommendations for priority dates for acequias in the Taos Valley, including those acequias in the communities of Des Montes, Valdez and Arroyo Hondo, which are located adjacent to the Rio Hondo. Some of the Parties have objected to Special Master Zinn's Report and requested a stay of proceedings on the Rio Hondo priorities to allow those Parties to negotiate a water-sharing agreement. (*See* Doc. No. 4507, filed June 15, 2004). The Parties recently entered into the Interim Shortage Sharing Agreement for the years 2005 and 2006.

The Interim Agreement does not indicate when a final, permanent shortage sharing agreement will be executed. The Interim Agreement, at § 7 on page 5, indicates the parties will negotiate a

revised agreement by January 1, 2007. The Parties provide no assurance that the revised agreement will be permanent rather than interim. The Court's approval of the Interim Agreement would essentially stay proceedings on the Rio Hondo priorities until at least January 1, 2007.

Furthermore, the Interim Agreement does not explain the basis for allocating unequal duties of water for the three communities during drought. Nor does it justify why the community of Valdez may, under certain circumstances, be entitled to more water than is necessary for its actual use. The Interim Agreement divides the available water supply in the Rio Hondo equally between the three communities without prorating the available supply by the amount of irrigated acreage in each of the three communities. Consequently, during a shortage, the three communities will not, under the Interim Agreement, be entitled to equal duties of water. And, it appears that under some circumstances such as a mild shortage, the Interim Agreement would allow the community of Valdez to divert more water than necessary to meet its annual consumptive irrigation requirement. A person is not entitled to receive more water than is necessary for his actual use. *Jicarilla Apache Tribe v. United States*, 657 F.2d 1126, 1134 (10th Cir. 1981).

The Court is not persuaded that the Parties can reach a final negotiated settlement without significant revision to the Interim Agreement. The issue of priorities on the Rio Hondo has been pending since 1993. The Parties, therefore, have had ample opportunity to negotiate a final shortage sharing agreement. The Court has an affirmative duty to ensure that this case is resolved without undue delay. *See* Fed. R. Civ. P. 1 advisory committee notes (1993 Amendments). The Court, having reviewed the Interim Agreement, and for the reasons given above, finds no justification for extending the stay on resolution of the objections to Special Master Zinn's report on Rio Hondo

priorities to January 1, 2007, or later. The Court recognizes that the Parties, having now heard the Court's concerns regarding the Interim Agreement, may, with some additional time, be able to negotiate a final shortage sharing agreement. Accordingly, the stay of proceedings on Rio Hondo priorities shall expire on January 31, 2006. The Court will then enter an opinion regarding the Rio Hondo priorities recommended in the Special Master's Report (Doc. No. 2143, filed July 23, 1993). The Parties will then be permitted to request clarification and reconsideration on any of the Opinions disposing of the Special Master's Report. (*See* Order, Doc. No. 3174, filed May 16, 2003).

**IT IS SO ORDERED.**

                                        **BRUCE D. BLACK**
                                        **UNITED STATES DISTRICT JUDGE**