# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer, *et al.,*

      Plaintiffs,

v.

EDUARDO ABEYTA, *et al.,* and
CELSO ARELLANO, *et al.,*

      Defendants.

69cv07896 BB-ACE
RIO TAOS ADJUDICATION

69cv07939 BB-ACE
RIO HONDO ADJUDICATION

(CONSOLIDATED)

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Acequia Madre del Norte del Canon's and the Acequia Madre del Sur del Canon's, ("the Acequias"), Motion for Reconsideration (Doc. No. 4717, filed December 16, 2005). For the reasons stated below, the Court shall **DENY** the Motion.

On November 18, 2005, the Court entered its Memorandum Opinion and Order, ("Mem. Op. and Order," Doc. No. 4701), regarding objections to the priority dates in the July 23, 1993, Special Master's Report, (Doc. No. 2143). In its Opinion, the Court found "the most persuasive evidence supports 1796 as the priority date for the [Acequias]." (Mem. Op. and Order at 14).

In their Motion, the Acequias ask the Court to reconsider their priority date because "the Court did not mention [in its Opinion] and perhaps did not fully consider the evidence presented at the trial before the Special Master which supported the alternative priority date of 1760." (Doc. No. 4717, filed December 16, 2005 at 2; *see also* Reply, Doc. No. 4719, filed January 3, 2006, (the Court did not address and, therefore, "misapprehended" the Acequias' argument for a 1760 priority). The

Acequias underestimate the thoroughness of the Court's *de novo* review of their objections to the Special Master's Report.

The Court did review the Acequias' objections and their briefs containing their arguments for a priority date of 1760.  (*See* Mem. Op. and Order at 4).  The Court also reviewed the 906 pages of transcript and 185 exhibits from the five-day hearing before the Special Master.  (*See Id.*).  The Court noted in its Opinion that "[t]he State's Expert did not find any evidence to support the 1760 priority date claimed by the [Acequias] in their declarations of water rights.  (Tr. at 757)." (*Id.* at 14). Because the Acequias demonstrate no extraordinary circumstances to do so, the Court will not reconsider that portion of its Opinion adjudicating a priority date of 1796 to the Acequias.  *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988) (although a court has the power to revisit its prior decisions, "as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice'").

**IT IS SO ORDERED.**

                                        **BRUCE D. BLACK**
                                        **UNITED STATES DISTRICT JUDGE**