IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer, *et al.,*

       Plaintiffs,                                  69cv07896 BB-ACE
                                                           RIO TAOS ADJUDICATION

v.

                                                           69cv07939 BB-ACE
EDUARDO ABEYTA, *et al.,* and                RIO HONDO ADJUDICATION
CELSO ARELLANO, *et al.,*

                                                           (CONSOLIDATED)

       Defendants.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on Alfred Trujillo's Request for Reconsideration on Court's Order Adopting Location Description Information for Irrigated Acreage (Doc. No. 4899, filed February 1, 2007) ("Motion"). For the reasons stated below, the Court will **GRANT in part** and **DENY in part** Mr. Trujillo's Motion.

      On January 9, 2007, the Court entered an order, (Doc. No. 4882), adopting location description information for irrigated acreage. The location information includes, among other things, a Grant Code indicating in which land grant the irrigated acreage is located.

      Mr. Trujillo states "Grant information may be helpful in identifying irrigated acreage in individual subfile orders, but accurate grant information is critical in the overall adjudication in identifying true settlement patterns and establishing true priority dates." (Motion at 3). He argues that the grant boundaries shown on the hydrographic survey maps are incorrect. (*Id.* at 3-4). Mr. Trujillo then asks the Court to: (1) not use any grant descriptions in identifying irrigated acreage, (2) not make "any grant identification/corrections until any and all proceedings of a historical nature

have been properly addressed whereby defendants in this adjudication have a better sense of what goes in their subfile," (3) attach "a disclaimer to each subfile stating the grant descriptions are used strictly for identifying irrigated acreage using map lines which have little or no basis in fact," or (4) omit any reference to the Antoine Leroux Grant from his subfile. (*Id.* at 5).

No party filed a response in opposition to Mr. Trujillo's motion.

The Court agrees that the grant boundaries shown on the hydrographic survey map will be useful in identifying irrigated acreage locations. The Court will, therefore, deny Mr. Trujillo's requests to not use any grant descriptions in identifying irrigated acreage or to omit any reference to the Antoine Leroux Grant from his subfile.

Mr. Trujillo argues that incorrect grant boundaries will lead to incorrect priority date determinations. (*See* Motion at 3, 5). Determining legal descriptions for grant boundaries is outside the scope of this case. *See* N.M.S.A. § 72-4-19 (final decree shall declare the priority, amount, purpose, periods and place of use for each water right). Before the Court enters its final decree in this case, each claimant will have had the opportunity to present evidence regarding the priority date of their water right. Accordingly, the Court will deny Mr. Trujillo's request to not make any grant identifications/corrections until after further proceedings as moot.

The Court will grant in part and deny in part Mr. Trujillo's request to attach a disclaimer to each subfile stating the grant descriptions are used strictly for identifying irrigated acreage using map lines which have little or no basis in fact. The sole purpose of the Court's use of grant codes in the individual subfile orders is to describe the location of irrigated acreage with respect to the grant boundaries shown on the hydrographic survey maps. The final decree adjudicating all water rights

2

will incorporate by reference all previously filed orders, such as this one, affecting each water right. Consequently, the Court will not attach a disclaimer to each subfile.

**IT IS, THEREFORE, ORDERED** that the grant information set forth in the Court's January 9, 2007, Order Adopting Location Description Information for Irrigated Acreage (Doc. No. 4882) is employed only for the purpose of locating irrigated acreage with respect to the grant boundaries shown on the hydrographic survey maps.

                                                  **BRUCE D. BLACK**
                                                  **UNITED STATES DISTRICT JUDGE**