## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer, *et al.,*

          Plaintiffs,

v.

EDUARDO ABEYTA, *et al.,* and
CELSO ARELLANO, *et al.,*

          Defendants.

69cv07896 BB-ACE
RIO TAOS ADJUDICATION

69cv07939 BB-ACE
RIO HONDO ADJUDICATION

(CONSOLIDATED)


## MEMORANDUM OPINION AND ORDER


**THIS MATTER** comes before the Court on the Rio Hondo Acequias' and State's Joint

Motion Proposing Procedure to Adopt Stipulated Priorities (Doc. No. 4922, filed April 2, 2007,

"Joint Motion").  For the reasons given below, the Court will **GRANT in part** and **DENY in part**

the Joint Motion.

**Background**

The Court must determine the priority for each water right.  *See* NMSA 1978 § 72-4-19

(1997 Repl. Pamp.).  To make those determinations in this case, historically the Court implemented

a specific procedure.  After the State Engineer notified each claimant of the State Engineer's

evidence of earliest first use of water on each ditch, the individual claimants and ditch associations

had the opportunity to prove earlier dates before Special Master Zinn.  (*See* Memorandum Opinion

and Order at 10 (Doc. No. 3026, filed May 13, 2002) (Conway, J.); *see also* Memorandum Opinion

and Order at 2, (Doc. No. 4419, filed February 19, 2004) (Black, J.)).  The Court adopted the ditch-

wide priority dates for those ditches that did not object to the State Engineer's evidence of earliest

first use.  (*See* Memorandum Opinion and Order at 5-6 (Doc. No. 3026, filed May 13, 2002) (Conway, J.)).  Special Master Zinn heard evidence from those claimants and ditch associations that objected to the State Engineer's notice of earliest first use and filed his findings regarding date of first appropriation and application to beneficial use.  (*See* Special Master's Report at 19-23, Doc. No. 2143, filed July 23, 1993).  The Court later adopted Special Master Zinn's priority date findings for those ditches that did not object to the Special Master's Report.  (*See* Memorandum Opinion and Order at 2-3, (Doc. No. 4419, filed February 19, 2004) (Black, J.)).  The Court then conducted a *de novo* review and determined the priority dates for 13 ditches that objected to the Special Master's Report.  (*See* Memorandum Opinion and Order, Doc. No. 4701, filed November 18, 2005).  The Court's *de novo* review did not include the Rio Hondo Acequias' objections to the Special Master's Report due to a stay of proceedings on the Rio Hondo priorities.  (*See id.* at 3).  After additional motions and briefing, the Rio Hondo Acequias and the State Engineer filed the Motion currently before the Court.

Movants now seek to have the Court adopt the priorities recommended in the Special Master's Report (Doc. No. 2143, filed July 23, 1993) for ten ditches.  (Joint Motion at 4).  Movants are the State Engineer and the ditch associations for six of the ten ditches.  (*Id.* at 1, 6-7).  The ditch associations for the four non-movant ditches concur with the Joint Motion.  (Doc. No. 4965, filed August 19, 2007).  Movants also ask the Court to adopt their proposed procedure for *inter se* objections to the Rio Hondo priorities.  (Joint Motion at 5).

**Response of the United States and Taos Pueblo**

The United States, acting as Trustee for Taos Pueblo, and Taos Pueblo do not oppose the Joint Motion based upon their presumption that they "retain all of their rights to make at a later date *inter se* objections to any and all elements of the rights to be affected by the procedure sought by

the Joint Motion." (United States' and Taos Pueblo's Response at 2, Doc. No. 4925, filed April 16, 2007). The United States, acting as Trustee for Taos Pueblo, and Taos Pueblo will have an opportunity to make *inter se* objections at a later date.

**Mr. Alfred Trujillo's Opposition to the Joint Motion**

Mr. Alfred Trujillo filed his Opposition to Rio Hondo Acequias and State's Joint Motion Proposing Procedure to Adopt Stipulated Priorities (Doc. No. 4927, filed April 20, 2007, "Trujillo Response"). Several of Mr. Trujillo's comments relate to the *inter se* procedure proposed in the Joint Motion. (Trujillo Response at 2-4, 6). Mr. Trujillo also challenges some of the stipulated priority dates, the State Engineer's method for determining priority dates, and priority date proceedings before Special Master Zinn. (Trujillo Response at 2-4, 6-7). Mr. Trujillo's challenges are essentially *inter se* objections and, therefore, are premature. The Court will not address Mr. Trujillo's comments regarding the proposed *inter se* procedure at this time because the Special Master will establish the appropriate *inter se* procedure. Mr. Trujillo may raise his objections during the upcoming *inter se* phase. (*See* Memorandum Opinion and Order at 10, Doc. No. 3026, filed May 13, 2002) ("claimants have had an opportunity to prove earlier dates during the subfile phase and objectors will have the opportunity to prove later dates during the *inter sese* phase") (Conway, J.)).

Mr. Trujillo notes that Movants stipulated to their priority dates based on a water sharing agreement and states the agreement will not stand the test of time and may unravel with potential priority calls. (Trujillo Response at 5-6). The water sharing agreement between the ditch associations is not currently before this Court because the Rio Hondo Acequias withdrew their request that the Court adopt the agreement. (*See* Rio Hondo Acequias' Motion for Expedited Adjudication of Rio Hondo Priorities, Doc. No. 4872, filed December 1, 2006). The Court then

denied the Rio Hondo Acequias' motion to adopt the agreement as moot.  (Order, Doc. No. 4905, filed February 15, 2007).

