IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| STATE OF NEW MEXICO ex rel. ) | |
| STATE ENGINEER and the ) | 69cv07896-BB |
| ) | Rio Pueblo de Taos Adjudication |
| Plaintiffs, ) | |
| ) | 69cv7939 BB |
| vs. ) | Rio Hondo Adjudication |
| ) | (Consolidated) |
| EDUARDO ABEYTA, et al. ) | |
| and CELSO ARELLANO, ) | Rio Pueblo de Taos |
| et al. ) | Upper and Lower Manuel Andres |
| ) | Trujillo Ditches |
| Defendants. ) | |

SPECIAL MASTER'S REPORT AND RECOMMENDATIONS
FOR RESOLVING MATTERS RELEVANT
TO THE UPPER AND LOWER MANUEL ANDRES TRUJILLO DITCHES

THIS Report is before the Special Master pursuant to Fed. R Civ. 53 and recommends disposition of the Motion of the Upper and Lower Manuel Andres Trujillo Community Ditch Associations to Correct Hydrographic Survey and Recognize Prior Decrees Allocating Water Between Them (May 9, 2008, Docket No. 5083), the Addendum to the Motion (May 12, 2008, No. 5084) and the Response to Motion (May 23, 2008, No. 5093) filed by the State of New Mexico, ex rel. State Engineer ("State").

As the Court is aware, the completion of this phase of the adjudication is the Court's first priority among the pending adjudications, and the Court's staff has been working closely with the parties to address questions of the record. Consequently, this Report includes a *sua sponte* recommendation to amend an existing memorandum opinion and order in order to (1) address an apparent confusion in the record regarding the existence of two separate ditches - the Upper Manuel Andres Trujillo Ditch and the Lower Manuel Andres

1

Trujillo Ditch (hereinafter, collectively, as "Upper and Lower Ditches") - and (2) affirm that the priority date for each ditch is 1829.

I. Background

In 1969 the State of New Mexico, ex rel. State Engineer ("State") filed its Hydrographic Survey of the Rio Grande del Rancho, Rio Hondo and Rio Pueblo de Taos Sections of the Rio de Taos stream system and identified a singular "Manuel Andres Trujillo Ditch" (Ditch No. 13 on Key Map 1). In 1989, the State served orders to show cause on the individuals diverting from the "Manuel Andres Trujillo Ditch," offering to recognize an 1829 priority date. (Certificate of Service, filed September 20, 1989, No. 1646.) Subsequently, after hearing evidence of acequia priorities, Special Master Frank Zinn filed a report on priority dates in which he referred to both the Upper and the Lower Manuel Andres Trujillo Ditches and recognized the State's proffered priority date of 1829 for each of them (see pp. 7 and 13, July 23, 1993 Special Master Report, Docket No. 2143). The Court's subsequent Memorandum Opinion and Order which ruled on objections to the 1993 Report, however, established the 1829 priority only for the singular "Manuel Andres Trujillo Ditch" ("2003 Order," February 21, 2003, No. 3102).

Record pleadings have mentioned both the Upper and Lower Ditches. In 2005, for example, the Court approved a *Consent Order Partially Resolving January 17, 2001 Motions to Correct Hydrographic Survey* (March 14, 2005, No. 4602, "2005 Consent Order").[1] The consent order, signed by all parties including counsel for the State, acknowledged that notwithstanding prior pleadings and orders, the Manuel Andres Trujillo Ditch is the

---

[1] The Upper Manuel Andres Trujillo and the Lower Manuel Andres Trujillo filed separate motions seeking corrections to the hydrographic survey (January 17, 2002, Nos. 2957, 2959).

collective term for the two acequias (see Consent Order, footnote 1).

On September 11, 2007, Court staff, attorneys for the State and the Upper and Lower Ditches, and others met and reviewed the maps relevant to the Upper and Lower Manuel Andres Trujillo Ditches. The purpose of the meeting was to identify and label which ditch was the upper and which, the lower. Since then, the existing maps have been edited, based on the meeting and on subsequent field work completed by the State.

