**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

STATE OF NEW MEXICO, *ex rel.*
State Engineer, *et al.,*

               Plaintiffs,

v.

EDUARDO ABEYTA, *et al.,* and
CELSO ARELLANO, *et al.,*

               Defendants.

69cv07896 BB
RIO TAOS ADJUDICATION

69cv07939 BB
RIO HONDO ADJUDICATION

(CONSOLIDATED)

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on the State of New Mexico's Motion to Modify

and Adopt Special Master's Report and Recommendations for Resolving Matters Relevant to the

Upper and Lower Manuel Andres Trujillo Ditches (Doc. No. 5160, filed October 20, 2008).  For the

reasons given below, the Court will **GRANT in part** and **DENY in part** the Motion.

**Background**

       The Upper Manuel Andres Trujillo Community Ditch Association and the Lower Manuel

Andres Trujillo Community Ditch Association ("the two Acequias") filed a motion to correct the

hydrographic survey and to recognize prior decrees allocating water between the two Acequias.

(Doc. No. 5083, filed May 9, 2008).  Their motion seeks to (1) amend certain hydrographic survey

maps to correctly identify the two acequias as being separate associations, (2) amend individual

subfile orders to clearly identify which ditch the subfiles are served by, and (3) recognize the prior

decrees allocating water between the acequias.  (*Id.*).

       The State opposed the motion on the grounds that: (1) there is no error in the hydrographic

survey maps which identifies a single Manuel Andres Trujillo Ditch, rather than Upper and Lower

ditches, (2) changing incorrect ditch names on subfile orders are substantive changes which require a showing of good cause, and no good cause has been shown, and (3) the prior decrees are not between the two Acequias, and even if the two Acequias are successors to the parties in the decrees, the Court should not adopt the decrees which concern only the distribution of water between the ditches, not the determination of the elements of any water rights in this adjudication.  (Response, Doc. No. 5093, filed May 23, 2008).

The Special Master entered her Report and Recommendations for Resolving Matters Relevant to the Upper and Lower Manuel Andres Trujillo Ditches.  (Doc. No 5143, filed September 25, 2008).  The State then filed the Motion, now before the Court, to modify and adopt the Special Master's Report and Recommendations.

**Special Master's Recommendation No. 1 - Amending 2003 Court Order**

After hearing evidence on acequia priorities, Special Master Frank Zinn filed a report on priority dates in which he referred to both the Upper and the Lower Manuel Andres Trujillo Ditches and recognized the State's proffered priority date of 1829 for each of them.  (Doc. No. 2143 at 7 and 13, filed July 23, 1993).  The Court's Memorandum Opinion and Order ("2003 Order," Doc. No. 3102 at 6, filed February 21, 2003 (Conway, J.)) ruling on objections to Special Master Zinn's Report established the 1829 priority only for the "Manuel Andres Trujillo Ditch," without reference to Upper or Lower.  Special Master Gabin recommends that:

> The Court should amend the table on p. 6 of the 2003 Order to (a) replace the reference to the Manuel Andres Trujillo Ditch with the two ditches and their priorities - The Upper Manuel Andres Trujillo, with a priority of 1829, and the Lower Manuel Andres Trujillo Ditch, with a priority of 1829, and (b) change the combined "Juan Manuel Luceero & Manuel Andres Trujillo (Ditch) to read "Juan Manuel Lucero & *Lower* Manuel Andres Trujillo Ditch," with a priority of 1829.

2

(Doc. No. 5143 at 7).  The State agrees with the Special Master's Recommendation No. 1.  (Motion at 1-2).  The Court will adopt the Special Master's Recommendation No. 1.

**Special Master's Recommendation No. 2 - Amending Subfile Orders**

The Special Master's second recommendation states:

The existing subfile orders which reference the "Manuel Andres Trujillo Ditch" should be amended to describe whether the water rights associated with the orders are served by the Upper or the Lower Ditch, and those amendments should be deemed clerical in nature.

(Doc. No. 5143 at 7).

The State "agrees that the existing subfile orders which reference the 'Manuel Andres Trujillo Ditch' should be amended to describe whether the water rights associated with the orders are served by the Upper Manuel Andres Trujillo Ditch, with a priority of 1829, or the Lower Manuel Andres Trujillo Ditch, with a priority date of 1829."  (Motion at 2).  The State disagrees that those amendments should be deemed clerical in nature.  (*Id.*).

