IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer, *et al.,*

        Plaintiffs,

v.

EDUARDO ABEYTA, *et al.,* and
CELSO ARELLANO, *et al.,*

        Defendants.

69cv07896 BB
<u>RIO TAOS ADJUDICATION</u>

69cv07939 BB
<u>RIO HONDO ADJUDICATION</u>

(CONSOLIDATED)

### **MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the State of New Mexico's ("State") Motion for Summary Judgment Regarding Subfile Priority Date (Doc. No. 5181, filed December 9, 2008). For the reasons given below, the Court will **DENY** the Motion.

      The State seeks summary judgment regarding the priority date for the water rights adjudicated under Subfile Nos. 7.18A and 7.19A ("Subfiles"). (Motion at 1). The State contends it is entitled to judgment that the April 1815 priority date adopted by the Court for the Acequia Madre del Llano (Doc. No. 5034 at 5, filed February 28, 2008) applies to the Subfiles because Mr. Alfred Trujillo ("Trujillo"), the owner of the Subfiles, received notice and an opportunity to present evidence of an earlier priority date. (*Id.*). In the alternative, the State requests that the Court enter judgment that the April 1815 priority date applies to Subfile No. 7.19A because the owner was served with a Notice of Order to Show Cause for Subfile No. 7.19 and failed to timely object.

      In ruling on a motion for summary judgment, the Court must "construe the factual record and reasonable inferences therefrom in the light most favorable to the nonmovant," *See Allen v.*

*Muskogee*, 119 F.3d 837, 840 (10th Cir. 1997).  The movant bears the initial burden of "'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." *Id.*

The State asserts, and Trujillo does not dispute, that the State served Trujillo with a Notice of Order to Show Cause concerning the State's request for a provisional order declaring an 1815 priority date for Subfile No. 7.19.  (Motion at 5; Response at 4, Doc. No. 5188, filed December 29, 2008).  The State also asserts that the record indicates Trujillo was not served with a Notice of Order to Show Cause for Subfile No. 7.18.  (Motion at 5; Response at 5).  The State argues that Trujillo had actual notice and opportunity to present evidence regarding the priority date for Subfile No. 7.18 "as evidenced by his attendance and participation at the hearing on November 28, 1990."  (Mot. at 5).  The Special Master served Trujillo with Orders to Show Cause for Subfiles 7.18A and 7.19A on March 4, 2008.  (*See* Doc. Nos. 5039 and 5040).

The State contends that the served notice on Subfile No. 7.19 and the actual notice on Subfile No. 7.18 apply to Subfile Nos. 7.18A and 7.19A because Tracts 7.18A and 7.19A were merely renumbered portions of Tracts 7.18 and 7.19.  (Motion at 3-4, 8).  The State supports this contention by citing some of Trujillo's statements for the proposition that "Trujillo has considered Tracts 7.18A and 7.19A (created by the November 21, 2003 Consent Orders (Doc. Nos. 4308 and 4309)) to have been part of Tracts 7.18 and 7.19."  (Motion at 4; Reply at 4-5).  The Court finds statements by Trujillo, a *pro se* claimant, to be less than conclusive regarding a legal description of the geographic extent of Tracts 7.18 and 7.19 relative to the locations of Tracts 7.18A and 7.19A.  The State provided no other maps or documents to show that Tracts 7.18A and 7.19A were renumbered portions of Tracts 7.18 and 7.19.

The Court reviewed the maps prepared by the Office of the State Engineer attached to the Consent Orders for Subfiles 7.18A and 7.19A (Doc. Nos. 4308 and 4309). Those maps show Tracts 18 and 19 bounded by solid black lines. Tracts 18A and 19A are located south of and outside the boundaries of Tracts 18 and 19.

The Court recognizes that the maps were amended to illustrate the locations of Tracts 18A and 19A. However, the maps appear to show the pre-amendment boundaries of Tracts 18 and 19. For example, the map showing the location of Tract 18A also shows that Tract 19 does not extend southward to the location of Tract 19A which is not shown on the map. Similarly the map showing the location of Tract 19A shows that Tract 18 does not extend southward to the location of Tract 18A which is not shown on the map. Construing the maps in the light most favorable to Trujillo, it is reasonable to infer that Tracts 18A and 19A are new tracts and not merely portions of Tracts 18 and 19 that were renumbered. If such is the case, then service on Trujillo regarding Tracts 18 and 19, either by service of Notice of Order to Show cause or actual notice, did not provide him notice regarding Tracts 18A and 19A. Because the State has not met its burden of showing an absence of evidence to support Trujillo's case, the Court will deny the State's Motion.

Finally, the Court notes that the Parties devote some discussion to the ability to contact each other. (*See* Motion at 2, n.1; Response at 1-2; Reply at 2, n.1). Such discussion is not relevant to the subject matter of the motion. The Court expects attorneys and *pro se* parties to be courteous and civil, and to concentrate on substance and content in their written communications.

    **IT IS SO ORDERED.**

                                                   **BRUCE D. BLACK**
                                                   **UNITED STATES DISTRICT JUDGE**