IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| STATE OF NEW MEXICO ex rel. | ) | |
| STATE ENGINEER and the | ) | 69cv07896-BB |
| | ) | Rio Pueblo de Taos Adjudication |
| Plaintiffs, | ) | |
| | ) | 69cv7939 BB |
| vs. | ) | Rio Hondo Adjudication |
| | ) | (Consolidated) |
| EDUARDO ABEYTA, et al. | ) | |
| and CELSO ARELLANO, | ) | Rio Pueblo de Taos |
| et al. | ) | Upper Manuel Andres Trujillo Ditch |
| | ) | and Lower Manuel Andres Trujillo |
| Defendants. | ) | Ditch |

CONSENT ORDER RECOGNIZING SEPARATE ACEQUIA
ASSOCIATIONS, CORRECTING HYDROGRAPHIC SURVEY,
<u>AND RECOGNIZING PRIOR DECREES</u>

THIS MATTER is before the Court on the Motion to Correct Hydrographic Survey (May 9, 2008, Docket No. 5083) ("Motion") filed by the Upper Manuel Andres Trujillo Community Ditch Association and the Lower Manuel Andres Trujillo Community Ditch Association ("Acequia Associations"). The parties to this Consent Order are the Acequia Associations and the State of New Mexico, ex rel. State Engineer ("State"). This Order incorporates the relevant provisions of the Court's Memorandum Opinion and Order (January 14, 2009, No. 5193).

The Court FINDS as follows:

1. The Court has jurisdiction over the parties.

2. This Consent Order resolves all claims of the Acequia Associations raised by the Motion.

3. The Upper Manuel Andres Trujillo Community Ditch Association and the Lower Manuel Andres Trujillo Community Ditch Association are also known as, respectively, the Upper Manuel Andres Trujillo Community Ditch and Lower Manuel Andres Trujillo Community Ditch.

4. The Upper Manuel Andres Trujillo Ditch and the Lower Manuel Andres Trujillo Ditch are separate and distinct acequias, each with their own commissions, commissioners, and mayordomos, and each providing water to separate and distinct tracts of land or subfiles.

5. The Acequia Associations receive water from a number of different sources as identified in the prior order entered in this cause (docket #4602) as amended (docket #5081) and share a main common point of diversion from the Arroyo Seco Stream, a tributary of the Rio Pueblo de Taos.

6. Those subfiles that receive water exclusively from the Upper Manuel Andres Trujillo Ditch are listed in the attached Exhibit "A."

7. Those subfiles that receive water exclusively from the Lower Manuel Andres Trujillo Ditch are listed in the attached Exhibit "B."[1]

8. The Rio Pueblo de Taos hydrographic survey should be amended to recognize both the Upper Manuel Andres Trujillo Ditch and the Lower Manuel Andres Trujillo Ditch and the separate and distinct subfiles that receive water from each acequia.

9. Orders entered in this cause for the subfiles under each Acequia Association do not indicate whether they receive water from the Upper Manuel Andres Trujillo Ditch or the Lower Manuel Andres Trujillo Ditch.

10. Two decrees were entered in Taos County District Court Cause No. 2638 in 1932 and 1934 which relate to this matter. Copies of said decrees are hereinafter attached as Exhibit C." Any challenge to the validity of the decrees, or action to enforce them, should be the subject of a separate proceeding in the court with original jurisdiction over such an action.

---

[1] Exhibit B also identifies subfiles which receive water from both the Juan Manuel Lucero and the Lower Manuel Andres Trujillo Ditches.

11. The aforesaid Motion and this Consent Order do not affect or change the points of diversion or priority dates of the acequias or subfiles irrigated by them. The Court should amend the table on p. 6 of the February 3, 2003, Memorandum Opinion and Order (No. 3102) to (a) replace the reference to the Manuel Andres Trujillo Ditch with the two ditches and their priorities:   The Upper Manuel Andres Trujillo Ditch, with a priority of 1829, and the Lower Manuel Andres Trujillo Ditch, with a priority of 1829; and (b) change the reference to the combined Juan Manuel Lucero & Manuel Andres Trujillo (Ditch) to read "Juan Manuel Lucero and *Lower* Manuel Andres Trujillo Ditch," with a priority of 1829.

12. The changes made by this consent order constitute "clerical corrections" within the meaning of the June 7, 1995, Order of Procedures for Correcting and Amending Subfile Orders (No. 2337) ("Administrative Order").

13. There is no just reason to delay entry of this Consent Order as a final judgment, as between the State and the Acequia Associations.

