IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer, *et al.,*

      Plaintiffs,

v.

EDUARDO ABEYTA, *et al.,* and
CELSO ARELLANO, *et al.,*

      Defendants.

69cv07896 BB
<u>RIO TAOS ADJUDICATION</u>

69cv07939 BB
<u>RIO HONDO ADJUDICATION</u>

(CONSOLIDATED)

**<u>MEMORANDUM OPINION AND ORDER</u>**

**THIS MATTER** comes before the Court on John Andrew Liebert's *Pro Se* Motion to Substitute Party (Doc. No. 5224, filed April 9, 2009), his Motion to Substitute Party (Doc. No. 5228, filed April 14, 2009), and the Liebert Trust's Motion to Substitute Party (Doc. No. 5230, filed April 14, 2009). For the reasons given below, the Court will **DENY** the Motions.

The Davidson Law Firm filed two Limited Entries of Appearance "for the sole purpose of filing a Motion to Substitute Party." (Doc. Nos. 5227 and 5229, both filed April 14, 2009). The Court approves the Davidson Law Firm's limited entry of appearance. *See* D.N.M.LR-Civ. 83.4(c) ("[a]n attorney may not appear in a limited manner as provided in N.M.R. PROF'L CONDUCT 16-303(E) except by Court order."). Because the sole purpose of the Davidson Law Firm's limited entry of appearance has been satisfied, *i.e.*, filing motions to substitute, the Davidson Law Firm's appearance is terminated.

The Motions seek to substitute (1) John Andrew Liebert for Andrew and Martha Liebert, and (2) the Liebert Trust for Joe Liebert based on changes in ownership of several water rights. The

Court's Data Manager reports that claimants Andrew and Martha Liebert and Joe Liebert have not entered their appearances as *pro se* parties and have not been otherwise joined as parties to this case. Consequently, the Court cannot substitute John Andrew Liebert and the Liebert Trust as parties. The Court will, therefore, deny the Motions to Substitute. The Court will construe the Motions to Substitute as Notices of Change of Ownership. If John Andrew Liebert and the Liebert Trust wish to become parties and receive general pleadings, orders and notices, they must file an entry of appearance. If they do not enter their appearances, they will continue to receive pleadings and other papers required to be served concerning their individual rights. (*See* Administrative Order Regarding Entries of Appearance, Doc. No. 4977, filed September 7, 2007).

**IT IS SO ORDERED.**

**BRUCE D. BLACK**
**UNITED STATES DISTRICT JUDGE**