**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

STATE OF NEW MEXICO, *ex rel.*
State Engineer, *et al.,*

               Plaintiffs,                                        69cv07896 BB
                                                    RIO TAOS ADJUDICATION

v.

                                                    69cv07939 BB

EDUARDO ABEYTA, *et al.,* and
CELSO ARELLANO, *et al.,*                                 RIO HONDO ADJUDICATION

               Defendants.                                         (CONSOLIDATED)

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on the State of New Mexico's ("State") Objections to Special Master's Report and Recommendations for Entry of Ditch Agreements (Doc. No. 5362, filed June 18, 2009, "Objections"). For the reasons stated below, the Objections will be **SUSTAINED in part** and **OVERRULED in part.**

**Ditch Agreements**

      The Special Master's Report recommends that:

> Because up-to-date agreements are needed by the acequias for internal purposes, Court staff should produce the ditch agreements with the following language as a "place holder" for the irrigation water requirements: "Amount of Water: Stock and domestic uses from the acequia and irrigation water requirements generally are reserved for future determination of the Court."

(Special Master's Report at 4, Doc. No. 5303, filed May 29, 2009). Ditch agreements are used by acequia commissioners to allocate water rights during irrigation season, and will be used for administrative purposes. (Order Vacating Ditch Agreements at 3, Doc. 4229, filed September 16, 2003).

The State objects to the recommendation that the Court staff should produce the ditch agreements and that the ditch agreements should include any "place holder" language regarding stock and domestic uses. (Objections at 4). The State contends that because the ditch agreements are not court orders but rather are legal agreements between parties, they should be drafted by the attorneys for the parties to the agreements. (Objections at 1).

Fifty-five acequias filed a joint response stating the Court should adopt the Special Master's Report. (Doc. No. 5366, filed June 29, 2009, "Acequias' Response"). The Acequias' Response addresses the issue of stock and domestic water rights but does not address the issue of whether Court staff should draft the ditch agreements. (*Id.*).

 The Court will sustain the State's Objection to Court staff preparing the ditch agreements. The State objects to entering into an agreement drafted by Court staff and the Court will not require the State to do so. *See Kothe v. Smith*, 771 F.2d 667, 669 (2d Cir. 1985) (court cannot coerce party to enter into settlement agreement).

Ditch agreements previously entered in this and other adjudications included a Consent Judgment which recognized the agreement between the parties as to the acequia's right to divert and use water and decreed the acequia's water rights. (Acequias' Response at 2-3 and Attachment at 3, 5, Doc. No. 5366-2). If the State and the Acequias enter into ditch agreements and move the Court for consent judgments, the Special Master shall file a report with her recommendations regarding entry of consent judgments on the ditch agreements.

**Stock and Domestic Rights**

The Special Master's second and final recommendation states that the "quantification of the amounts of water for livestock and domestic uses from the acequias should be stayed until such time as appropriate given the final status of the Settlement Agreement." (Special Master's Report at 4-5).

The State objects stating "As no claims or rights or evidence of beneficial use of stock and domestic uses from ditches or acequias are before the Court, the State objects to any reference that suggests otherwise." (Objections at 3). The Court will overrule the State's objection regarding the Special Master's reference to staying the quantification of the amounts of water for livestock and domestic uses. *See* FED. R. CIV. P. 53(f)(5) ("the court may set aside a master's ruling on a procedural matter only for an abuse of discretion").

**IT IS SO ORDERED.**

**BRUCE D. BLACK**
**UNITED STATES DISTRICT JUDGE**