IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer, *et al.,*

      Plaintiffs,

v.

EDUARDO ABEYTA, *et al.,* and
CELSO ARELLANO, *et al.,*

      Defendants.

69cv07896 BB
RIO TAOS ADJUDICATION

69cv07939 BB
RIO HONDO ADJUDICATION

(CONSOLIDATED)

## ORDER

**THIS MATTER** comes before the Court on the State' Second Motion for Summary Judgment on Subfile Priority Date. (Doc. No. 5248, filed May 15, 2009). For the reason stated below, the Court will **DENY** the Motion without prejudice.

The State seeks summary judgment that the April 1815 ditch-wide priority date adopted by the Court for the Acequia Madre del Llano applies to Defendant Alfred Trujillo's Subfiles 7.18A and 7.19A. (Motion at 1). The State argues that Defendant Trujillo cannot meet his burden to prove an earlier priority date for his Subfiles with admissible evidence and that he has had a full and fair opportunity to present his case for an earlier priority. (Motion at 7-15). The State's Motion does not set out a concise statement of the material facts as required by the District of New Mexico's Local Rule of Civil Procedure 56.1(b) which provides:

> The memorandum in support of the motion must initially set out a concise statement of all of the material facts as to which movant contends no genuine issue exists. The facts must be numbered and must refer with particularity to those portions of the record upon which the movant relies.

*See Justice v. Crown Cork and Seal Co., Inc.*, 527 F.3d 1080, 1085 (10th Cir. 2008) ("The movant bears the initial burden of presenting evidence to show the absence of a genuine issue of material fact."). The Court will, therefore, deny the State's Motion without prejudice. The State may file another motion for summary judgment which complies with D.N.M.LR-Civ. 56.1(b).

Should the State file another motion for summary judgment, Defendant Trujillo's response in opposition to the State's motion shall comply with D.N.M.LR-Civ. 56.1(b) which also provides:

> A memorandum in opposition to the motion must contain a concise statement of the material facts as to which the party contends a genuine issue does exist. Each fact in dispute must be numbered, must refer with particularity to those portions of the record upon which the opposing party relies, and must state the number of the movant's fact that is disputed. All material facts set forth in the statement of the movant will be deemed admitted unless specifically controverted.

**IT IS SO ORDERED.**

**BRUCE D. BLACK**
**UNITED STATES DISTRICT JUDGE**