IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer, *et al.,*

       Plaintiffs,

v.

EDUARDO ABEYTA, *et al.,* and
CELSO ARELLANO, *et al.,*

       Defendants.

69cv07896 BB
RIO TAOS ADJUDICATION

69cv07939 BB
RIO HONDO ADJUDICATION

(CONSOLIDATED)

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the State's Third Motion for Summary Judgment on Subfile Priority Date (Doc. No. 5394, filed November 2, 2009). For the reasons stated below, the Court will **GRANT** the Motion.

**Procedural Background**

The State requests the Court to "enter summary judgment in its favor and apply the Acequia Madre del Llano's April 1815 priority date to Subfile Nos. 7.18A and 7.19A." (Motion at 20). Mr. Alfred Trujillo owns and irrigates two tracts of land under Subfiles 7.18A and 7.19A with water diverted from the Medio lateral of the Acequia Madre del Llano. (*See* Consent Orders, Doc. Nos. 4308 and 4309, filed November 21, 2003; Motion ¶ 9 at 10).

The determination of the priority date for the Medio lateral and the Acequia Madre del Llano began when the State made an offer of judgment of April 2, 1815 based upon the State's research of the earliest first use on the ditch. (*See* Special Master's Report at 6, Doc. No. 2143, filed July 23, 1993). The Medio lateral and the Acequia Madre del Llano claimed priority dates of 1814 and 1815, respectively. (*See id.*). After hearing evidence, including testimony by Trujillo as commissioner and representative for the Acequia Madre del Llano, Special Master Zinn found the first use date for both

the Medio lateral and the Acequia Madre del Llano to be April 2, 1815.  (*See id.* at 19, 72-73; Trujillo's Response § 10 at 9).  Neither the Acequia Madre del Llano Community Ditch Association nor Trujillo filed objections to Special Master Zinn's Report.  The Acequia Madre del Llano Community Ditch Association, along with other ditch associations, eventually filed a motion asking the Court to adopt a stipulated priority date of April 1815 for the Acequia Madre del Llano.  (*See* Doc. No. 4922 at 4, 6, filed April 2, 2007).  The Court adopted the stipulated priority date of April 1815 for the Acequia Madre del Llano, subject to *inter se* proceedings.  (Doc. No. 5112 at 2, filed July 11, 2008).

"Due to the existence of many owners" for tracts 18 and 19 of Map 7 of the Hydrographic Survey for the Rio Hondo Section, the State created two new tracts, 18A and 19A, owned by Trujillo.  (*See* Consent Orders, Doc. Nos. 4308 and 4309, filed November 21, 2003).  The Court served Trujillo with Orders to Show Cause indicating that the State requested the Court to establish the priority date of April 1815 for Trujillo's subfiles 7.18A and 7.19A and informing Trujillo that if he objects to this priority date and wants to submit evidence of an earlier date, he must mail a request for a pretrial conference and hearing.  (*See* Orders to Show Cause, Doc. Nos. 5039 and 5040, filed March 4, 2008).  Trujillo objected to the April 1815 priority dates for subfiles 7.18A and 7.19A and requested a pretrial conference and hearing.  (*See* Doc. Nos. 5060 and 5061, filed April 7, 2008).

Following a pretrial conference, Special Master Gabin entered a Pretrial Order which limited the evidence Trujillo may submit to that which specifically supports his claimed priority dates for his tracts of irrigated land.  (*See* Doc. No. 5095, filed June 5, 2008).  The Pretrial Order precluded Trujillo from re-introducing "general evidence of settlement patterns and ditch-wide priority dates [which] was introduced at the previous hearings" before Special Master Zinn.  (*See id.* at 2).

The Special Master later ordered the parties to file "a short and precise statement of their respective positions regarding the water rights priorities" and again cautioned Trujillo that the evidence which he may submit is limited to that which specifically supports his claimed priority dates and that general evidence of settlement patterns and ditch-wide priorities may not be re-introduced. (Doc. No. 5178, filed November 19, 2008). In his Statement of Position Regarding Water Rights Priorities, Trujillo stated:

> A written chronological account explaining the geography, landmarks and documents which support a priority date of 1813 for Subfiles 7.18A and 7.19A will be presented. Included will be rebuttals of certain findings in John Baxter's [the State's expert in the hearings before Special Master Zinn] reports which were prepared for the State.

(Doc. No. 5187, filed December 17, 2008). The State of New Mexico's Statement of Position indicated that the priority dates for subfiles 7.18A and 7.19A should be April 1815, the same as the ditch-wide priority date adopted by the Court for the Acequia Madre del Llano. (Doc. No. 5183, filed December 15, 2008).

The State filed its first Motion for Summary Judgment Regarding Subfile Priority Date (Doc. No. 5181) on December 9, 2008. The Court denied the motion because the State did not meet its initial burden of showing an absence of evidence to support Trujillo's case. (*See* Doc. No. 5212, filed March 10, 2009).

