**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

STATE OF NEW MEXICO, *ex rel.*
State Engineer, *et al.,*

      Plaintiffs,

v.

EDUARDO ABEYTA, *et al.,* and
CELSO ARELLANO, *et al.,*

      Defendants.

69cv07896 BB
<u>RIO TAOS ADJUDICATION</u>

69cv07939 BB
<u>RIO HONDO ADJUDICATION</u>

(CONSOLIDATED)

**<u>MEMORANDUM OPINION AND ORDER</u>**

**THIS MATTER** comes before the Court on the Acequia de Atalaya, Acequia Madre del Llano and Acequia de la Plaza Motion to Reconsider Memorandum Opinion and Order (Doc. No. 5425, filed April 26, 2010). For the reasons stated below, the Court will **GRANT** the Motion and **REMAND** this matter to the Special Master to hear additional evidence and prepare a report with recommendations.

**Procedural Background**

The Rio Hondo Acequias[1] and the State of New Mexico filed a joint motion asking the Court to adopt stipulated priority dates including the following:

| | |
|---|---|
| Des Montes Ditch (6 surcos) | August 1815 |
| Des Montes Ditch (remainder) | 1829 |
| Mariposa Ditch | August 1815.[2] |

---

[1] The Rio Hondo Acequias include the following community ditch associations: Acequia de Atalaya, Acequia Madre del Llano, Acequia de la Plaza, Des Montes, Rebalse, Mariposa and Acequia del Llano. (Doc. No. 4922 at 1, filed April 2, 2007).

[2] Following an evidentiary hearing, Special Master Zinn recommended priority dates of August 7, 1815 for Des Montes Ditch (6 surcos), Mariposa Ditch and the Acequia del Llano, and July 27, 1929 for Des Montes Ditch (remainder). (Doc. No. 2143 at 19, filed July 23, 1993). The

(Doc. No. 4922 at 4-5, filed April 2, 2007). Because they did not define the quantity "6 surcos," the Court ordered the Rio Hondo Acequias to file a joint stipulation defining the quantity "6 surcos" and explain how and where that quantity of water is to be allocated. (Doc. No. 5034 at 5, filed February 21, 2008). The Rio Hondo Acequias were not able to agree on a definition of the quantity "6 surcos." (*See* Doc. No. 5097 at 2, filed June 12, 2008). The Court adopted the stipulated priority dates and instructed the State to file a notice identifying which subfiles served by the Des Montes Ditch should have the August 1815 priority date and which should have the 1829 priority date. (*See* Doc. No. 5112 at 2, filed July 11, 2008). The Court also ordered the State to include in the notice a description of its basis for determining which of the two priority dates each of the subfiles should have. (*See id.*).

The State filed its notice which indicated that all subfiles served by the Mariposa Ditch should have a priority date of 1829, not August 1815 as stipulated to previously and recommended by the Special Master. (*See* Doc. No. 5152 at 2, filed October 10, 2008). The State's notice also indicated some subfiles on the Acequia del Llano should have a priority date of 1829 rather than the August 1815 date recommended by the Special Master. (*See id.*; *see also* Doc. No. 5138, filed September 10, 2008 (indicating that the Acequia del Llano and Mariposa Ditch are laterals of the Des Montes Ditch)). The State's notice stated that all tracts on the Des Montes Ditch should receive an August 1815 priority date. (*See id.*).

The State did not comply with the Court's order to include in the notice a description of its basis for determining which of the two priority dates each of the subfiles should have. The Court

---

joint motion (Doc. No. 4922, filed April 2, 2007) did not stipulate to a priority date for the Acequia del Llano.

assigned a ditch-wide priority date of August 1815 to the Des Montes Ditch and its laterals Acequia del Llano and Mariposa Ditch stating that the issue of which subfiles should have a priority date of 1829 rather than August 1815 can be addressed during the *inter se* proceeding. (*See* Doc. No. 5422 at 4, filed April 15, 2010).

**Motion to Reconsider**

The Acequia de Atalaya, Acequia Madre del Llano and Acequia de la Plaza ask the Court to reconsider and set aside its order assigning a priority date of August 1815 to the Des Montes Ditch and its laterals Acequia del Llano and Mariposa Ditch. (Motion at 9). The Movants argue that the "Order in effect unravels six years of difficult [negotiations] and starts inter se proceedings not far from where they were in 2004" and will result in difficult litigation. (Mem. at 2, 4). The Des Montes Ditch did not file a response brief.

The State also requests that the Court set aside its Order and adopt the priority dates as specified in the State's Notice. (Response at 6). The State indicates that the proposed priority dates of 1815 and 1829 for the subfiles identified in the State's Notice were based on historical evidence presented to Special Master Zinn and the stipulation of the Cuchilla Ditches. (*Id.* at 5-6).

The State's description of the process for identifying which subfiles should be assigned a priority date of 1829 is in general terms, referring to the "upper" Des Montes Ditch and "laterals," and hence is somewhat vague. The Court reviewed the evidence presented to Special Master Zinn and found that the evidence was similarly general referring to "upper" and "lower" Des Montes and laterals and appeared aimed toward determining ditch-wide priorities with no indication of which subfiles should be granted a priority date of 1829. Exhibit A to the State's Notice, which is a map showing the specific tracts, is not legible. (*See* Doc. No. 5152-1, filed October 10, 2008). The State

contends that the later priority date of 1829 would apply to laterals constructed by new settlers, i.e. the Mariposa and Llano Ditches. (State's Response at 6). Yet Special Master Zinn's Report assigns 1829 to the "lower" Des Montes Ditch and expressly finds 1815 for the Mariposa and Llano Ditches. (Doc. No. 2143 at 19, filed July 23, 1993). Consequently, the Court cannot determine whether the State's identification of those subfiles that should have an 1829 priority date is arbitrary or based on evidence.

The Court will not, at this time, adopt the subfile priorities as identified in the State's Notice. Doing so would bind some subfile owners, many of whom may have been absent from the stipulation negotiations, to an 1829 priority date, as opposed to an 1815 priority date granted to others, which could be unfair. *See Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 325 (1984) ("The universal rule of due process is fairness"). Neither the State nor the Movants have demonstrated that their identification of subfiles with an 1829 priority date would be fair to the owners of those subfiles. *See Holmes v. Continental Can Co.*, 706 F.2d 1144, 1147 (11th Cir. 1983) ("Proponents of class action settlements bear the burden of developing a record demonstrating that the settlement distribution is fair, reasonable and adequate").

The State also requested "alternatively [that the Court] allow the Cuchilla Ditches and the State to file a joint motion offering more evidence to support the adoption of an 1829 priority date for the subfiles identified in the State's Notice." (*Id.* at 6). The Court will allow the Cuchilla Ditches and the State to offer more evidence to support the adoption of an 1829 priority date for the subfiles identified in the State's Notice. Offering evidence is properly before the Special Master. (*See* Order of Reference, Doc. No. 2205, filed January 25, 1995 (directing the Special Master to hear and determine all claims including determining all motions)). After hearing the evidence, the Special

Master shall file a report recommending priority dates for the subfiles served by the Des Montes Ditch and its laterals Acequia del Llano and Mariposa Ditch.

**IT IS SO ORDERED.**

*[signature: Bruce D. Black]*

**BRUCE D. BLACK**
**CHIEF UNITED STATES DISTRICT JUDGE**