**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

STATE OF NEW MEXICO, *ex rel.*
State Engineer, *et al.,*

               Plaintiffs,

v.

EDUARDO ABEYTA, *et al.,* and
CELSO ARELLANO, *et al.,*

               Defendants.

69cv07896 BB
RIO TAOS ADJUDICATION

69cv07939 BB
RIO HONDO ADJUDICATION

(CONSOLIDATED)

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on Defendant Alfred Trujillo's Motion to Reconsider Memorandum Opinion and Order (Doc. No. 5447, filed July 12, 2010).  For the reasons stated below, the Court will **DENY** the Motion.

**Procedural Background**

      After an evidentiary hearing, Special Master Zinn found priority dates for 83 ditches, including April 2, 1815 for the Acequia Madre del Llano.  (Doc. No. 2143 at 19, filed July 23, 1993).  Several of the ditch associations objected to Special Master Zinn's findings.  (*See* Doc. No. 2144, filed July 29, 1993; Doc. No. 2150, filed August 5, 1993; Doc. No. 2153, filed August 5, 1993; Doc. No. 2162, filed August 23, 1993).  The Court granted a joint motion by the State, the Acequia Madre del Llano and other ditch associations to adopt a stipulated priority date of April 1815 for the Acequia Madre del Llano.  (*See* Doc. No. 5112 at 2, filed July 11, 2008).  Defendant Alfred Trujillo ("Trujillo") owns and irrigates two tracts of land under Subfiles 7.18A and 7.19A with water diverted from the Acequia Madre del Llano.  (*See* Consent Orders, Doc. Nos. 4308 and 4309, filed November 21, 2003).

After being served with Orders to Show Cause (Doc. Nos. 5039 and 5040, filed March 4, 2008), Trujillo objected to the April 1815 priority date proposed for his subfiles. (*See* Doc. Nos. 5060 and 5061, filed April 7, 2008). Special Master Gabin entered pretrial orders which limited the evidence Trujillo could submit to that which specifically supported his claimed priority dates and precluded him from re-introducing "general evidence of settlement patterns and ditch-wide priority dates [which] was introduced at the previous hearings" before Special Master Zinn. (*See* Doc. No. 5095, filed June 5, 2008; Doc. No. 5178, filed November 19, 2008; Doc. No. 5195, filed January 26, 2009)

The State of New Mexico filed a motion for summary judgment (Doc. No. 5394, filed November 2, 2009) requesting the Court to apply the Acequia del Llano's April priority date to Subfile Nos. 7.18A and 7.19A. The State contended that there is no evidence to support Trujillo's claim to an 1813 priority date for Subfile Nos. 7.18A and 7.19A. (*Id.* at 9-10). In his Response, Trujillo made the conclusory allegation that there is other evidence that the Court has not considered, but did not set forth that evidence or discuss how the additional evidence would demonstrate a genuine issue of material fact for trial. (*See* Doc. No. 5399, filed November 30, 2009). Because Trujillo did not meet his burden of coming forward with specific facts showing that there is a genuine issue for trial, the Court granted the State's motion for summary judgment. (*See* Mem. Op. and Order, Doc. No. 5440, filed June 25, 2010).

**Motion to Reconsider**

Trujillo asks the Court to reconsider its Memorandum Opinion and Order granting summary judgment in favor of the State and to hold a hearing allowing him to present evidence regarding the priority date of Subfiles 7.18A and 7.19A. Trujillo argues there is a genuine issue of material fact

because there is evidence that has not yet been presented to the Court.  (*See* Motion at 14).  Trujillo

states "I have evidence that I can't share as it was meant to be demonstrated a[t] the hearing."  (*Id.*).

His Motion essentially sets forth the same argument he presented in his response opposing the

State's motion for summary judgment.  "It is not appropriate to revisit issues already addressed or

advance arguments that could have been raised in prior briefing."  *Van Skiver v. United States*, 952

F.2d 1241, 1243 (10th Cir. 1992).

      Trujillo contends that it would be an injustice to not hold a hearing and allow him to present

his evidence.  (*See* Motion at 18).  *See Singleton v. Wulff*, 428 U.S. 106, 121 (1976) ("[I]njustice

was more likely to be caused than avoided by deciding the issue without petitioner's having had an

opportunity to be heard."); *Servants of the Paraclete v. Doe*, 204 F.3d 1005, 1012 (10th Cir. 2000)

("Grounds warranting a motion to reconsider include (1) an intervening change in the controlling

law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent

manifest injustice.").

      Trujillo had an opportunity to be heard provided that he comply with the Court's orders and

the Federal Rules of Civil Procedure.  The Court informed Trujillo that his response opposing the

State's motion for summary judgment must contain a concise statement of the facts as to which he

contends a genuine issue exists and that he must refer with particularity to those portions of the

record upon which he relies.  (*See* Order at 2, Doc. No. 5386, filed October 19, 2009 (quoting

D.N.M.LR-Civ. 56.1(b))); *Berry v. T-Mobile USA, Inc.*, 490 F3d. 1211, 1216 (10th Cir. 2007)

(purpose of summary judgment is to evaluate whether a hearing is necessary); Federal Rule of Civil

Procedure 56(e)(2) (requiring that a party opposing a motion for summary judgment set out specific

facts).  Trujillo did not comply with the Court's order to set forth the facts supporting his claims in

his response to the State's motion for summary judgment and thus did not demonstrate that a trial is necessary to determine factual issues.  The Court will not hold an evidentiary hearing at the request of a party who does not comply with the Court's orders and the Federal Rules of Civil Procedure.  Doing so would cause unfair surprise to the other parties.  *See The Law Co., Inc. v. Mohawk Construction and Supply Co.*, 577 F.3d 1164, 1171 (10th Cir. 2009) ("The primary purpose of pretrial orders is to avoid surprise."); *Dunlap v. City of Oklahoma*, 12 Fed.Appx. 831, 834, 2001 WL 629647 *2 (10th Cir.) ("One clear purpose of the federal discovery rules is to facilitate fact finding and prevent unfair surprise.").

The Court will deny Trujillo's Motion to Reconsider Memorandum Opinion and Order (Doc. No. 5447, filed July 12, 2010).

**IT IS SO ORDERED.**

_____
**BRUCE D. BLACK**
**CHIEF UNITED STATES DISTRICT JUDGE**