IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer, *et al.,*

           Plaintiffs,

v.

EDUARDO ABEYTA, *et al.,* and
CELSO ARELLANO, *et al.,*

           Defendants.

69cv07896 MV
RIO TAOS ADJUDICATION

69cv07939 MV
RIO HONDO ADJUDICATION

(CONSOLIDATED)

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Spring Ditch Acequia Association's ("Spring Ditch") Motion to Reconsider Order of April 3, 2013  (Doc. No. 5549, filed May 7, 2013).  For the reasons stated below, the Court will **DENY** the motion.  The Court notifies Spring Ditch that it can appear in this case only with an attorney.

On April 3, 2012, the Court granted Ms. Dempsey's motion for leave to withdraw from representation of Spring Ditch.  (*See* Doc. 5547).  Prior to the order, Ms. Dempsey represented the fifty-five acequias and community ditches, including Spring Ditch, which are members of the Taos Valley Acequia Association ("TVAA").  During the course of her representation 54 of the 55 acequias and ditch associations, along with the authorized representatives of the United States, the State of New Mexico, Taos Pueblo, the Town of Taos, the El Prado Water and Sanitation District, 12 Taos Area Mutual Domestic Water Consumers Associations, and the TVAA, executed a settlement agreement.  Spring Ditch did not execute the settlement agreement.  The settlement agreement is subject to a procedural order (Doc. 5546, filed March 11, 2013) which will allow claimants to file objections prior to the Court's decision whether to approve the settlement agreement.  Because Ms. Dempsey stated she does not believe she can represent both the 54 TVAA

acequia members that have executed the Settlement Agreement and Spring Ditch which has indicated it does not intend to execute the Settlement Agreement, the Court granted her leave to withdraw from representation of Spring Ditch. The Court's Order also notified Spring Ditch that it can appear in this case only with an attorney.

The Mayordomo and Commissioners of Spring Ditch then filed the motion to reconsider now before the Court. Spring Ditch states that it "was under the impression that Mr. Daniel Sanchez [an attorney that represents Spring Ditch on another matter] would file the appropriate objections once" Ms. Dempsey filed her motion to withdraw. (Motion at 1). "Mr. Sanchez has informed [Spring Ditch] that he did not receive the Motion for Leave to Withdraw from Representation and therefore did not enter an appearance nor file objections on behalf of the Spring Ditch Acequia Association." (Motion at 1). Spring Ditch now asserts that it "does in fact object to Ms. Rebecca Dempsey's withdrawal from representation of the Spring Ditch because we have relied on her representation of our interests regarding our water rights in this matter and continue to do so." (Motion at 1). In support of their objection to Ms. Dempsey's withdrawal, the officers of Spring Ditch state that they are members in good standing of the TVAA and have paid their membership dues dutifully and promptly every year as they became due. They also state that they "can not afford the high costs of hiring an attorney to continue the adjudication process on our own." (Motion at 2).

The motion to reconsider now before the Court was filed by the officers of Spring Ditch, not by an attorney. The Court again notifies Spring Ditch that it can appear in this case only with an attorney. *See* D.N.M.LR-Civ. 83.7 ("A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court"). The Court will consider Spring Ditch's motion to reconsider because Spring Ditch indicates that Mr. Sanchez did not receive Ms. Dempsey's motion for leave to withdraw. The Court will not, however,

consider any further filings by Spring Ditch unless they are filed by an attorney.

Spring Ditch has reviewed the Court's Order granting Ms. Dempsey leave to withdraw from representing Spring Ditch. (*See* Motion at 1). The Court allowed Ms. Dempsey to withdraw because (1) she identified a conflict of interest between Spring Ditch and the 54 acequias that executed the settlement agreement and (2) the Rules of Professional Conduct adopted by the Supreme Court of the State of New Mexico prohibit a lawyer from representing a party if the representation of one client will be directly adverse to another client. (Doc. No. 5547 at 2). Spring Ditch does not deny that there is a conflict of interest or that Ms. Dempsey's representation of Spring Ditch would be directly adverse to the 54 acequias that have executed the settlement agreement. Nor does Spring Ditch identify any legal authority that would excuse Ms. Dempsey from complying with the Rules of Professional Conduct. Requiring Ms. Dempsey to represent both Spring Ditch and the 54 other acequias could subject Ms. Dempsey to professional discipline by the New Mexico Bar. *See* N.M. Rules Ann., Scope of Rules of Professional Conduct ("Failure to comply with an obligation or prohibition imposed by a rule [of professional conduct] is a basis for invoking the disciplinary process."). The Court will, therefore, deny Spring Ditch's motion to reconsider.

**IT IS SO ORDERED.**

**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**