IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer, *et al.*,

                Plaintiffs,

v.

EDUARDO ABEYTA, *et al.*, and
CELSO ARELLANO, *et al.*,

                Defendants.

69cv7896 MV
Rio Taos Adjudication

69cv7939 MV
Rio Hondo Adjudication

Consolidated

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Alfred Trujillo's Request to Set Aside Priority Date for Subfiles 7.18A and 7.19A. (Doc. No. 5513, filed November 14, 2011). For the reasons stated below, the Court will **DENY** the motion.

**Background**

Defendant Alfred Trujillo owns and irrigates two tracts of land under Subfiles 7.18A and Subfile 7.19A. (*See* Consent Orders, Doc. Nos. 4308 and 4309, filed November 21, 2003). The irrigation water for Trujillo's subfiles is diverted from the Medio lateral of the Acequia Madre del Llano. The Court assigned a priority date of April 1815 to Trujillo's subfiles. (*See* Mem. Op. and Order, Doc. No. 5440, filed June 25, 2010) (Black, J.). Trujillo asks the Court to set aside the 1815 priority date and to allow him to present additional evidence.

The Court has established a four-step process for determining priority dates for each subfile. (*See* Mem. Op. and Order at 4 n.2, Doc. No. 3102, filed February 21, 2003) (Conway, J.); Mem. Op. and Order at 6-10, Doc. No. 3026, filed May 13, 2002) (Conway, J.). First, the State recommends a priority date for each acequia or irrigation ditch based on the State's historical research. The Court then applies the "ditch-wide" priority to each subfile that diverts

water from that ditch and sends a notice and order to show cause to each subfile owner stating that in the absence of objections by the subfile owners, the Court will assign the State-recommended priority date to their subfile. Third, subfile owners that object to the State-recommended priority date may present evidence demonstrating that an earlier priority date is appropriate. The fourth step is the *inter se* phase of the adjudication where a party may challenge the priority date of other parties' subfiles and offer evidence showing that those subfiles should have a later priority date.

The State recommended a priority date of April 2, 1815 for the Acequia Madre del Llano. (*See* Special Master's Report at 6, Doc. 2143, filed July 23, 1993). After hearing evidence, Special Master Zinn found the first use date, and thus the priority date, of the Medio lateral and the Acequia Madre del Llano to be April 2, 1815. (*See* Special Master's Report at 19). Trujillo testified at the hearing before Special Master Zinn as commissioner of the Acequia Madre del Llano. (*See* Special Master's Report at 72-73). Neither Trujillo nor the Acequia Madre del Llano Community Ditch Association filed objections to Special Master Zinn's Report. The Acequia Madre del Llano Community Ditch Association, along with other ditch associations, filed a motion asking the Court to adopt a stipulated priority date of April 1815 for the Medio lateral and the Acequia Madre del Llano. (*See* Doc. No. 4922 at 4, 6, filed April 2, 2007). The Court adopted the stipulated priority date of April 1815 subject to *inter se* proceedings. (*See* Doc. 5112 at 2, filed July 11, 2008) (Black, J.).

The Court served Trujillo with Orders to Show Cause indicating that the State requested the Court to apply the April 1815 priority date of the Acequia Madre del Llano to Trujillo's subfiles 7.18A and 7.19A and informing Trujillo that if he objects to this priority date and wants to submit evidence of an earlier date, he must mail a request for a pretrial conference and

hearing.  (*See* Orders to Show Cause, Doc. Nos. 5039 and 5040, filed March 4, 2008).  Trujillo objected to the April 1815 priority date for subfiles 7.18A and 7.19A and requested a pretrial conference and hearing.  (*See* Doc. Nos. 5060 and 5061, filed April 7, 2008).

Following a status and scheduling conference, Special Master Gabin entered a Pretrial Scheduling Order which indicated that Trujillo has the burden of proving his claim to a priority date earlier than April 1815, and set the completion of discovery for April 1, 2009.  (Doc. No. 5195, filed January 26, 2009).  On March 28, 2009, Trujillo served his Statement of Findings Concerning Priority Dates for Tracts 7.18A and 7.19A.  (*See* Certificate of Service, Doc. No. 5220, filed March 31, 2009).  The State then filed a motion for summary judgment arguing that Trujillo cannot meet his burden of proving an earlier priority date for his subfiles with admissible evidence.  (*See* Doc. 5248, filed May 15, 2009).  The Court denied the State's motion for summary judgment without prejudice because the State did not set out a concise statement of the material facts as required by the District of New Mexico's Local Rule of Civil Procedure 56.1.  (*See* Doc. 5386, filed October 19, 2009) (Black, J.).  In its Order denying the State's motion and allowing the State to file a revised motion, the Court notified Trujillo that his response to the revised motion must comply with D.N.M.LR-Civ. 56.1 and quoted D.N.M.LR-Civ. 56.1 which requires that Trujillo's response contain a concise statement of the material facts as to which he contends a genuine issues exists and must refer with particularity to those portions of the record upon which he relies.  (*See id.*).

