## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer, *et al.,*

      Plaintiffs,

v.

EDUARDO ABEYTA, *et al.,* and
CELSO ARELLANO, *et al.,*

      Defendants.

69cv07896 MV
RIO TAOS ADJUDICATION

69cv07939 MV
RIO HONDO ADJUDICATION

(CONSOLIDATED)

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the State of New Mexico's Objection and Motion to Modify and Adopt Special Master's Report Regarding Des Montes Subfiles (Doc. 5560, filed June 26, 2013), Joint Motion to Adopt Special Master's Report Regarding Des Montes Subfiles (Doc. 5561, filed June 27, 2013), Defendant Alfred Trujillo's Request for Additional Time to Respond to Special Master's Report Regarding Des Montes Subfiles (Doc. 5565, filed July 16, 2013), and Defendant Alfred Trujillo's Objection and Motion to Deny Special Master's Report Regarding Des Montes Subfiles (Doc. 5568, filed July 16, 2013). For the reasons stated below, the Court will:

1. **OVERRULE** Trujillo's Objection and **DENY** his Motion to Deny Special Master's Report Regarding Des Montes Subfiles (Doc. 5568);

2. **DENY** Trujillo's Request for Additional Time to Respond to Special Master's Report Regarding Des Montes Subfiles (Doc. 5565) as moot;

3. **OVERRULE** the State's Objection and **DENY** the State's Motion (Doc. 5560) **without prejudice**; and

4. **DENY** the Joint Motion (Doc. 5561) **without prejudice**.

The Special Master shall serve each individual whose water rights are now proposed to be adjudicated with a 1829 priority with an order to show cause why their water rights should not be adjudicated with that date.  The Special Master shall file a report with recommendations regarding any objections to the proposed 1829 priority.

**Procedural Background**

On September 11, 1989, the Court entered its Order to Show Cause requiring each of the defendant water rights owners to make any objection they may have to the entry of a provisional judgment declaring their water rights priority date to be as shown in the Notice of Order to Show Cause. (Doc. 1641) (Campos, C.J.).  The proposed priority dates for the three ditches that are the subject of this Order were:  1815 for Des Montes; 1898 for Acequia del Llano; and 1907 for Mariposa.  (*See* Cert. of Service, Doc. 1645, filed September 18, 1989).  One-hundred sixteen (116) individuals and forty-five (45) acequias filed objections to the proposed priority dates.  (Doc. 3102, filed February 21, 2003) (Conway, J.).

After holding hearings on the objections to the proposed priority dates, Special Master Zinn filed his Report with his findings of fact regarding the acequias' priority dates.  (Doc. 2143, filed Jul 26, 1993) ("Zinn Report").  Special Master Zinn found that the probable first application of water to beneficial use and, therefore, the priority dates for the subject ditches are: (1) August 7, 1815 for upper Des Montes; (2) July 27, 1829 for the remainder of Des Montes; (3) August 7, 1815 for Acequia del Llano; and (4) August 7, 1815 for Mariposa.  (Zinn Report at 19).

In 2007, the State and several ditch associations, including those for Des Montes, Acequia del Llano and Mariposa, filed a joint motion asking the Court to adopt the priorities as recommended in the Zinn Report.  (Doc. 4922 at 4, filed April 2, 2007).  The Court adopted the priority dates as recommended in the Zinn Report and instructed the parties to file additional information regarding

2

which portion of Des Montes Ditch has the August 1815 priority date and which portion has the 1829 priority date.  (Doc. 5034 at 5, filed February 21, 2008) (Black, J.).

On October 21, 2011, the State filed its Amended Notice of Identification of Des Montes Subfiles and Additional Evidence in Support (Doc. 5510; Notice of Errata, Doc. 5511, filed October 22, 2011).  The State's Notice, which is based on a report by its expert historian John O. Baxter, Ph.D., identifies which tracts served by the three ditches should have a priority date of August 7, 1815, and which should have a priority date of 1829.  The State asserts that all tracts served by the Mariposa Ditch and ten tracts served by the Acequia del Llano should have a priority date of 1829, and that the remaining 18 tracts served by the Acequia del Llano and all tracts served by the Des Montes Ditch should have a priority date of August 7, 1815.

On June 6, 2013, Special Master Vickie Gabin filed her Report Regarding Des Montes Subfiles (Doc. 5558).  Special Master Gabin recommended that the Court adopt the priority dates proposed in the State's Amended Notice.  She also recommended that the Court order each individual whose water rights are now proposed to be adjudicated with an 1829 priority (30 subfiles in all) to show cause why their water rights should not be adjudicated with that date.  The State, several ditch associations and a *pro se* defendant then filed the motions and objections now before the Court.

**Trujillo's Motions**

*Pro se* Defendant Alfred Trujillo filed two motions related to the Special Master's Report. One of his motions objects to the Special Master's Report and asks the Court to deny the Special Master's Report.  Trujillo asserts that there is no evidentiary basis for the 1815 priority date recommended by the Special Master because it is based on "a poor copy of a false decree meant to perpetrate a fraud." (Trujillo's Motion to Deny Special Master's Report at 3).  Trujillo contends that

3

the State "submitted erroneous history on behalf of Des Montes" and that the Court should consider additional evidence. (*Id.* at 5-6). Trujillo also contends that his "subfiles 7.18A and 7.19A should be given due process at the subfile level and resolved before proceeding with larger areas and larger issues." (*Id.* at 5-6, 10). Trujillo's subfiles 7.18A and 7.19A are not associated with the three ditches that are the subject of this Order.

The Court will overrule Trujillo's Objection and deny his Motion to Deny Special Master's Report Regarding Des Montes Subfiles (Doc. 5568, filed July 16, 2013). Trujillo has no standing to challenge Des Montes Ditch's priority date at this time. Trujillo admits that he does not have a water right on any of the three ditches and acknowledges that he will have the opportunity to challenge the priority dates for the three ditches later during the *inter se* phase of this adjudication. Regarding Trujillo's contention that his subfiles 7.18A and 7.19A should be resolved, the Court has already ruled on the priority dates for Trujillo's subfiles. (*See* Mem. Op. and Order, Doc. 5440, filed July 12, 2010 (granting summary judgment as to the priority date of Trujillo's subfiles 7.18A and 7.19A) (Black, J.); Mem. Op. and Order, Doc. 5460, filed November 22, 2010 (denying Trujillo's motion to reconsider) (Black, J.); Mem. Op. and Order, Doc. 5583, filed September 10, 2013 (denying Trujillo's request to set aside the priority date for subfiles 7.18A and 7.19A) (Vázquez, J.)).

Trujillo's other motion requests additional time to respond to the Special Master's Report on the grounds that he did not "know it was permissible to respond to the Special Master's Report." (Trujillo Motion for additional Time at 1). Because it has already considered Trujillo's objections and motion to deny the Special Master's Report, the Court will deny Trujillo's Request for Additional Time to Respond to Special Master's Report Regarding Des Montes Subfiles (Doc. 5565, filed July 16, 2013) as moot.

**Priority Dates**

The Special Master recommended that the Court adopt the following priority dates:

| Ditch Name | Priority Date |
|---|---|
| Des Montes | August 7, 1815 |
| Acequia del Llano | August 7, 1815 (18 tracts)<br>1829 (10 tracts) |
| Mariposa | 1829 |

(Special Master's Report at 3).  The Special Master also recommended that "the court require each individual whose water rights are now proposed to be adjudicated with an 1829 priority (30 subfiles in all) to show cause why their water rights should not be adjudicated with that date."

The State, the Acequia Madre del Llano Community Ditch Association, the Acequia de la Plaza Community Ditch Association, the Acequia de Atalaya Community Ditch Association, and the Des Montes Community Ditch Association which includes the Acequia del Llano and Mariposa Ditch, agree with the Special Master's recommendations that the Court adopt the priority dates for the Des Montes Ditch, the Acequia del Llano and Mariposa Ditch as set forth in her Report.  (Joint Motion at 1-2).

The State objects to the Special Master's recommendation that "the court require each individual whose water rights are now proposed to be adjudicated with an 1829 priority (30 subfiles in all) to show cause why their water rights should not be adjudicated with that date."  (State's Motion at 3).  The State notes that those subfile owners were served with Notices of the priority dates proposed by the State and were notified of a hearing set in 1990 before Special Master Zinn at which they could present their objections to the proposed priority dates.  The State also indicates that the Notices proposed much later priority dates than the 1829 priority date recommended in

5

Special Master Gabin's Report.  The State concludes that "the owners of those subfiles [do not] require any further opportunity to object or to argue for a different priority date." (State's Motion at 3).  The Court disagrees.

After hearing evidence regarding objections to the proposed priority dates, Special Master Zinn recommended a priority date of August 7, 1815 for the Acequia del Llano and Mariposa Ditch. Subfile owners on those ditches that were satisfied with the August 7, 1815 priority date would have had no reason to file an objection to Special Master Zinn's Report.  The State's Amended Notice now indicates that Mariposa Ditch and part of the Acequia del Llano should have a priority date of 1829, not 1815 as recommended in the Zinn Report.  Had Special Master Zinn recommended a priority date of 1829 for those ditches, subfile owners on those ditches that believed they were entitled to an 1815 priority date would have had the opportunity to object to the Zinn Report.  The Court will overrule the State's objection to Special Master Gabin's recommendation that the Court give those individuals whose water rights are now proposed to be adjudicated with an 1829 priority day an opportunity to show cause why their water rights should not be adjudicated with that date.

The Special Master shall serve each individual whose water rights are now proposed to be adjudicated with a 1829 priority with an order to show cause why their water rights should not be adjudicated with that date.  The Special Master shall file a report with recommendations regarding any objections to the proposed 1829 priority.  Because certain individuals will be allowed to file objections to the proposed 1829 priority, it would be premature to adopt the Special Master's recommended priorities for the Des Montes Ditch, the Acequia del Llano and Mariposa Ditch at this time as requested by the State's Motion and the Joint Motion.  The Court will deny without prejudice those portions of the State's Motion and the Joint Motion asking the Court to adopt the priorities recommended by the Special Master.  The State and the Joint Motion Parties may renew

their motions after the Special Master files her report regarding any objections to the proposed 1829

priorities.

**Requests for Additional Language**

The State requests that the Court modify the Special Master's report stating:

> However, to further support the Special Master's recommendation regarding the adoption of specific priority dates, the State would include the following additional findings:
>
> a.      Dr. Baxter conducted research into the history of the settlement of the Des Montes Ditch, the Acequia del Llano, and the Mariposa Ditch. Based upon his review of the historical record, Dr. Baxter concluded that the Acequia del Llano, which is a lateral of the Des Montes Ditch, probably first irrigated land along its upper portion (closest to the Des Montes Ditch) in 1815. Dr. Baxter therefore concluded it is reasonable to assign an 1815 priority to tracts on the upper Acequia del Llano.
>
> b.      Dr. Baxter also concluded that documents available in the historical record support an 1829 priority date for tracts on the lower Acequia del Llano and for all tracts on the Mariposa Ditch which is a lateral of the Acequia del Llano.
>
> c.      It is Dr. Baxter's opinion that the State's proposed priority assignment for subfiles on the Acequia del Llano and the Mariposa Ditch is reasonable and consistent with the best available historical evidence.
>
> Additionally, because the Court directed the State and the Cuchilla ditches to produce additional evidence to demonstrate that adopting an 1829 priority date for certain del Llano and Mariposa subfiles is fair to the owners of these subfiles, the State would modify the findings in the Special Master's Report to include a finding that Dr. Baxter's affidavit and report submitted with the Amended notice make that showing.

(State's Motion at 2-3).   The State also asks the Court to modify the Special Master's Report to

include a finding that Dr. Baxter's affidavit and report show that "adopting an 1829 priority date for

certain del Llano and Mariposa subfiles is fair to the owners of these subfiles."

The Court will not modify the Special Master's Report to include additional language as

requested in the State's Motion (Doc. 5560) because the Court is giving the owners of those subfiles

with a proposed 1829 priority an opportunity to show that they are entitled to an earlier priority date.

The Joint Motion Parties ask the Court to include in its order adopting the Special Master's Report the following language:

> The Court notes that on January 9, 2006, the commissioners of the eleven community ditches that divert water from the Rio Hondo entered into the "Rio Hondo Administration – Flow Sharing Agreement" (the "Agreement") attached as *Exhibit A* to the *Motion to Adopt Rio Hondo Flow Sharing Agreement and Adjudicate Rio Hondo Priorities* (Doc. 4726) filed on January 31, 2006, by Defendants Acequia Madre del Llano Community ditch Association, Acequia de Atalaya Community Ditch Association, Des Montes Community Ditch Association, Rebalse Community Ditch Association, Mariposa Community Ditch Association, and Acequia del Llano Community Ditch Association. The Agreement establishes a cooperative distribution of water supplies among the eleven community ditches by dividing the available supply of water between the communities of Des Montes, Valdez, and Arroyo Hondo based upon percentage of supply rather than priority of appropriation. The Court is not hereby adopting or approving the Agreement in this adjudication. Nor has the Court considered the Agreement in adopting the priority dates recommended by the Special Master.

(Joint Motion at 2).

The Court will not modify the Special Master's Report to include additional language as requested in the Joint Motion (Doc. 5561). The Joint Motion asks the Court to add language regarding a flow sharing agreement between the ditch associations for Des Montes Ditch, the Acequia del Llano, the Mariposa Ditch and various other ditches. The proposed language summarizes the agreement and states that the "Court is not hereby adopting or approving the Agreement in this adjudication." The proposed language is outside the scope of the Special Master's Report which is the determination of priority dates for the Des Montes Ditch, the Acequia del Llano and the Mariposa Ditch. The Joint Motion provides no justification for adding the proposed language. If the ditch associations for Des Montes Ditch, the Acequia del Llano, the Mariposa Ditch and various other ditches desire a Court order containing such language, they may file a motion requesting such.

8

**IT IS SO ORDERED.**

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**