IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| STATE OF NEW MEXICO on the relation of State Engineer, | ) ) ) | |
| Plaintiff, | ) ) | 69cv07896-MV RIO TAOS ADJUDICATION |
| -v- | ) ) | 69cv07939-MV |
| EDUARDO ABEYTA, et al. & CELSO ARELLANO, et al., | ) ) ) | RIO HONDO ADJUDICATION (Consolidated) |
| Defendants. | ) ) | Water Rights of Taos Pueblo |

ORDER DENYING MOTION TO STRIKE AND FOR FURTHER PROCEEDINGS

THIS MATTER is before the Special Master on the Motion to Strike Document 5624 as an Unauthorized Filing, filed by the United States of America, the State of New Mexico *ex rel.* State Engineer, Taos Pueblo and the Town of Taos ("Movants") (November 8, 2013, Doc. No. 5681), the Response filed by the Acéquia del Madre del Llano, Acéquia de la Plaza, and Acéquia de Atalaya ("Respondents")(November 12, 2013, Doc. No. 5682), and the Movants' Reply (November 12, 2013, Doc. No. 5685).

Having reviewed the briefs, and having heard argument on December 9, 2013, I find that the Motion should be DENIED. I further find that the Respondents must be represented by an attorney to proceed in this matter.

The Movants' Motion to Strike requests the Court to strike the Respondents' Objection to Proposed Partial Final Judgment and Decree on the Water Rights of Taos Pueblo (October 24, 2013, Doc. No. 5624), which was filed as part of the expedited *inter se* proceedings regarding the water rights of Taos Pueblo. The objection was filed by attorney A. Blair Dunn on behalf of the Respondents. Movants argue: a) that Mr. Dunn had not properly entered his appearance in this

case because merely signing and filing the Objection did not constitute an entry of appearance pursuant to D.N.M.LR-Civ. 83.4 (a); and b) that the Notice of Substitution of Counsel filed October 25, 2013 (Doc. No. 5638) was ineffective because the three attorneys that were named in the Notice had not been granted leave to withdraw. Movants note further that the Respondents were signatories to the Settlement Agreement describing the water rights of Taos Pueblo and were parties to the May 31, 2013 Joint Motion to Approve and Enter Partial Final Judgment and Decree on the Water Rights of Taos Pueblo (Doc. No. 5553). In addition, Respondents have not yet filed appropriate pleadings to withdraw from the Settlement Agreement and the Motion.

Mr. Dunn asserts the Objection Form is the equivalent of an entry of appearance pursuant to D.N.M.LR-Civ. 83.4, and that the Movants' Motion is frivolous and dilatory; consequently he requests that the Court award reasonable cost[s] and fees to the Respondents for having to respond to the Motion.

Rule 83.4(a) provides that an attorney must enter an appearance or obtain leave of the Court to sign and file any pleading, motion, or other document by filing a written entry of appearance which includes the attorney's name, firm name, address, telephone number, electronic address, and facsimile number. In the Administrative Order Regarding Entries of Appearance, entered September 9, 2007 (Doc. No. 4977), the Court explained that "[i]n these complex, multi-party adjudications, formal entries of appearance benefit the Court, counsel and parties appearing *pro se* by ensuring that service of general pleadings, orders and notices is comprehensive and accurate." Accordingly, the Court ordered that attorneys file an entry of appearance "at the time the first pleading is filed on behalf of a client. The failure to do so shall result in that attorney being stricken from the case caption." In other words, a separate entry of appearance is required to sign and file the first pleading

of a client.

The Objection to Proposed Partial Final Judgment and Decree on the Water Rights of Taos Pueblo is a form pleading developed by the parties and approved by the Court specifically for this expedited *inter se* proceeding, and is considered a "first pleading" for individuals or other entities to participate. The Objection form does not constitute an entry of appearance required by the local rule and by the Court's September 7, 2007, Administrative Order.

The day following Mr. Dunn's filing of the Objection on behalf of the Respondents, he filed a Notice of Substitution of Counsel (October 25, 2013, Doc. No. 5638), which states that he is entering his appearance "for the purposes of representing these acequias in their objection to the proposed current settlement pending before the Court with regard to the Partial Final Judgment and Decree of the Pueblo's water rights." This Notice of Substitution does not constitute an entry of appearance for purposes of this proceeding. D.N.M.LR-Civ. 83.4(a); September 7, 2007, Administrative Order. Further, the Notice is inaccurate: only Rebecca Dempsey represented the Respondents in the *inter se* proceedings at the time of the filing of the Notice. *See, e.g.,* Entry of Appearance filed October 29, 2003 (Doc. No. 4292) filed by Peter Thomas White, and Amended Entry of Appearance by Rebecca Dempsey filed on July 13, 2012 (Doc. No. 5537). Additionally, Ms. Dempsey had not filed a motion to withdraw pursuant to D.N.M.LR-Civ. 83.3 at the time of the filing of the Notice.

Accordingly, Mr. Dunn has not properly entered an appearance in this proceeding and may not appear further in this matter unless he complies with the local rules of civil procedure and the September 9, 2007, Administrative Order.

Notwithstanding the significant procedural irregularities described above, however, the

Motion to Strike is denied. Federal rules of civil procedure should be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." F.R.Civ. P. 1. While the Motion to Strike recites sufficient grounds to strike the Respondents' Objection, granting the Motion because of Mr. Dunn's errors would penalize Respondents, requiring them to again secure counsel and incur the additional costs involved in re-filing the Objection. *See,* D.N.M.LR-Civ 83.7 (requiring that a corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice in this Court).

Accordingly, it is ordered:

1. The Motion to Strike shall be, and hereby is, denied;

2. Respondents' request for Movants' costs and fees is denied;

3. As soon as practicable, but no later than January 10, 2014, Mr. Dunn (or other counsel authorized to practice in this Court) shall enter an appearance on behalf of the Respondents;

4. No later than January 10, 2014, Respondents shall file, through counsel, their Statement of Issues pursuant to the Interim Procedural Order (December 11, 2013, Doc. No. 5694); and

5. No later than January 17, 2014, Respondents shall file an appropriate motion, or motions, regarding the conflict between their filing an Objection and a) executing the Settlement Agreement on the water rights of Taos Pueblo and b) joining the May 31, 2013, Joint Motion to Approve and Enter Partial Final Judgment and Decree on the Water Rights of Taos Pueblo (Doc. No. 5553).

IT IS SO ORDERED.

    /electronic signature/
Vickie L. Gabin, Special Master

> THE PARTIES ARE NOTIFIED that within 20 days of service of a copy of this Order, they may file written objections with the Clerk of the Court pursuant to Federal Rule of Civil Procedure 53(f)(2).