IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer, *et al.*,

        Plaintiffs,

v.

EDUARDO ABEYTA, *et al.*, and
CELSO ARELLANO, *et al.*,

        Defendants.

69cv7896 MV
Rio Taos Adjudication

69cv7939 MV
Rio Hondo Adjudication

Consolidated

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court the State of New Mexico's Motion for Reconsideration of the Court November 22, 2013 Memorandum Opinion and Order. (Doc. No. 5691, filed December 9, 2013). For the reasons stated below, the Court will **DENY** the motion.

**Background**

On September 11, 1989, the Court entered its Order to Show Cause requiring each of the defendant water rights owners to make any objection they may have to the entry of a provisional judgment declaring their water rights priority date to be as shown in the Notice of Order to Show Cause. (Doc. 1641) (Campos, C.J.). Objections to the proposed priority dates were received from 47 of 54 defendant acequias for their members and by 199 individual defendants for themselves. (Report of Special Master Zinn at 4, Doc. 2143, filed July 26, 1993) ("Zinn Report"). The proposed priority dates for the three ditches that are the subject of this Order were: 1815 for Des Montes; 1898 for Acequia del Llano; and 1907 for Mariposa. (*See* Cert. of Service, Doc. 1645, filed September 18, 1989).

After holding hearings in November 1990 on the objections to the proposed priority dates, Special Master Zinn filed his Report in July 1993 with his findings of fact regarding the acequias' priority dates. Special Master Zinn's Report shows that Des Montes Ditch, the Acequia del Llano and Mariposa Ditch all claimed a priority date of 1816. (Zinn Report at 6). His Report also shows the "State's offer" of a priority date of 1815 for each of the three ditches. (Zinn Report at 6). Special Master Zinn found that the probable first application of water to beneficial use and, therefore, the priority dates for the subject ditches are: (1) August 7, 1815 for upper Des Montes; (2) July 27, 1829 for the remainder of Des Montes; (3) August 7, 1815 for Acequia del Llano; and (4) August 7, 1815 for Mariposa. (Zinn Report at 19). Special Master Zinn's Report did not identify or define the "upper Des Montes," which had a priority of 1815, or "the remainder of Des Montes" which had a priority of 1829.

In 2007, the State and several ditch associations, including those for Des Montes, Acequia del Llano and Mariposa, filed a joint motion asking the Court to adopt the priorities as recommended in the Zinn Report. (Doc. 4922 at 4, filed April 2, 2007). The Court adopted the priority dates as recommended in the Zinn Report and instructed the parties to file additional information regarding which portion of Des Montes Ditch has the August 1815 priority date and which portion has the 1829 priority date. (Doc. 5034 at 5, filed February 21, 2008) (Black, J.). On October 21, 2011, the State filed its Amended Notice of Identification of Des Montes Subfiles and Additional Evidence in Support (Doc. 5510; Notice of Errata, Doc. 5511, filed October 22, 2011). The State proposed a priority date of August 7, 1815 for the upper Acequia del Llano and a priority date of 1829 for the lower Acequia del Llano and for the entire Mariposa Ditch.

On June 6, 2013, Special Master Vickie Gabin filed her report with recommendations regarding the priority dates for the subfiles on the Des Montes Acequias and its two laterals, the Acequia del Llano and the Mariposa Ditch. (Doc. 5558). She recommended that the Court adopt the priority dates as proposed by the State. She also recommended that the Court enter orders to show cause to the owners of the subfiles adjudicated an 1829 priority date to give those individuals an opportunity to show they are entitled to an earlier priority date.

The State objected to the Special Master's recommendation that the Court give the owners of subfiles with an 1829 priority date an opportunity to show that they are entitled to an earlier priority date. (Doc. 5560, filed June 26, 2013). The State asserted that it had proposed priority dates of 1898 and 1907 for those owners' subfiles and that those owners were served with orders to show cause why if they objected to those proposed priority dates. The State contended that those owners' right to due process has been satisfied because those owners had the opportunity to show that they were entitled to an earlier priority date. The State concluded that the Court should not order those owners with subfiles with a proposed 1829 priority date to show cause why their water rights should not be adjudicated with the 1829 date.

After reviewing the record, the Court overruled the State's objection. (Doc. 5687, filed November 22, 2013). The Court stated:

> After hearing evidence regarding objections to the proposed priority dates, Special Master Zinn recommended a priority date of August 7, 1815 for the Acequia del Llano and Mariposa Ditch. Subfile owners on those ditches that were satisfied with the August 7, 1815 priority date would have had no reason to file an objection to Special Master Zinn's Report. The State's Amended Notice now indicates that Mariposa Ditch and part of the Acequia del Llano should have a priority date of 1829, not 1815 as recommended in the Zinn Report. Had Special Master Zinn recommended a priority date of 1829 for those ditches, subfile owners on those ditches that believed they were entitled to an 1815 priority date would have had the opportunity to object to the Zinn Report. The Court will overrule the State's objection to Special Master Gabin's recommendation that the Court give those individuals whose water rights are now proposed to be

3

adjudicated with an 1829 priority day an opportunity to show cause why their water rights should not be adjudicated with that date.

(Doc. 5687 at 6). The State then filed its motion for reconsideration now before the Court. (Doc. 5691). The State contends that the subfile owners were given the opportunity to show that they were entitled to priority dates earlier than 1898 and 1907, and that they should not now be given the opportunity to show that they are entitled to a priority date earlier than 1829.

**Discussion**

The State is correct when it states that owners of subfiles on the Acequia del Llano and Mariposa Ditch were served orders to show cause why their water rights should not be adjudicated with a priority date of 1898 or 1907. However, sometime after 1989 when the owners were served with orders to show cause why their water rights should not be adjudicated with a priority date of 1898 or 1907, and before the hearing before Special Master Zinn, the State revised its proposed priority dates for the Acequia del Llano and Mariposa Ditch to 1815 based on the research and opinion of its expert witness. It seems likely that the Acequia del Llano and Mariposa Ditch, along with the owners of subfiles on those ditches, learned of the proposed 1815 priority date for the Acequia del Llano and Mariposa Ditch during discovery and disclosure of the State's expert witness, and prior to the evidentiary hearing before Special Master Zinn. Owners of subfiles on the Acequia del Llano or Mariposa Ditch that were satisfied with the proposed 1815 priority date, and they likely were satisfied with 1815 since the ditches claimed a priority date of 1816, would have no reason to participate in the evidentiary hearing. If the State had disclosed during discovery that it proposed a priority date of 1829 for the Acequia del Llano and Mariposa Ditch, subfile owners on those ditches that believed they were entitled to an 1815 priority date would have had reason to participate in the evidentiary hearing.

4

Several years later, after the Court ordered the State to identify which subfiles on the Des Montes Ditch should have the 1829 priority date, the State filed its Amended Notice of Identification of Des Montes Subfiles and Additional Evidence in Support. (Doc. 5510, filed October 21, 2011). Attached to the State's Amended Notice was the State's expert's report on Irrigation from the Rio Hondo Through DesMontes, Llano, and Mariposa Acequias, dated September 2011. (Doc. 5511-1). The State now proposes, based on its expert's report of September 2011, that some subfiles on the Acequia del Llano and Mariposa Ditch should have a priority date of 1829, not 1815 as proposed to and recommended by Special Master Zinn. The State's revised proposed priority dates for the subfiles on the Acequia del Llano and Mariposa Ditch are based on the State's expert's opinion which was not prepared until September 2011, and thus was not disclosed or available during discovery or during the hearing before Special Master Zinn.

The Court will deny the State's motion for reconsideration. Fairness requires that if the Court is to allow the State to propose revised priority dates which are later than those recommended by Special Master Zinn and are based on an expert opinion that was not available during discovery or during the hearing before Special Master Zinn, the Court should also allow those owners of the subfiles affected by the recently acquired expert opinion to show cause why they should not be adjudicated with the revised priority dates.

The Special Master shall require each individual whose water rights on the Acequia del Llano and Mariposa Ditch are now proposed to be adjudicated with an 1829 priority to show cause why their water rights should not be adjudicated with that date. After the deadline for showing cause has passed, and after addressing any objections by those individuals whose water

5

rights are now proposed to be adjudicated with an 1829 priority, the Special Master shall file a report with her recommendations regarding the priority dates for those subfiles.

**IT IS SO ORDERED.**

Dated this 21 day of March, 2014.

_____
MARTHA VÁZQUEZ
**UNITED STATES DISTRICT JUDGE**