IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer, *et al.*,

                                                      69cv7896 MV/WPL
       Plaintiffs,                               Rio Taos Adjudication

v.

                                                      69cv7939 MV/WPL
EDUARDO ABEYTA, *et al.*, and             Rio Hondo Adjudication
CELSO ARELLANO, *et al.*,

                                                      Consolidated
       Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING REQUEST FOR MANDAMUS RELIEF

**THIS MATTER** comes before the Court Defendant-Objectors Brief in Opposition to the Settling Parties' Joint Motion to Approve and Enter Partial Final Judgment Opening Briefs and Request for Mandamus Relief, Doc. 5842. For the reasons stated below, the Court will **DENY** the request for mandamus relief.

The United States of America, the State of New Mexico, Taos Pueblo and several other parties ("Settlement Parties") filed a Joint Motion to Approve and Enter Partial Final Judgment and Decree on the Water Rights of Taos Pueblo, Doc. 5553 ("Joint Motion"). Attached to the motion is a proposed Partial Final Judgment and Decree. Exhibit A to the Proposed Partial Final Judgment and Decree is a Settlement Agreement. The State of New Mexico is a party to the Settlement Agreement. The Settlement Agreement was signed by Governor Susana Martinez, Attorney General Gary K. King, and State Engineer Scott Verhines. *See* Doc. 5553-2 at 104.

Several Defendant-Objectors filed a response brief to the Joint Motion. *See* Doc. 5842. The Defendant-Objectors argue that "[b]ecause the underlying Settlement Agreement, as executed by State of New Mexico Executive branch officers impermissibly violates the Doctrine

of Separation of Powers as established by the New Mexico Constitution, the proposed settlement cannot be implemented without legislative review." Doc. 5842 at 1. The Defendant-Objectors conclude that "[t]his court should enter an Order of prohibitory mandamus to prevent the Executive branch Officers from authorizing the proposed Settlement Agreement and compel the Governor to submit the Settlement agreement to the State Legislature for action as appropriate." Doc. 5842 at 13.

The United States, Taos Pueblo and some[1] Settlement Parties filed a joint response opposing the request for mandamus relief. *See* Doc. 5849. They contend that the Court has no jurisdiction to grant the affirmative relief sought by the mandamus request, because the mandamus request is a request for affirmative relief against State of New Mexico officials on the basis of state law, and quote the United States Supreme Court:

> A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.

*Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 106 (1984). The Supreme Court also concluded that the principle, that a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment, "applies as well to state-law claims brought into federal court under pendent jurisdiction." *Pennhurst*, 465 U.S. at 120-121.

---

[1] The State filed a separate Response in Opposition to Request for Mandamus Relief, Doc. 5852, in which it argues that the Defendant-Objectors request for mandamus relief should be denied because the Defendant-Objectors did not comply with the requirements in the New Mexico mandamus statute and the New Mexico Rules of Civil Procedure. Because it is denying the request for mandamus relief on jurisdictional grounds, the Court will not address whether the request should be denied for failure to comply with State statutes and rules.

In their Reply, Doc. 5857 at 5, the Defendant-Objectors assert, based on the following quote from *Pennhurst,* that the Supreme Court "has therefore recognized important exceptions to its enunciated general rule:"

> The reasoning of our recent decisions on sovereign immunity thus leads to the conclusion that a federal suit against state officials on the basis of state law contravenes the Eleventh Amendment when – as here – the relief sought and ordered has an impact directly on the State itself. 465 U.S. at 117.

Doc. 5857 at 5. The Defendant-Objectors conclude:

> In the instant matter, the relief sought by the Defendant-Objectors, inures only to the two State actors – the Attorney General and Governor. There is no impact on the State of New Mexico. Thus, the relief or 'action' at issue is not one against the State running afoul of *Pennhurst.*

Doc. 5857 at 5-6.

The United States Supreme Court addressed whether a suit brought against state officials is a suit against the state itself:

> When the suit is brought only against state officials, a question arises as to whether that suit is a suit against the state itself. Although prior decisions of this Court have not been entirely consistent on this issue, certain principles are well established. The Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest. Thus, the general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter. . . . The general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act.

*Pennhurst,* 465 U.S. at 101 and n.11 (quotation marks and citations omitted).

The mandamus relief the Defendant-Objectors seek against the Governor and the Attorney General is against and directly impacts the State of New Mexico. Granting such relief would, at least temporarily, restrain the State from being a party to the Settlement Agreement and would compel the New Mexico Legislature to review the Settlement Agreement for the State to be a party to the Settlement Agreement. In addition, it would likely delay the entry of a final

3

decree in this case thereby interfering with the State's administration of water rights. The Court concludes that the Eleventh Amendment bars the Court from granting the mandamus relief sought by the Defendant-Objectors. The Court will, therefore, deny the Defendant-Objectors Request for Mandamus Relief, Doc. 5842.

**IT IS SO ORDERED.**

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**