IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| STATE OF NEW MEXICO on the relation of State Engineer, | ) ) ) | |
| Plaintiff, | ) ) | 69cv07896-MV-WPL RIO TAOS ADJUDICATION |
| -v- | ) ) | 69cv07939-MV-WPL |
| EDUARDO ABEYTA, et al. & CELSO ARELLANO, et al., | ) ) ) | RIO HONDO ADJUDICATION (Consolidated) |
| Defendants. | ) ) ) | |

Special Master's Report and Recommendations
Regarding Joint Motion to Adopt Uniform Irrigation Requirements

To: Judge Martha Vazquez　　　　　　　　　　　　From: Vickie L. Gabin
　　District Judge　　　　　　　　　　　　　　　　　　　Special Master

This Report recommends that the Court grant the Joint Motion to Adopt Uniform Irrigation Requirements and adopt the proposed irrigation requirements for all parties in this adjudication.

THIS MATTER is before the Court on the December 9, 2015, Joint Motion to Adopt Uniform Irrigation Requirements (Docket No. 5960) ("Joint Motion"), filed by the State of New Mexico, ex rel. State Engineer, the United States of America, Taos Pueblo, the Taos Valley Acequia Association and 51 of its member Acequias, the Town of Taos, the El Prado Water and Sanitation District and 12 Taos Area Mutual Domestic Water Consumers' Associations ("Movants"). These entities are signatories to the December 12, 2013, Taos Settlement Agreement, which was expressly approved by the Court's Partial Final Judgment and Decree on the Water Rights of Taos Pueblo (February 11, 2016, No. 5973).

Responses to the Joint Motion were timely filed by the Estate of Jose Manuel Santistevan, Paul Horvath, Holly Difani, and Tarleton Ranch, LLC (collectively, "The Estate") (January 8, 2016,

No. 5966) and *pro se* defendant Alfred Trujillo (February 12, 2016, No. 5974); Movants filed Joint Replies to each response (February 16, 2016, No. 5975; February 19, 2016, No. 5976).

Movants request that (1) the Court adopt uniform irrigation requirements for all Pueblo and non-Pueblo surface water irrigation rights in this adjudication as those irrigation requirements are set forth in the Taos Settlement Agreement and (2) amend all surface water irrigation subfile orders previously entered in this proceeding to increase the amount of irrigation water previously adjudicated between the State and the individual subfile defendants. Movants further request that the Court adopt these irrigation requirements as between all parties; that is, the determination of these values will be the final determination of an adjudicated water right element and will not be included in the future non-Pueblo *inter se* proceedings. Accordingly, all water rights claimants would be required to object not only to the irrigation requirements as they would be applied to the claimants' own rights, but also to the irrigation requirements as they would be applied to others' water rights.

**I. Background**

A. Procedural history.

The Taos Settlement Agreement at Section 11.3.1 requires the Movants to file this Joint Motion prior to the entry of the partial final decree. They did so on December 9, 2015; the Partial Final Judgment and Decree on the Water Rights of Taos Pueblo was entered February 11, 2016. Appendix 1 to the Joint Motion identifies the water rights subfile numbers associated with acequias in each of the three sections in this case. A review by the Court's data manager found several errors

2

and omissions in Appendix 1;[1] but overall, Appendix 1 provides a comprehensive list of subfiles to which the proposed uniform irrigation requirements should apply.

The Joint Motion was served by first class mail, postage prepaid, on all persons and entities on the list attached as Exhibit A to the Certificate of Service of Motion to Adopt Uniform Irrigation Requirements (January 4, 2016, No. 5965). Exhibit A consists of 49 pages listing water rights claimants in this adjudication. I find that the vast majority of water rights claimants in this adjudication received notice of the filing of the Joint Motion and of their opportunity to object to the new irrigation water requirements. *See,* Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (the notice process was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

B. Irrigation water requirements.

The Taos Settlement Agreement provides that all surface water irrigation uses in the stream system be adjudicated the same amounts of water:[2]

> 11.3.1. UNIFORM IRRIGATION REQUIREMENTS. Prior to the entry of a Partial Final Decree on the Pueblo's water rights, the Parties shall jointly move the Court to adopt the following values to be used for adjudication of all Pueblo and non-Indian water rights in the Taos Valley Stream System.
>
> > 11.3.1.1. CONSUMPTIVE IRRIGATION REQUIREMENT. The CIR shall be one and thirty-eight hundredths (1.38) AFY per acre.

---

[1] For example, the Appendix includes subfiles which were adjudicated no water rights, several subfiles with non-irrigation rights, and subfiles which were later vacated. Any error, therefore, would be one of over-inclusion, rather than under-inclusion, and would not affect the integrity of these proceedings.

[2] The issues regarding the rights of the Acequias to divert water for livestock and domestic uses have not yet been resolved. *See*, TVAA's and Acequias' Clarification Joinder in Joint Motion to Adopt Uniform Irrigation Requirements (No. 5960) (December 23, 2015, No. 5961).

    11.3.1.2.  FARM DELIVERY REQUIREMENT. The FDR shall be two and seventy-six hundredths (2.76) AFY per acre (50% on-farm efficiency).

    11.3.1.3.  PROJECT DIVERSION REQUIREMENT. The PDR shall be three and ninety-four hundredths (3.94) AFY per acre (70% ditch efficiency), unless a different efficiency can be shown for a specific ditch on a case-by-case basis.

The CIR, FDR and PDR values are defined in the Taos Settlement Agreement, Articles 2.11, 2.14, and 2.29. *See*, Joint Motion at 3. Briefly stated:  CIR is the quantity of irrigation water consumptively used by plants or evaporated from the soil surface; FDR is the quantity of water that must be delivered to the farm headgate to satisfy the CIR of the crops; and PDR is the quantity of water that must be diverted from an off-farm source of water to satisfy the FDR and any adjudicated livestock or domestic uses.

  Movants state that currently, subfile orders issued to non-Pueblo water rights claimants describe an amount of water "not to exceed 2.5 acre-feet per annum delivered at the farm head gate." Joint Motion at 2. That amount was based on the 1969 Hydrographic Survey Report prepared by the Office of the State Engineer, which calculated the consumptive irrigation requirement (CIR) of 1.26 acre-feet per year per acre, and the farm delivery requirement (FDR) of 2.5 acre-feet per year per acre. *See*, Exhibit 1 to the Joint Motion. The Hydrographic Survey Report did not include a project delivery requirement (PDR); and subfile orders did not include a CIR value.

**II. Discussion of Objections**

  I first note for the Court that neither Mr. Trujillo nor The Estate raise any technical objections to the irrigation amounts provided for in the Taos Settlement Agreement. In fact, both welcome the increased irrigation amounts for their own rights. Rather, the bases for their objections relate to the effect that increased irrigation amounts for other irrigators will have on the objectors'

4

rights.

    A. <u>Alfred Trujillo</u>.

Mr. Trujillo is concerned that upstream, junior appropriators will, with the increased irrigation amounts, divert more of the water that would otherwise be available to the Arroyo Hondo acequias. His arguments focus on his interpretation of the historical basis of the priority dates and acreages so far adjudicated for the Arroyo Hondo acequias and other acequias in the Taos Stream System, and resemble those he raised previously in his objections to the Taos Settlement Agreement.[3] Those objections were overruled by the Court in its July 30, 2015, Memorandum Opinion and Order (No. 5958). I note that Mr. Trujillo's objections regarding priorities and acreages of other acequias may be appropriate to raise in future *inter se* proceedings for non-Pueblo rights.

Mr. Trujillo also states that there are outstanding questions regarding "specific source(s), implementation, monitoring, enforcement, quality and guarantees" which must be answered before the Court can consider granting the Joint Motion. Trujillo Response at 7. Without more specificity, it is impossible to consider and evaluate his questions.

I find that Mr. Trujillo's objections are without merit in the context of this proceeding.

    B. <u>The Estate</u>.

The Estate objects to the irrigation water requirements because when other water users' rights are increased, less water will be available to The Estate. The Estate's real quarrel is with the acequia commissioners for the Acequia Madre del Rio Lucero del Arroyo Seco, who have characterized the Estate's rights as *sobrante* rights (rights fulfilled only after other water rights are satisfied). The Estate has raised this issue previously, and the Court has ruled that the *sobrante* rights

---

[3] Defendant Alfred Trujillo's Objection and Motion to Deny Joint Motion to Approve and Enter Partial Final Judgment and Decree on the Water Rights of Taos Pueblo (No. 5553) (September 2, 2014, No. 5856).

issue is one which may be properly raised in the future non-Pueblo *inter se* phase of this adjudication.[4] The Estate's objections are without merit in the context of this proceeding.

### III. Findings and Recommendations

As discussed above, I find that the objections filed to the Joint Motion are without merit. Accordingly, I recommend that the Court:

1. Overrule the objections filed by Mr. Trujillo and The Estate;

2. Adopt and finally adjudicate the uniform irrigation requirements as set forth in Articles 11.3.1.1, 11.3.1.2 and 11.3.1.3 of the Taos Settlement Agreement for all Pueblo and non-Pueblo surface water irrigation rights in the Rio Pueblo de Taos and Rio Hondo stream systems as follows:

a. the Consumptive Irrigation Requirement (CIR) is one and thirty-eight hundredths (1.38) acre-feet per year per acre;

b. the Farm Delivery Requirement (FDR) is two and seventy-six hundredths (2.76) acre-feet per year per acre (i.e., a 50% on-farm efficiency); and

c. the Project Diversion Requirement (PDR) is three and ninety-four hundredths (3.94) acre-feet per year per acre (i.e., a 70% ditch efficiency), unless a different efficiency can be shown for a specific ditch on a case-by-case basis; and

3. Amend all previously entered subfile orders adjudicating non-Pueblo irrigation water rights in the Rio Pueblo de Taos and Rio Hondo stream systems by substituting the existing language of "Not to exceed 2.5 acre-feet per annum. delivered at the farm headgate" with the CIR, FDR and PDR values set forth above.

---

[4] Motion to Clarify by Paul Horvath and Holly Difani (September 16, 2014, No. 5859); Order Denying Motion to Clarify (December 5, 2014, No. 5887).

Respectfully submitted,

/electronic signature/
Vickie L. Gabin, Special Master

**THE PARTIES ARE NOTIFIED that within 21 days of service of a copy of this Special Master's Report and Recommendations, they may file written objections with the Clerk of the Court pursuant to Federal Rule of Civil Procedure 53(f)(2).**