**Ditch-wide Priorities**

After an evidentiary hearing, Special Master Zinn made findings of fact as to the date of first beneficial use and recommended priority dates for the ten ditches that are the subject of this opinion. (Special Master Report at 19-20, Doc. No. 2143, filed July 23, 1993).  The Court, noting that some of the ditches were not properly before the Special Master because they did not object to the priority dates determined by the State Engineer, set aside the Special Master's recommendations for five of the ditches that are the subject of the Joint Motion and adopted the priority dates determined by the State Engineer.  (Memorandum Opinion and Order at 3-6, Doc. No. 3102, filed February 21, 2003, "2003 Court Order") (Conway, J.).  The Acequia de Atalaya, (Doc. No. 2144, filed July 29, 1993) and the Valdez Acequias, La Acequia de San Antonio and La Acequia de Los Prandos (Doc. No. 2153, filed August 5, 1993) filed objections to the Special Master's Report.

The Joint Motion asks the Court to adopt the Special Master's recommendations for all the Rio Hondo Acequias and lists the proposed priority dates.  (Joint Motion at 4-5).  However, the dates in the proposed list differ somewhat from the Special Master's recommendations as shown in the following table:

|  | Special Master Recommendation | 2003 Court Order | Joint Motion Request |
|---|---|---|---|
| Arroyo Hondo Ditches |  |  |  |
| Acequia de Atalaya | 8-25-1825 |  | 1825 |
| Acequia Madre del Llano | 4-2-1815 |  | April 1815 |
| Acequia de la Plaza | 4-2-1815 | 1815 | April 1815 |

Valdez Ditches

| | | | |
|---|---|---|---|
| Acequia de San Antonio | 5-27-1823 | | 1823 |
| Prando Ditch | 5-27-1823 | | 1823 |
| Cañoncito North Ditch | 5-27-1823 | 1823 | 1823 |
| Cañoncito South Ditch | 5-27-1823 | 1823 | 1823 |

Cuchilla Ditches

| | | | |
|---|---|---|---|
| Des Montes Ditch (6 surcos) | 8-7-1815 | 1815 | August 1815 |
| Des Montes Ditch (remainder) | 7-27-1829 | | 1829 |
| Rebalse Ditch | 8-7-1815 | 1815 | August 1815 |
| Mariposa Ditch | 8-7-1815 | | August 1815 |

The Motion and the Special Master's Report indicate that the Des Montes Ditch has two priority dates: August 1815 for the first "6 surcos" of water and 1829 for the remainder. The Movants have not defined the quantity "6 surcos." The Movants and the Concurring Acequias shall, within 45 days of entry of this Order, file a joint stipulation defining the quantity "6 surcos" and explaining how and where that quantity of water is to be allocated. *See* N.M. Stat. Ann. § 72-4-19 (Final decree shall declare the amount of water use adjudged to each right).

The Court will adopt the priority dates as listed in the Joint Motion on the condition that the Movants and Concurring Acequias define the quantity "6 surcos." Those priority dates, subject to *inter se* proceedings, are:

Arroyo Hondo Ditches

| | |
|---|---|
| Acequia de Atalaya | 1825 |
| Acequia Madre del Llano | April 1815 |
| Acequia de la Plaza | April 1815 |

Valdez Ditches

| | |
|---|---|
| Acequia de San Antonio | 1823 |
| Prando Ditch | 1823 |
| Cañoncito North Ditch | 1823 |
| Cañoncito South Ditch | 1823 |

5

Cuchilla Ditches

| | |
|---|---|
| Des Montes Ditch (6 surcos) | August 1815 |
| Des Montes Ditch (remainder) | 1829 |
| Rebalse Ditch | August 1815 |
| Mariposa Ditch | August 1815 |

**Proposed *Inter Se* Procedure**

The Court will deny that portion of the Joint Motion that requests the Court adopt the Movants' proposed *inter se* procedure.  The Special Master, who will conduct the *inter se* proceedings, will establish the *inter se* procedure.

**Subfile Irrigation Water Rights**

The priority date for each valid subfile irrigation water right is the priority date adopted in this Order for the acequia which serves it.[1]  (*See* Doc. No. 3026, filed May 13, 2002, at 10, "claimants have had an opportunity to prove earlier dates during the subfile phase and objectors will have the opportunity to prove later dates during the *inter sese* phase").  The priority dates adopted in this Order do not apply to individual subfile water right claims previously denied by the Court. All water right claims denied have a priority date of "None."

**Other Subfiles**

The following two groups of subfiles are remanded to the Special Master for further investigation and action as necessary:

1.  Notices of Order to Show Cause were not served for the following subfiles: 2.35A, 2.58B, 7.18A, 7.19A, 7.38B, 7.4A, 7.59, 8.3A, and 8.8A.  Due process requires all who may be bound or affected by a decree are entitled to notice and hearing.  *Reynolds v. Allman*, 427 P.2d 886, 888 (N.M. 1967).

---

[1] The dates adopted do not apply to supplemental irrigation wells or springs.

2.  The claimants for the following subfiles objected to the Notice of Order to Show Cause priority date but were not served with a notice of the date of the court hearing on their objections: 9.55A and 9.32C.  Consequently, the claimants for these subfiles have not been afforded an opportunity to be heard and due process prohibits this Order from having binding impact upon them.

**IT IS SO ORDERED.**

**BRUCE D. BLACK**
**UNITED STATES DISTRICT JUDGE**