The meeting participants and field staff established the following facts. The Upper and Lower Ditches share a common point of diversion from the Arroyo Seco as shown on map sheet 5. The Upper Ditch starts on map sheet 5, at this diversion, and continues through map 6 and onto map 7. On map 7, the Upper Ditch ends and the Lower Ditch begins north of tract 5B. The Lower Ditch continues to map 8, where part of the water is flummed across the Arroyo Seco, north of Tract 1. That water then commingles with the waters of the Juan Manuel Lucero Community Ditch. The main Lower Ditch continues on map 8 and delivers water to one last tract on map 9.

II. Issues

The Motion filed by the Upper and Lower Ditches seeks to: have certain hydrographic survey maps corrected to identify the two acequias; amend individual subfile orders to identify clearly which ditch serves the water rights; and have the Court recognize the prior decrees which allocate water between the acequias. The State objects to the characterization of the hydrographic survey as erroneous, questions the relationship between the Manuel Andres Trujillo Ditch and the current Upper and Lower Ditches, objects to the Upper and Lower Ditches' request to amend existing subfile orders, and urges the Court not to adopt the prior decrees cited by the Ditches.

III. <u>Discussion</u>

    A. Relationship between ditches; amendment of subfile orders

The State asserts that there is no documentary evidence of the relationship between the Upper and Lower Ditches, and the Manuel Andres Trujillo Ditch. The State suggests that this omission is significant because where proposed subfile amendments would change the name of the ditches as listed in existing subfile orders, those amendments would constitute substantive changes pursuant to the Court's June 7, 1995, Order on Procedures for Correcting and Amending Subfile Orders (No. 2337, "Administrative Order"). Such changes require a showing of good cause for the amendments and providing notice to each affected water rights owner. I disagree with the State's analysis.

Paragraph A.1. of the Administrative Order defines clerical, or non-substantive, corrections as "additions to or changes in the elements used to describe a water right that do not affect the nature or extent of that right." Included in the list of examples of non-substantive corrections is "b. standardizing or correcting the spelling of names of acequias, ditches or individual water rights claimants." Paragraph B.1. defines substantive corrections as those which "affect the nature or extent of the right." Included in the list of examples of substantive corrections is "incorrect river or ditch names."

Under the state of the record and the facts presented above, I find that the request to amend existing subfiles to specify which ditch serves a particular tract of land is analogous to a request to correct the spelling of the name of a ditch rather than to a request to change the name of a ditch. Consequently, the change may be made clerically, without a need to provide notice to the water rights claimants.

Related to the matter of the ditch names, and relying on the facts as stated above, I

find that the portion of the Court's 2003 Order which stated the priority date for the "Manuel Andres Trujillo Ditch" most likely was drafted in error. Based on Special Master Zinn's 1993 Report, the 2003 Order should have referred separately to the Upper and Lower Ditches.

B. Correction of 1969 hydrographic survey maps

The Upper and Lower Ditches request that the 1969 hydrographic survey maps be changed to reflect the existence of the two ditches. The State responds that there was no error because the 1969 Rio Pueblo de Taos Hydrographic Survey Report was based on Declaration No. 0932 filed in 1941 by the Manuel Andres Trujillo Ditch Commissioners. I agree with the State's view. In any event, the substance of the Upper and Lower Ditches' request will be realized in the future. The revised hydrographic survey maps which will accompany the final decree will differ substantially in many respects from the 1969 maps because the new maps will reflect the changes and amendments made since 1969 which have been included in orders of the Court throughout the pendency of this case.

C. Prior Decrees

The Upper and Lower Ditches request the Court to "recognize the continuing validity of the prior decrees which allocate water between the two acequias." Motion at 4. The decrees are included in the Addendum to the Motion. Each decree is a "Final Decree" in Taos County No. 2638. The Plaintiffs are the Manuel Andres Trujillo Ditch and various individuals; the Defendants are the Las Colonias Ditch and various individuals. The Upper and Lower Ditches assert that the Las Colonias Ditch, named in the decrees, is now known as the Upper Manuel Andres Trujillo Ditch.

The State responds with two points. First, there is no showing in the record to

5

explain the relationship between the Upper and Lower Ditches and the Los Colonias Ditch; and there is an apparent contradiction between the Upper and Lower Ditches claiming that the label "Manuel Andres Trujillo Ditch" is a collective reference to both.   Second, it is unnecessary and inappropriate for the Court to recognize these decrees because this Court has jurisdiction over the adjudication of water rights, not the allocation of water between two acequias; and neither the State Engineer nor the State were a party to these decrees.

    I find that the Upper and Lower Ditches assert, but otherwise have failed to demonstrate, the relationship between the parties to these decrees.  Further, both decrees spell out the division and timing of water allocated  between the two party ditches, and include other provisions having to do with construction and maintenance of a lateral, as well as provisions regarding the election of ditch commissioners.  One decree goes so far as to permit any landowner to obtain water "from the Arroyo Seco ditch, from the Rebalce [sic] ditch, or from any other source," which ditches are not party to the instant Motion.

    The adjudication of water rights is for the purpose of determining "the water rights adjudged to each party, the priority, amount, purpose, periods and place of use, and as to water used for irrigation,... the specific tracts of land to which it shall be appurtenant..." N.M.S.A.  72-4-19.    New Mexico law also provides that local and community customs, rules and regulations which govern the distribution of water shall be recognized under certain conditions, NMSA 72-9-2.  Under the facts as stated above,  I find there is no basis in law or fact which would permit this Court to "recognize the validity of the decrees" and thus implicitly approve of on the allocation schedules contained therein.  This is  not to say that the allocations and conditions specified in the two decrees are invalid, only that the decrees cannot and should not be incorporated into this adjudication.  The State does not

dispute that the Upper and Lower Ditches presently allocate water between them pursuant to the schedules and terms set out in the decrees. I recommend, therefore, that the Court simply take judicial notice of the decrees. *See,* Meredith v. Beech Aircraft Corp., 18 F.3d 890, 895 (10th Cir. 1994) (judicial notice may be taken "when a judge recognizes the truth of certain facts, which from their nature are not properly the subject of testimony, or which are universally regarded as established by common knowledge. [footnote omitted] The recognition of certain facts by the judge is proper without proof because such facts are not subject to reasonable dispute) . Relevant decisions of courts may be judicially noticed if such proceedings have a direct relation to matters at issue. Opoka v. I.N.S., 94 F.3d 392, 394 (7th Cir. 1996), St. Louis Baptist Temple, Inc. v. F.D.I.C., 605 F.2d 1169 (10th Cir. 1979).

IV. Recommendations

 1) The Court should amend the table on p. 6 of the 2003 Order to (a) replace the reference to the Manuel Andres Trujillo Ditch with the two ditches and their priorities - The Upper Manuel Andres Trujillo, with a priority date of 1829, and the Lower Manuel Andres Trujillo Ditch, with a priority date of 1829, and (b) change the combined "Juan Manuel Lucero & Manuel Andres Trujillo (Ditch) to read "Juan Manuel Lucero & *Lower* Manuel Andres Trujillo Ditch," with a priority date of 1829.

 2. The existing subfile orders which reference the "Manuel Andres Trujillo Ditch" should be amended to describe whether the water rights associated with the orders are served by the Upper or the Lower Ditch, and those amendments should be deemed clerical in nature.

 3. The affected map sheets should reflect the Upper and Lower Ditch names and locations; and

4.  The Court should take judicial notice of the two prior decrees appended to the Motion as Exhibit C.

THE PARTIES ARE NOTIFIED THAT WITHIN 20 DAYS OF SERVICE of a copy of this order, report, or recommendations, they may file written objections with the Clerk of the Court pursuant to Federal Rule of Civil Procedures 53(f)(2).  A party must file any objections with the Clerk of the Court within the twenty-day period if that party wants the District Judge to hear their objections. If no objections are filed within the twenty-day period, the District Judge may adopt the order, report or recommendations in whole.

Respectfully submitted,

*Vickie L. Gabin*

SPECIAL MASTER