The Court's Order on Procedures for Correcting and Amending Subfile Orders (Doc. No. 2337 at 1-2, filed June 7, 1995) defines clerical corrections as "additions to or changes in the elements used to describe a water right that do not affect the nature or extent of that right," including correcting the spelling of names of acequias.  Substantive amendments are those changes that affect the nature or extent of the right and include errors in the description of the point of diversion such as incorrect ditch names.  (*Id.* at 3).  Amending the subfile orders to clarify whether the subfile is served by the Upper or Lower Ditch is not changing the ditch that serves the subfile and, therefore, is a clerical amendment because it does not affect the nature or extent of the subfile right.

The State moves the Court to modify the Special Master's Recommendation No. 2 to explicitly provide that the point of diversions for the [Upper and Lower Manuel Andres Trujillo

Ditches] remains the same as the description of the point of diversion of the former Manuel Andres Trujillo Ditch, and to provide notice of the description of the point of diversion to the individual subfile owners." (Motion at 3-4). The two Acequias note that because the points of diversion are not being changed, there is no need to give notice of the fact that they are not being changed, and that making such an amendment may lead to confusion. (Response at 5-6, Doc. No. 5169, filed November 3, 2008). The Court agrees. After examining the point of diversion language in a subfile order (Doc. No. 4397 at 3, filed February 9, 2004), the Court finds that amending the ditch name by adding "Upper" or "Lower" does not require adding the language requested by the State. The Court will adopt the Special Master's Recommendation No. 2.

**Special Master's Recommendation No. 3 - Amending Map Sheets**

The State agrees (Motion at 3) with the Special Master's third Recommendation which states:

The affected map sheets should reflect the Upper and Lower Ditch names and locations.

(Doc. No. 5143 at 7). The Court will adopt the Special Master's Recommendation No. 3.

**Special Master's Recommendation No. 4 - Judicial Notice of Prior Decrees**

The Special Master's fourth and final recommendation states:

The Court should take judicial notice of the two prior decrees [entered by the State of New Mexico District Court in Taos County] appended to the Motion as Exhibit C.

(Doc. No. 5143 at 7).

The State agrees that the Court should take judicial notice of the two prior decrees but requests clarification that "judicial notice of the decrees of another court should not be interpreted as the adoption or approval of those decrees in this adjudication, and that any challenge to enforce

4

those decrees should be the subject of a separate proceeding in the court having original jurisdiction." (Motion at 3-4).

The two Acequias "are content to accept the Special Master's Recommendation #4 that the Court will take judicial notice of the two prior decrees" but state "the Court should either reject the State's suggested clarification [because it would limit the applicability of judicial notice and the jurisdiction of this Court] or enter an order recognizing the validity of the two decrees as to the allocation of water between the two Acequias." (Response at 3-4).

The Court, "in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979). However, "a court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). "[C]ourts generally cannot take notice of findings of fact from other proceedings for the truth asserted therein because these are disputable and usually are disputed." *Taylor v. Charter Medical Corp.*, 162 F.3d 827, 830 (5th Cir. 1998) (*citing* 2d, 8th and 11th Circuits).

Both of the prior decrees make findings of fact. (*See* Doc. Nos. 5084-2 and 5084-3, filed May 12, 2008). The State was not a party to those actions. (*See id.*). Taking judicial notice of the findings of facts and conclusions of law in the two prior decrees would preclude the State from introducing contrary evidence and, in effect, direct a verdict against the State as to those facts. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). The Court will adopt the Special Master's Recommendation No. 4 and take judicial notice of the two prior decrees for the limited

purpose of recognizing that the State of New Mexico District Court in Taos County entered those two decrees.

The two Acequias requested that the Court enter an order recognizing the validity of the two decrees as to the allocation of water between the two Acequias apparently to establish an element of their water rights, specifically to declare "other such conditions as may be necessary to define the right and its priority."  (Response at 4, Doc. No. 5169, filed November 3, 2008).  The Court will not enter such an order at this time.  If the two Acequias believe that the judicial notice taken above does not adequately complete the "conditions" element of their water rights, they may file a motion asking the Special Master to conduct any necessary proceedings to complete the "conditions" element.

**IT IS SO ORDERED.**

**BRUCE D. BLACK**
**UNITED STATES DISTRICT JUDGE**