NOW, THEREFORE, IT IS HEREBY ORDERED and ADJUDICATED that:

a. The Upper Manuel Andres Trujillo Ditch and Lower Manuel Andres Trujillo Ditch shall be recognized as separate and distinct acequias and acequia associations, though they presently share a main common point of diversion.

b. Those subfiles that receive water from the Upper Manuel Andres Trujillo Ditch but not the Lower Manuel Andres Trujillo Ditch are listed in the attached Exhibit "A."

c. Those subfiles that receive water from the Lower Manuel Andres Trujillo Ditch but not the Upper Manuel Andres Trujillo Ditch are listed in the attached Exhibit "B."

d. Map sheets 5, 6, 7, 8, 9, 10, and 16 of the Rio Pueblo de Taos Hydrographic Survey shall be amended or corrected to properly identify the Upper Manuel Andres Trujillo Ditch and the Lower Manuel Andres Trujillo Ditch.

e. The subfiles under each Acequia Association shall be and hereby are amended to identify the acequia by which they receive water according to attached Exhibits "A" and "B."

f. The Court hereby takes judicial notice of the two decrees entered by the State of New Mexico District Court, Taos County, Cause No. 2683, for the limited purpose of recognizing the entry of these decrees. Copies of said decrees are attached as Exhibit "C." Any challenge to the validity of the decrees, or action to enforce them, shall be the subject of a separate proceeding in the court with original jurisdiction over the action.

g. The table on p. 6 of the February 3, 2003, Memorandum Opinion and Order (No. 3102) shall be amended to (1) replace the reference to the Manuel Andres Trujillo Ditch with the two ditches and their priorities: the Upper Manuel Andres Trujillo Ditch, with a priority of 1829, and the Lower Manuel Andres Trujillo Ditch, with a priority of 1929; and (2) change the reference to the combined Juan Manuel Lucero & Manuel Andres Trujillo (Ditch) to read "Juan Manuel Lucero and *Lower* Manuel Andres Trujillo Ditch," with a priority of 1829.

h. This Consent Order shall constitute a final judgment as between the State and the Acequia Associations, including its successors, representatives, and assigns. All other parties with standing shall be provided an opportunity to object to this Consent Order prior to entry of a final decree.

IT IS SO ORDERED.

BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE

4

Approved for entry:

_Vickie L. Gabin_
_____
VICKIE L. GABIN
SPECIAL MASTER

APPROVED AND ACCEPTED BY:

DEFENDANT:

UPPER MANUEL ANDRES TRUJILLO DITCH ASSOCIATION

By: _____     Date: March 20 09
       Commissioner

By: _____     Date: 3-23-09
       Commissioner

By: _____     Date: 4-3-09
       Commissioner


LOWER MANUEL ANDRES TRUJILLO DITCH ASSOCIATION

By: _____     Date: 3-20-09
       Commissioner

By: _____     Date: 3-20-09
       Commissioner

By: Mary Ann Romo                  Date: 3/20/09
       Commissioner


Fred J. Waltz, attorney for the Upper Manuel Andres Trujillo Ditch Association
and the Lower Manuel Andres Trujillo Ditch Association

_____         Date: April 6, 2009
(Signature)


STATE OF NEW MEXICO ex rel. STATE ENGINEER:

By: _____     Date: 4/24/2009
       Special Assistant Attorney General

Exhibit "A"
Upper Manuel Andres Trujillo Subfiles

| Subfile Number | Date Filed | Docket Number |
|---|---|---|
| 5.1 | 8/10/1973 | 418.4 |
| 5.2 | 4/8/1971 | 240.26 |
| 6.1 | 4/8/1971 | 240.26 |
| 6.2 | 6/6/1972 | 345.70 |
| 6.4 | 4/8/1971 | 240.26 |
| 6.5 | 6/6/1972 | 345.70 |
| 6.5A | 9/30/1974 | 584.2 |
| 6.5B | 9/30/1974 | 584.4 |
| 6.6 | 6/6/1972 | 345.71 |
| 6.7 | 6/8/2004 | 4499 |
| 7.1 | 7/18/1975 | 778.22 |
| 7.1A | 7/18/1975 | 778.20 |
| 7.2 | 4/8/1971 | 240.28 |
| 7.28 | 11/9/1971 | 297 |
| 7.29 | 4/8/1971 | 240.48 |
| 7.3 | 6/6/1972 | 345.72 |
| 7.30 | 4/8/1971 | 240.50 |
| 7.31 | 4/8/1971 | 240.58 |
| 7.32 | 4/8/1971 | 240.44 |
| 7.33 | 9/13/1973 | 425.54 |
| 7.34 | 11/9/1971 | 297 |
| 7.35 | 6/6/1972 | 345.79 |
| 7.36 | 6/6/1972 | 345.80 |
| 7.37 | 4/8/1971 | 240.60 |
| 7.38 | 2/14/1974 | 460.27 |
| 7.39 | 4/8/1971 | 240.62 |
| 7.3A | 5/10/1971 | 250.100 |
| 7.4 | 2/14/1974 | 460.27 |
| 7.40 | 6/14/1971 | 260.6 |
| 7.41 | 6/6/1972 | 345.79 |
| 7.42 | 6/14/1971 | 260.12 |
| 7.43 | 6/6/1972 | 345.81 |
| 7.43A | 2/14/1974 | 460.28 |
| 7.44 | 6/14/1971 | 260.8 |
| 7.44A | 6/14/1971 | 260.6 |
| 7.45 | 4/15/1976 | 879 |
| 7.46 | 4/8/1971 | 240.64 |
| 7.5 | 6/6/1972 | 345.73 |
| 7.5A | 11/25/1975 | 827.24 |
| 7.5B | 11/25/1975 | 827.30 |
| 7.5C | 11/25/1975 | 827.28 |
| 7.5D | 11/25/1975 | 827.26 |
| 7.6 | 4/8/1971 | 240.30 |

Exhibit "B"
Lower Manuel Andres Trujillo Subfiles

| Subfile Number | Date Filed | Docket Number |
|---|---|---|
| 7.10 | 2/14/1974 | 460.25 |
| 7.11 | 6/6/1972 | 345.74 |
| 7.12 | 4/8/1971 | 240.40 |
| 7.13 | 4/8/1971 | 240.38 |
| 7.14 | 8/10/1973 | 418.6 |
| 7.15 | 6/6/1972 | 345.75 |
| 7.16 | 4/8/1971 | 240.36 |
| 7.17 | 6/6/1972 | 345.76 |
| 7.18 | 6/6/1972 | 345.77 |
| 7.19 | 4/8/1971 | 240.52 |
| 7.20 | 2/14/1974 | 460.26 |
| 7.21 | 8/30/1971 | 273.154 |
| 7.22 | 4/8/1971 | 240.54 |
| 7.23 | 4/8/1971 | 240.40 |
| 7.24 | 7/18/1975 | 778.18 |
| 7.25 | 4/8/1971 | 240.42 |
| 7.26 | 4/8/1971 | 240.56 |
| 7.27 | 6/6/1972 | 345.78 |
| 7.7 | 4/8/1971 | 240.40 |
| 7.8 | 4/8/1971 | 240.32 |
| 7.9 | 4/8/1971 | 240.34 |
| 8.1* | 5/24/1978 | 1332 |
| 8.10 | 10/23/2003 | 4285 |
| 8.2* | 6/6/1972 | 345.82 |
| 8.3* | 2/14/1974 | 460.29 |
| 8.7* | 5/24/1978 | 1330 |
| 8.8* | 4/26/1972 | 335.87 |
| 8.9* | 10/6/2003 | 4251 |
| 9.1* | 6/14/1971 | 260.10 |
| 9.2* | 11/25/1975 | 827.22 |
| 9.2A* | 6/14/1971 | 260.16 |
| 9.2B | 2/9/2004 | 4397 |
| 9.3* | 6/14/1971 | 260.20 |
| 9.4* | 3/25/1977 | 958.14 |
| 9.5* | 9/2/1970 | 214.144 |
| 9.6* | 9/15/1977 | 982.20 |
| 9.7* | 6/14/1971 | 260.204 |
| 9.7A* | 12/19/1973 | 442.31 |
| 9.8* | 3/25/1977 | 958.10 |
| 10.1* | 3/25/1977 | 958.6 |
| 10.1A* | 3/25/1977 | 958.12 |
| 10.2* | 6/19/1972 | 352.69 |
| 10.2A* | 7/18/1975 | 778.34 |
| 10.2B* | 11/25/1975 | 827.42 |

| Subfile Number | Date Filed | Docket Number |
|---|---|---|
| 10.3* | 3/25/1977 | 958.8 |
| 10.4* | 5/10/1971 | 250.10 |
| 10.5* | 6/17/1975 | 767 |
| 10.6* | 5/10/1971 | 250.8 |
| 10.7* | 6/6/1972 | 345.84 |
| 10.8* | 5/10/1971 | 250.10 |
| 16.1* | 6/14/1971 | 260.208 |

**\*** Subfiles receive water from both the Lower Manuel Andres
Trujillo Ditch and the Juan Manuel Lucero Community Ditch

TAOS COUNTY DISTRICT COURT RECORDS
Civil Case 2638
NM State Records Center & Archives
404 Montezuma
Santa Fe, New Mexico

Exhibit "C"

```
STATE OF NEW MEXICO  )
                     )   IN THE DISTRICT COURT.
COUNTY OF TAOS.      )
```

- - - - - -

The Manuel Andres Trujillo ditch, a
community ditch, Eloisa T. Sisneros,
Jose M. Santistevan, Jesus M. Santistevan,
Pedro R. Trujillo, Laureano Mares,
Telesforo Quintana, Cristobal Quintana,
Santiago Martinez, Ramon Mares, Estate
of Severino Martinez and Eliseo Santistevan,

                      Plaintiffs,

           vs.                    No. 2638

Las Colonias Ditch, a community ditch,
Feliberto Garcia, Clara Garcia, Juan
N. Fresquez, Rafael Martinez, Amadeo
Mares, Laureano Garcia, Silas Rival,
Victor Martinez, Andres Martinez,
Samuel Martinez, Mardoqueo Martinez,
Pedro Valencia, Joe Arnold, Jacob C.
Moore, Reyes Martinez, Jose A. Lujan,
Damian Mascareñas, Ninfa M. de Lujan,
and Eutimio Martinez,

                      Defendants.

## FINAL DECREE

The above entitled cause came on to be heard on its final
hearing on this 7th day of May, A. D. 1932, before the Hon.
H. A. Kiker, Judge of the Eighth Judicial District of the State
of New Mexico, sitting for the trial of causes arising under the
laws of the said State of New Mexico, in and for the County of
Taos, in said State, the plaintiffs being present in court by
their attorney, A. W. Rivera, for Cheetham & Rivera, and the
defendants being present by their attorney, Floyd W. Beutler,
for Barker, Fahy and Beutler, and the court having fully inform-
ed in the premises and having heard counsel for both sides the
court finds:

## FINDINGS OF THE LAW.

1. That the Manuel Andres Trujillo Ditch is a community
ditch, organized and existing under the laws of the State of New

STATE'S
EXHIBIT
CV 7896 7939
108

I certify that this is a true copy of a document in
the custody of the New Mexico State Records
Center and Archives.

29 Aug 90
Date

Mexico, as a community ditch or acequia, drawing its water from
the main channel of the Arroyo Seco Creek or River in Taos County
for the purpose of irrigation of agricultural lands on the Main
valley of the said Arroyo Seco Creek or river and the plaintiffs,
Eloisa T. Sisneros, Jose M. Santistevan, Jesus M. Santistevan,
Ramon Mares, Pedro R. Trujillo, Estate of Severino Martinez,
Laureano Mares, Eliseo Santistevan, Telesforo Quintana, Cristoval
Quintana, and Santiago Martinez, are the owners of the said
acequia and legally entitled to the use of water for irrigation
from the said Acequia or community ditch.

2. That the Las Colonias Ditch is a community ditch organized
and existing under the laws of the State of New Mexico as a
community ditch or acequia, drawing its water from the main channel
of the Arroyo Seco Creek or River in Taos County for the purpose of
irrigation of agricultural lands of the main valley of said Arroyo
Seco Creek or river, and the defendants, Feliberto Garcia, Clara
Garcia, Josue Garcia, Juan N. Fresquez, Rafael Martinez, Amadeo
Mares, Laureano Garcia, Silas Rival, Victor Martinez, Andres
Martinez, Samuel Martinez, Mardoqueo Martinez, Pedro Valencia,
Joe Arnold and Jacob C. Moore are the owners and participants of the
said Acequia and legally entitled to the use of water for irrigation
from said Las Colonias Community ditch or Acequia.

3. That both the plaintiff ditch & The Manuel Andres Trujillo
Ditch, and the defendant, The Las Colonias Ditch, are equally en-
titled to the use of water for irrigation purposes as to priority
or siniority and as to the amount of water used or diverted from the
said Arroyo Seco Creek or River for such purposes each one of
said ditches being entitled to one-half of such waters so diverted
from the said stream.

I hereby certify that this is a true copy of the document in
the matter of . . . Indian land . . . United States Records
Center, . . .

29 Aug 90          [signature]
Date               U.S. Land Officer

FINDINGS OF FACT.

1. As findings of fact the Court finds that the Manuel Andres Trujillo Ditch through its regularly acting ditch commissioners and its regularly acting Mayordomo or Ditch Boss and according to law and common usages, rules and regulations has been drawing water from the said Arroyo Saco Creek or River, and applying it to a beneficial use for domestic and agricultural purposes upon the homes and lands of the defendants, Eloisa T. Sisneros, Jose M. Santistevan, *Ramon Cledoveo* Mares, Jesus M. Santistevan, Pedro R. Trujillo, Laureano Mares, Telesforo Quintana, Cristoval Quintana and Santiago Martinez, throgh themselves and their predecessors in title and interest for over eighty years, continuously and without interruption for the irriga- tion of about two thousand (2000) acres of land on the main valley of the said Arroyo Saco Creek or River.

2. That the  Las Colonias Ditch through its regularly acting ditch commissioners and its regularly acting mayordomo or ditch boss and according to law and the common usages, rules and regulations, has been drawing water from the said Arroyo Saco Creek or River and applying it to a beneficial use for domestic and agricultural purposes upon the homes and lands of the defendants, Feliberto Garcia, Clara Garcia, Josue Garcia, Juan N. Fresquez, Rafael Martinez, Amadeo Mares, Laureano Garcia, Sailas Rival, Wictor Martinez, Andres Martinez, Samuel Martinez, Mardoqueo Martinez, Pedro Valencia, Joe Arnold and Jacob C. Moore, (3) through themselves and their predecessors in title and interest for over thirty years continuously and without inter- ruption for the irrigation of about two thousand (2000) acres of land on the main valley of the said Arroyo Saco Creek or river.

3. That about ten years ago, or about the year 1922, the flood waters of the said Arroyo Saco Creek destroyed the diversion dams of both ditches which said diversion dams were located a short distance from each other, and in rebuilding the said dams, by agreement between the commissioners of both ditches, one dam was built and the two

I hereby certify that this is a true copy of a document in [illegible] the United States Records [illegible]

29 Aug 90   J. [illegible]
Date        [illegible]

ditches consolidated into the channel of the Manuel Andres Trujillo ditch for a distance of about three hundred (300) yards (4) at which point the two ditches divided from each other, the Las Colonias ditch crossing the Arroyo Seco Creek to the south side of the said creek and the Manuel Andres Trujillo ditch, keeping on the North south side side of the said creek.

NOW THEREFORE, It is ORDERED, ADJUDGED and DECREED as follows, to-wit:

ditches

1.  That the irrigating or acequias heretofore known as the Manuel Andres Trujillo Ditch and the Las Colonias Ditch shall hereafter be and are hereby decreed to be henceforth one community ditch owned by and to be used for the benefit of the parties heretofore owning rights in the aforesaid Manuel Andres Trujillo Ditch and the Las Colonias Ditch, and the rights of said parties in said community ditch shall be as hereinafter specified.

2.  That said community ditch shall hereafter be considered as being divided into two portions, one portion thereof running on the west side of the Arroyo Seco Creek, and which said division shall be known as the Manuel Andres Trujillo division, and that the other division of said ditch shall cross the Arroyo Seco Creek and run on the east side of the said Arroyo Seco Creek which said division shall be known as the Las Colonias division.

3.  That hence forward all of those certain lands lying along and obtaining water by and through the diversion ditch or acequia hereinbefore referred to as the Manuel Andres Trujillo Ditch, and being the lands presently owned by the following named persons, ~~both plaintiff and defendants~~, to-wit: Eloisa T. Sisneros, Jose M. Santistevan, ~~Cleofes Mares~~ Romero, Jesus M. Santistevan, Ramon Mares, Pedro R. Trujillo, Estate of Severino Martinez, Laureano Mares, Eliseo Santistevan, _Teleforo Quintana_ ~~Victor Martinez~~, _Cristobal Quintana_ ~~Andres Martinez~~, _Apoliriz Martinez_ ~~Samuel martinez~~, ~~Mardoqueo Martinez~~, and ~~Pedro Valencia~~, shall be entitled to and




I certify that this is a true copy of a document in the custody of the Rio Arriba County Clerk's Records Center & Archives.

29 Aug 90   J. Richard _____
(SD)

shall receive water from the portion hereby allotted to the owners
of land to be watered by, through and under the said Manuel Andres
Trujillo Ditch; and thos certain lands lying along and obtaining
water by and through the diversion ditch or acequia hereinbefore
referred to as the Las Colonias Ditch and being the lands present-
ly owned by the following named persons, to-wit: Filiberto Garcia,
Pedro Valencia, Reyes Martinez, Clara Garcia, Jose M. Lujan, Josue
Garcia, ~~Amxxxxxxxxxxxxxxxxxx~~ Damian Mascarenas, Juan N. Fresquez,
Mardoqueo Martinez, Amadeo Mares, Samuel Martinez, Laureano Garcia,
Nimfa M. Lujan, Silas Rivsl, Joe Arnold and Eutimio Martinez, shall
be e titled to and shall receive water from the portion thereof hereb
allotted to the owners of land to be watered by, thourgh and under
the said Las Colonias Ditch. 5

   4.  That henceforward those certain lands presently owned by
Jacob Moore and Joe Arnold, lying along the main ditch shall
receive water from the community ditch directly , but the said
Jacob Moore is hereby required to forthwith construct at his own
expense, a diversion ditch, lateral ditch, connecting with said
community ditch at a convenient point at or near the extreme north
end of his property and to equip the same with a good and sufficient
headgate.

   5.  That all persons owning rights or interests in said Ditch
or in the water thereof shall contribute equally to the cleaning
and maintenence of said ditch and all ditches connected with said
irrigating system, including the DesMontes Ditch, said fatigue work
or assessment to be assessed and enforced by the ditch commissioners
of said consolidated ditch.

   6.  That hereafter three ditch commissioners shall be elected
for said community ditch, in the manner provided by law and of these
three commissioners, two shall be elected during the year 1933 and
in all successive odd calendar years from the people owning land
under the Las Colonias Division of said ditch and one from among
the people owning lands under the Manuel Andres Trujillo division


I certify that this is a complete document in
the case ... ... ...
Court Seal ...

29 Aug 90  ... ...

of said ditch; and in the year 1934 and in all succeeding even
calendar years two commissioners shall be elected from among the
people owning land under the  Manuel Andres Trujillo division of
said ditch and one from among the people owning lands under the
Las Colonias division of said community ditch.

7. That the waters of the said consolidated ditch shall be equal-
ly divided between the two divisions of said consolidated ditch at
all times when there is an abundance of water, and whenever, in the
openion of the ditch commissioners the water has become so low that
a division of the water is not advisable, the said ditch commission-
ers shall permit the whole volume of water to run on one division
at a time and equally divide the time so that the whole volume of
water shall run not more than three and one-half days at a time on
the same division of the ditch for an equal length of time.

8. That the said Jacob Moore and Joe Arnold shall be allowed to
divert water into their lateral ditches at such time and in such
amounts and in such manner as the mayordomo from the Manuel Andres
Trujillo Division, may prescribe, ~~and said parties shall at all times
receive water under the division thereof running to the Manuel Andres
Trujillo Division.~~

9. That the owners of land under the Manuel Andres Trujillo
division of said consolidated ditch shall elect one mayordomo or
ditch boss who shall, in the manner now provided by law, manage and
control the said division of said consolidated ditch and no more,
and likewise the owners of land under the Las Colonias division of
said consolidated ditch shall elect one mayordomo or ditch boss who
shall, in the manner now provided by law, manage and control said
division of said consolidated ditch, and no more, but neither one
of the said mayordomos shall have any right to interfere in or with
the division of the water at the gate where the two divisions
separate. (1)

I certify ........ copy of a document in
......... of .... Records

21 Aug 90   J. [illegible signature]

29 Aug 90   J. Richard Salazar
Date

10. That at any time when th said Arroyo Seco Creek shall become dry and there shall be no water in said ditch, any land owner on either division of said consolidated ditch may procure or obtain a water concession or ausilia from the Arroyo Seco ditch, from the Rebalse ditch or from any other source an shall have the right to run his water through the channel of the consolidated ditch into the corresponding division of said consolidated ditch where the land is located, but he shall give notice that he expects to use the ditch to the mayordomo, at least 48 hours prior to such use, and no person shall interfere with the running of sah water during the time that said ausilia or water concession shall last, but no person shall so use such ditch for more than forty-eight (48) hours at a time in preference to any other land owner who may also desire to use the said ditch for a like purpose.

11. That at such time as the water shall be divided in the manner as in the sixth paragraph hereof prescribed, the mayordomos shall, at such time make such division from the division box of said ditches.

12. It is further ordered that each of the parties hereto shall pay their own costs of suit herein.

Done in open Court at Taos, New Mexico, this 7th day of May, A. D. 1932.

H. A. Kiker
District Judge.

I hereby certify that the foregoing pleading is a true ar correct copy of same which has been filed in my office on the 27th day of July 19 34
Dated this 16th day of May 19 91

Janett Martinez
District Court Clerk

By Irene Salazar
Deputy

State of New Mexico, }
County of Taos.       } ss.

I, J. A. DesGeorges, County Clerk & Clerk of the District Court in and for the County of Taos, New Mexico, do hereby certify that the above and foregoing is a true, correct and complete copy and exemplification of the decree made and entered in the above entitled and numbered cause , the original of which is on file in my office and of record.

Witness my hand the seal of this office this the 12th day of May, 1932.

J. A. DesGeorges
Clerk

By_____
Deputy.

STATE OF NEW MEXICO )
                  : ss.           IN THE DISTRICT COURT.
COUNTY OF TAOS    )

The Manuel Andres Trujillo Ditch, a
Community Ditch, Eloisa T. Sisneros,
Jose L. Santistevan, Jesus M. Santis-
tevan, Pedro R. Trujillo, Laureano
Mares, Telesforo Quintana, Cristobal
Quintana, Santiago Martinez, Ramon
Mares, Estate of Severino Martinez,
and Eliseo Santistevan, Clodoveo Mares,

                Plaintiffs.

        vs.               No. 2638.

Las Colonias Ditch, a Community Ditch,
Feliberto Garcia, Clara Garcia, Juan
N. Fresquez, Rafael Martinez, Amadeo
Mares, Laureano Garcia, Silas Rival,
Victor Martinez, Andres Martinez,
Samuel Martinez, Mardoqueo Martinez,
Pedro Valencia, Joe Arnold, Jacob C.
Moore, Reyes Martinez, Jose A. Lujan,
Damian Mascarenas, Nimfa M. Lujan,
and Eutimio Martinez, Josue Garcia,

                Defendants.

## FINAL DECREE.

      The above entitled cause came on to be heard on its
final hearing on this 23 day of ~~June~~ July, A. D. 1934, before the
Honorable Livingston N. Taylor, Judge of the Eighth Judicial
District of the State of New Mexico, sitting for the trial of
causes arising under the laws of the said State of New Mexico,
in and for the County of Taos, in said State, the plaintiffs being
present in court by their attorneys, Kiker & Fernandez, and the
defendants being present by their attorney, Floyd W. Beutler,
and the Court having been fully informed in the premises and
having heard counsel for both sides, the Court finds: *Findings of Fact*

      1. As findings of fact the Court finds that the Manuel
Andres Trujillo Ditch, through its regularly acting ditch com-
missioners and its regularly acting Mayordomo or Ditch Boss, and
according to law and common usages, rules and regulations, has
been drawing water from the said Arroyo Seco Creek or River, and
applying it to a beneficial use for domestic and agricultural
purposes upon the homes and lands of the plaintiffs, Eloisa T.

Sisheros, Jose M. Santistevan, Clodoveo Mares, Jesus M. Santis-
tevan, Pedro R. Trujillo, Laureano Mares, Telesforo Quintana,
Cristobal Quintana, Santiago Martinez, Eliseo Santistevan and
Estate of Severino Martinez, through themselves and their pre-
decessors in title and interest, for over eighty years, continu-
uously and without interruption, for the irrigation of about
two thousand (2000) acres of land on the main valley of the said
Arroyo Seco Creek or River, and below the division line known as
the Gallegos Line or lindero.

2. That the Las Colonias Ditch, through its regularly
acting ditch commissioners, and its regularly acting Mayordomo
or Ditch Boss, and according to law and the common usages, rules
and regulations, has been drawing water from the said Arroyo
Seco Creek or River and applying it to a beneficial use for domes-
tic and agricultural purposes upon the homes and lands of the de-
fendants, Feliberto Garcia, Clara Garcia, Josue Garcia, Juan N.
Fresquez, Rafael Martinez, Amadeo Mares, Laureano Garcia, Silas
Rival, Victor Martinez, Andres Martinez, Samuel Martinez, Mardo-
queo Martinez, Pedro Valencia, Joe Arnold, Jacob C. Moore, Reyes
Martinez, Jose A. Lujan, Damian Mascarenas, Nimfa M. Lujan, and
Eutimio Martinez, through themselves and their predecessors in
title and interest, for over thirty years continuously and without
interruption, for the irrigation of about two thousand (2000) acres
of land on the main valley of the said Arroyo Seco Creek or River,
and above the diversion line known as the Gallegos Line or lindero.

3. That about ten years ago, or about the year 1922, the
flood waters of the said Arroyo Seco Creek destroyed the diversion
dams of both ditches, which said diversion dams were located a short
distance from each other, and in rebuilding the said dams by agree-
ment between the commissioners of both ditches, one dam was built
and the two ditches consolidated into the channel of the Manuel
Andres Trujillo Ditch for a distance of about three hundred (300)
yards, more or less, at which point the two ditches divide from

each other, the Las Colonias Ditch crossing the Arroyo Seco Creek
to the south side of the said creek and the Manuel Andres Trujillo
Ditch, keeping on the north side of said creek.

## CONCLUSIONS OF LAW.

1. That the Manuel Andres Trujillo Ditch is a community
ditch, organized and existing under the laws of the State of New
Mexico, as a community ditch or acequia, drawing its waters from
the main channel of the Arroyo Seco Creek or River in Taos County,
for the purpose of irrigation of agricultural lands on the main
valley of the said Arroyo Seco Creek or River, and below the di-
vision line known as the Gallegos Line, or lindero, and the plain-
tiffs, Eloisa T. Sisneros, Jose M. Santisteven, Jesus M. Santistevan,
Ramon Mares, Pedro R. Trujillo, Estate of Severino Martinez, Lau-
reano Mares, Eliseo Santistevan, Telesforo Quintana, Cristobal
Quintana, Santiago Martinez and Clodoveo Mares, are the owners of
the said acequia and legally entitled to the use of water for irri-
gation from the said Acequia or community ditch.

2. That the Las Colonias Ditch is a community ditch, or-
ganized and existing under the laws of the State of New Mexico as
a community ditch or acequia, drawing its water from the main
channel of the Arroyo Seco Creek or River in Taos County for the
purpose of irrigation of agricultural lands of the main valley of
said Arroyo Seco Creek or River, and above what is known as the
Gallegos Line, or Gallegos Lindero, and the defendants, Feliberto
Garcia, Clara Garcia, Josue Garcia, Juan N. Fresquez, Rafael Mar-
tinez, Amadeo Mares, Laureano Garcia, Silas Rival, Victor Martinez,
Andres Martinez, Samuel Martinez, Mardoqueo Martinez, Pedro Valencia,
Joe Arnold, Jacob C. Moore, Reyes Martinez, Jose A. Lujan, Damian
Mascarenas, Nimfa M. Lujan, and Eutimio Martinez, are the owners
and participants of the said acequia, and legally entitled to the
use of water for irrigation from said Las Colonias' Community Ditch
or Acequia.

3. That both the plaintiff ditch, The Manuel Andres Tru-
jillo Ditch, and the defendant, The Las Colonias Ditch, are equally

entitled to the use of water for irrigation purposes as to
priority or seniority, and as to the amount of water used or
diverted from the said Arroyo Seco Creek or River, for such
purposes each of said ditches being entitled to one-half of
such waters so diverted from the said stream.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the
plaintiffs, as the Manuel Andres Trujillo Ditch, are entitled to
one-half of the waters diverted from the Arroyo Seco through the
common diversion dam and headgate of the Manuel Andres Trujillo
Community Ditch and the Las Colonias Community Ditch, for the
irrigation of their lands situated below the division line known
as the Gallegos Line, or Lindero, in the Arroyo Seco Valley; and
that the defendants, as the Las Colonias Community Ditch, are en-
titled to one-half of the waters diverted from the Arroyo Seco
through the diversion dam and headgate of the said Manuel Andres
Trujillo Community Ditch and the Las Colonias Community Ditch,
for the irrigation of their lands situated above the division
line known as the Gallegos Line, or Lindero, in the Arroyo Seco
Valley.

That plaintiffs and defendants, and their successors
in title, shall contribute equally to the cleaning and mainten-
ance of the common portion of said ditches, that is to say, from
the point of diversion to the point of division of said community
ditches.

That the use of said water shall be divided in the
following manner, to-wit: The defendants shall have the uninter-
rupted use of all the water for the irrigation of their lands,
situated above the Gallegos Line, or lindero, through the common
diversion works and the Las Colonias Ditch, from twelve o'clock
noon on each and every Sunday, until the hour of six o'clock in
the evening of the following Wednesday; and the plaintiffs shall
have the uninterrupted flow and use of all the water for the
irrigation of their lands, situated below the Gallegos Line, or

Lindero, through the common diversion works and the Manuel Andres
Trujillo Ditch, from six o'clock in the morning of each and every
Thursday until the hour of twelve o'clock noon the following Sun-
day; and that each of said Community Ditches shall have the unin-
terrupted flow and use of all of the water on alternate weeks for
the period from six o'clock p. m. Wednesday to six o'clock, a. m.
Thursday, that is to say, the plaintiffs shall have the use of the
water during said twelve-hour period one week, and the defendants
shall have the use of the water during said twelve-hour period the
following week; and that for such portions of land belonging to
defendants as lie below the Manuel Andres Ditch, but above said
Gallegos Line, or Lindero, and which are entitled to water from
the Las Colonias Ditch, the defendant  owners thereof shall have
the privilege of utilizing the Manuel Andres Trujillo Ditch, as a
lateral to convey their said water to their lands during the per-
iod of time, and from the waters allotted to the defendants, pro-
vided they shall assist in the cleaning and maintenance of that
portion of the Manuel Andres Trujillo Ditch, in proportion to their
irrigated acreage served through the same.

IT IS FURTHER ORDERED that at the beginning of each
irrigation season, in starting the alternate rotation of irriga-
tion as between the plaintiff community ditch and the defendant
community ditch, the plaintiff community ditch shall have the
first three days of irrigation, as above provided, and the first
Wednesday night period, and,

IT IS FURTHER ORDERED that during the period when plain-
tiffs shall be irrigating in their turn, as above provided, they
may use the Arroyo Seco Creek to distribute waters through laterals
below the diversion point of the main ditch, and defendants shall
in no way interfere with any of the water in the creek, but all of
the same shall be under the full control of the plaintiff's Mayor-
domo, it being understood that all of said waters, whether diverted

into the main ditch, or permitted to run down the Arroyo Seco
to the laterals, is, during such period, the exclusive property
of plaintiffs as if the same had been diverted at the dam; and,
likewise, during the period when defendants shall be irrigating
in their turn, as above provided, they may use the Arroyo Seco
Creek to distribute waters through laterals below the diversion
point of the main ditch, and plaintiffs shall in no way interfere
with any of the water in the creek, but all of the same shall be
under the full control of the defendants' Mayordomo, it being
understood that all of said waters, whether diverted into the
main ditch, or permitted to run down the Arroyo Seco to the
laterals, is, during such period, the exclusive property of de-
fendants as if the same had been diverted at the dam.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the
plaintiffs and each of them be, and they are hereby, enjoined
from in any way interfering with the use of the waters allotted
to defendants in the manner and at the times above specified;
and that defendants likewise be and they are hereby enjoined
from in any way interfering with the use of the waters allotted
to plaintiffs in the manner and at the times above specified.

IT IS FURTHER ORDERED that a certified copy of this
decree be served on each of the commissioners of said ditches,
and on each of the mayordomos, now acting and charged with the
duty of apportioning and distributing said waters.

Done this 23 day of July , 1934.

_Livingston N. Taylor_
District Judge.