Following a status and scheduling conference, Special Master Gabin entered a Pretrial Scheduling Order which reiterated the limitation on introducing evidence to that which specifically supports the claimed priority dates. (Doc. No. 5195, filed January 26, 2009). The Pretrial Scheduling Order recognized that the parties may need to refer to previously introduced documentary evidence stating the "ability to reference this evidence, however, shall not be construed as permission to re-examine, re-construe, or refute that which was introduced at the previous hearings and ruled

upon by the Court." (*Id.* at 1-2). The Pretrial Scheduling Order also indicated that Trujillo has the burden of proving his claim to a priority date earlier than April 1815, and set the completion of discovery for April 1, 2009. (*See id.* at 2-3). On March 28, 2009, Trujillo served his Statement of Findings Concerning Priority Dates for Tracts 7.18A and 7.19A. (*See* Certificate of Service, Doc. No. 5220, filed March 31, 2009).

On May 15, 2009, the State filed its Second Motion for Summary Judgment (Doc. No. 5248). The Court denied the motion without prejudice because the motion did not set out a concise statement of the material facts as required by the District of New Mexico's Local Rule of Civil Procedure 56.1(b). (*See* Order, Doc. No. 5386, filed October 19, 2009).

On November 2, 2009, the State filed its Third Motion for Summary Judgment on Subfile Priority Date (Doc. No. 5394) which is now before the Court.

**Summary Judgment**

The purpose of a summary judgment motion is to determine whether there is evidence to support a party's factual claims. *In re Grandote Country Club Co., Ltd.*, 252 F.3d 1146, 1149 (10th Cir. 2001). "In reviewing a summary judgment motion, the court is to view the record in the light most favorable to the nonmoving party." *Id.*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Justice v. Crown Cork and Seal Co., Inc.*, 527 F.3d 1080, 1085 (10th Cir. 2008).

"The movant bears the initial burden of presenting evidence to show the absence of a genuine issue of material fact; if this burden is met, it then becomes the responsibility of the non-moving party to set forth specific facts showing there is a genuine issue for trial." *Justice v. Crown Cork and Seal Co., Inc.*, 527 F.3d 1080, 1085 (10th Cir. 2008). This requires the non-moving party to present sufficient facts that a reasonable jury could find in his favor. *See Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). "Unsupported conclusory allegations do not create a genuine issue of fact." *In re Grandote Country Club Co., Ltd.*, 252 F.3d 1146, 1149 (10th Cir. 2001).

**Law of the Case**

Under the law of the case doctrine, "once a court decides an issue, the same issue may not be relitigated in subsequent proceedings in the same case." *Wessel v. City of Albuquerque*, 463 F.3d 1138, 1143 (10th Cir. 2006). "The doctrine is based on sound public policy that litigation should come to an end and is designed to bring about a quick resolution of disputes by preventing continued re-argument of issues already decided, so avoiding both a wasteful expenditure of resources by courts and litigating parties and the gradual undermining of public confidence in the judiciary." *McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1035 (10th Cir. 2000). "The promotion of judicial economy – a primary concern underlying the law of the case doctrine – requires that litigants be encouraged to present all available claims and defenses at the earliest opportunity." *Id.*

The law of the case doctrine is subject to three exceptions: "(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issue; or (3) when the decision was clearly erroneous and would work a manifest injustice." *Wessel v. City of Albuquerque*, 463 F.3d at 1143. Under the first exception, "courts have generally permitted a modification of the law of the case when

5

substantially different, new evidence has been introduced." *Id.* "The exception does not apply, however, where the additional evidence provided . . . at the supplemental hearing was evidence the proponent had in its possession, but failed to produce, at the time of the original hearing." *Id.* at 1143-1144.

**Discussion**

The State requests the Court to apply the Acequia Madre del Llano's April 1815 priority date to Subfile Nos. 7.18A and 7.19A. (Motion at 20). The State contends that there is no evidence to support Trujillo's claim to an 1813 priority date for Subfile Nos. 7.18A and 7.19A. (Material Facts 17 and 18, Motion at 9-10) (Material Fact 17 states that Trujillo's entire argument and purported evidentiary basis for his claim to an 1813 priority date is set forth in Trujillo's Statement of Findings; Material Fact 18 asserts that Trujillo's Statement of Findings "does not explain how any of the documents used to support Mr. Trujillo's priority date claim contain or constitute tract-specific evidence of beneficial use of water on Tracts 7.18A and 7.19A in 1813).

In addressing the State's Material Fact 17, Trujillo states that his Statement of Findings gives some background on the early settlement of the Rio Hondo Valley but disputes that it is his entire argument. (*See* Trujillo's Response §17 at 18-19, Doc. No. 5399, filed November 30, 2009). Trujillo had previously indicated that every document he is relying on to support his claimed priority date are identified in his Statement of Findings which explains the specific use of each document in support of his claimed priority date. (*See* Trujillo's Answer to the State's Interrogatory No. 2, Doc. No. 5394-10, filed November 2, 2009). Trujillo's response to the State's Material Fact 18 appears to be a summary of the explanation in his Statement of Findings. (*See id.* §18 at 19-20).

The Court has reviewed Trujillo's Statement of Findings (Doc. Nos. 5394-8 and 9, filed November 2, 2009). The Statement discusses the geography and settlement of the Rio Hondo Valley but mentions Tracts 18A and 19A on only three of the 20 pages. (*See id.* at 1, 15 and 19). The first mention merely states that the Statement pertains to those tracts. The references on pages 15 and 19 indicate that the tracts are located in an area irrigated by a ditch.

Both his Response and his Statement of Findings indicate that Trujillo's claim to a priority date of 1813 is premised on his conclusion that the ditch that irrigates Tracts 18A and 19A was in use by 1813. (*See* Trujillo's Response at 3 ("There is a dispute and a genuine issue for the Court to consider that this proceeding deals with an 1813 priority date for the Acequia del Medio and two subfile tracts that still irrigate directly from it")).

The Court has already adopted the Special Master's finding that the priority date for the Acequia Madre del Llano and its laterals is April 1815. The law of the case doctrine precludes the Court from relitigating the priority date of the Acequia Madre del Llano. None of the three exceptions to the law of the case doctrine apply here because Trujillo proffered no evidence that is substantially different from that presented to Special Master Zinn, identified no controlling authority subsequent to the hearings before Special Master Zinn that has made a contrary decision of the law applicable to the priority date issue, and has not demonstrated that Special Master Zinn's priority date finding was clearly erroneous and would work a manifest injustice.

The Court, having already determined a priority date of 1815 for the Acequia Madre del Llano, cannot find that Tracts 18A and 19A were irrigated in 1813 via the Acequia Madre del Llano. "Internally inconsistent findings constitute clear error." *Southwest Stainless, LP v. Sappington*, 582 F.3d 1176, 1184 (10th Cir. 2009); *Johnson v. ABLT Trucking Co., Inc.*, 412 F.3d 1138, 1144 (10th

Cir. 2005) ("When the jury provides answers that are irreconcilably inconsistent, the court cannot enter judgment without choosing between the conflicting findings of fact and thereby overturning one of them.").

Trujillo argues that his Statement of Findings is not his "entire argument" and is not "the total package" thereby suggesting he has additional argument and evidentiary support for his claim to an 1813 priority date. (Response at 19, 30). Trujillo states:

> The absence of evidence in this case remains a matter of due process. The Court has not received copies of the evidence as it relates to the Statement nor has other evidence having to do with maps, measurements and general visualization yet been presented in order for the Court to determine what constitutes an absence of evidence. . . . the State should move the Court for a hearing where all of the above can be in one place at one time and a decision rendered . . . .

(Response at 21).

Trujillo's assertion that the Court should hold a hearing in order to bring out the facts supporting his claims misapprehends the purpose of summary judgment, which is to evaluate whether a trial is necessary. *See Berry v. T-Mobile USA, Inc.*, 490 F3d. 1211, 1216 (10th Cir. 2007). Federal Rule of Civil Procedure 56(e)(2) states that a party opposing a motion for summary judgment may not rely merely on allegations or denials but must set out specific facts. Unsupported conclusory allegations will not suffice. *See In re Grandote Country Club Co., Ltd.*, 252 F.3d at 1149. The Court informed Trujillo that his Response must contain a concise statement of the facts as to which he contends a genuine issue exists and that he must refer with particularity to those portions of the record upon which he relies. (*See* Order at 2, Doc. No. 5386, filed October 19, 2009 (quoting D.N.M.LR-Civ. 56.1(b))). Trujillo had an opportunity to set forth the facts supporting his claims in his Response but did not do so. He now makes the conclusory allegation that there is other evidence that the Court has not considered, but does not identify what that evidence is or discuss

how the additional evidence would demonstrate a genuine issue of material fact for trial. The Court will not set a hearing for Trujillo to present additional evidence.

Finally, Trujillo notes that "[a]s a *pro* se defendant in this adjudication, legal matters become clearer as proceedings continue." (Response at 29). The Court, as it must, has construed Trujillo's Response and Statement of Facts liberally and has not held them to the more stringent standard that applies to documents drafted by counsel for the State. See *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (courts may "make some allowances for the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements"). However, *pro se* parties must follow the same rules of procedure that govern other litigants. *See United States v. Ceballos-Martinez*, 371 F.3d 713, 717 (10th Cir. 2004); *see also Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.1994) (A party's *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil Procedure).

Rule 56(e)(2) of the Federal Rules of Civil Procedure requires a party opposing summary judgment to set forth specific facts showing a genuine for trial, and states that "if the opposing party does not so respond, summary judgment, if appropriate, should be entered." Because Trujillo did not meet his burden of coming forward with specific facts showing that there is a genuine issue for trial, the Court will grant the State's motion for summary judgment.

**IT IS SO ORDERED.**

                                           **BRUCE D. BLACK**
                                           **UNITED STATES DISTRICT JUDGE**