On November 2, 2009, the State filed a revised motion for summary judgment asking the Court to "apply the Acequia Madre del Llano's April 1815 priority date to Subfile Nos. 7.18A and 7.19A."  (Doc. No. 5394).  Instead of presenting all of his evidence, Trujillo's response suggests that he has additional argument and evidentiary support for his claim and states that the

Court should hold a hearing to consider the additional evidence.  (*See* Doc. 5399 at 21, filed November 30, 2009).  The Court noted that Trujillo had an opportunity to set forth the facts supporting his claims in his response but did not do so and stated that Trujillo "makes the conclusory allegation that there is other evidence that the Court has not considered, but does not identify what that evidence is or discuss how the additional evidence would demonstrate a genuine issue of material fact for trial." (Doc. 5440 at 8-9, filed June 25, 2010) (Black, J.).  The Court granted summary judgment in favor of the State because "Trujillo did not meet his burden of coming forward with specific facts showing that there is a genuine issue for trial." (*See id.* at 9).

On July 12, 2010, Trujillo filed a motion asking the Court to reconsider is order granting summary judgment in favor of the State arguing that there is a genuine issue of material fact because there is evidence that has not yet been presented to the Court. (Doc. 5447, filed July 12, 2010). Trujillo stated that "I have evidence that I can't share as it was meant to be demonstrated at the hearing." (Doc. 5447 at 14).  The Court denied Trujillo's motion for reconsideration stating:

> Trujillo had an opportunity to be heard provided that he comply with the Court's orders and the Federal Rules of Civil Procedure.  The Court informed Trujillo that his response opposing the State's motion for summary judgment must contain a concise statement of the facts as to which he contends a genuine issue exists and that he must refer with particularity to those portions of the record upon which he relies.  (*See* Order at 2, Doc. No. 5386, filed October 19, 2009 (quoting D.N.M.LR-Civ. 56.1(b))); *Berry v. T-Mobile USA, Inc.*, 490 F3d. 1211, 1216 (10th Cir. 2007) (purpose of summary judgment is to evaluate whether a hearing is necessary); Federal Rule of Civil Procedure 56(e)(2) (requiring that a party opposing a motion for summary judgment set out specific facts).  Trujillo did not comply with the Court's order to set forth the facts supporting his claims in his response to the State's motion for summary judgment and thus did not demonstrate that a trial is necessary to determine factual issues.  The Court will not hold an evidentiary hearing at the request of a party who does not comply with the Court's orders and the Federal Rules of Civil Procedure.  Doing so would cause unfair surprise to the other parties.  *See The Law Co., Inc. v. Mohawk*

>    *Construction and Supply Co.*, 577 F.3d 1164, 1171 (10th Cir. 2009) ("The primary purpose of pretrial orders is to avoid surprise."); *Dunlap v. City of Oklahoma*, 12 Fed.Appx. 831, 834, 2001 WL 629647 *2 (10th Cir.) ("One clear purpose of the federal discovery rules is to facilitate fact finding and prevent unfair surprise.").

(Doc. 5460 at 3-4, filed November 22, 2010) (Black, J.). Trujillo then filed his Request to Set Aside Priority Date for Subfiles 7.18A and 7.19A which is now before the Court.

**Discussion**

Trujillo's Request to Set Aside Priority Date for Subfiles 7.18A and 7.19A is a motion to reconsider. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Doe*, 204 F.3d 1005, 1012 (10th Cir. 2000). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1992).

Trujillo contends that the Court should set aside the priority dates it assigned to his water rights which are on the Medio lateral of the Acequia Madre del Llano. Trujillo points to the adjudication of priority dates for another ditch, the Des Montes Ditch and two of its laterals. The State and the Des Montes Ditch Association have presented evidence that the Des Montes Ditch and its laterals developed in stages and, consequently, have two different priority dates. Trujillo characterizes giving one priority date to the first stage of Des Montes Ditch and a later priority date to an extension of the Des Montes Ditch and laterals, which were constructed well after the first stage of the Des Montes Ditch, as a "rule change" that was not available to him. (Motion at 3).

Trujillo has not shown any grounds warranting a motion to reconsider.  There has been no "rule change."  Trujillo had the opportunity to present evidence at the hearing before Special Master Zinn showing that the Acequia Madre del Llano and the Medio lateral, which serve his subfiles, developed in stages and consequently should have different priority dates.  Trujillo did not do so.  The Court will not allow Trujillo to now raise arguments that he could have raised before Special Master Zinn.

**IT IS SO ORDERED.**

Dated this 10th day of September, 2013.

_____
**MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE**