IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
State Engineer, *et al.*,

           Plaintiffs,

v.

EDUARDO ABEYTA, *et al.*, and
CELSO ARELLANO, *et al.*,

           Defendants.

69cv7896 MV/WPL
Rio Taos Adjudication

69cv7939 MV/WPL
Rio Hondo Adjudication

Consolidated

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on:

(i) the Joint Motion to Adopt Uniform Irrigation Requirements, Doc. 5960 ("Joint Motion");

(ii) the Special Master's Report and Recommendations Regarding Joint Motion to Adopt Uniform Irrigation Requirements, Doc. 5981 ("Special Master's Report");

(ii) the Objections by the Estate of Jose Manuel Santistevan ("the Estate"), Paul Horvath, Holly Difani and Tarleton Ranches LLC, to the Special Master's Report and Recommendations Regarding Joint Motion to Adopt Uniform Irrigation Requirements, Doc. 5983 ("Objections"); and

(iv) the State's Motion to Clarify Language Concerning Uniform Irrigation Requirements in Order Adopting Special Master's Report and Recommendations, Doc. 5982 ("Motion to Clarify").

For the reasons stated below, the Court will **OVERRULE** the Objections to the Special Master's Report, **ADOPT** the Special Master's Report, **GRANT** the Joint Motion to Adopt Uniform Irrigation Requirements, and **GRANT** the Motion to Clarify.

**Joint Motion to Adopt Uniform Irrigation Requirements**

Subfile orders have been entered for all non-Pueblo surface water irrigation rights with an amount of water "not to exceed 2.5 acre-feet per annum delivered at the farm head gate" based

on a State Engineer's report prepared in 1969. Joint Motion at 2. The Taos Settlement Agreement sets forth values for Consumptive Irrigation Requirement ("CIR"[1]), Farm Delivery Requirement ("FDR"[2]), and Project Diversion Requirement ("PDR"[3]), and provides that prior to entry of a Partial Final Decree on the Pueblo's water rights, the Settlement Parties shall jointly move the Court to adopt those irrigation requirement values to be used for the adjudication of all Pueblo and non-Indian water rights in the Taos Valley Stream System. *See* Joint Motion at 3. The Joint Motion requests that the amount of water for surface water use in all previously entered subfile orders adjudicating non-Pueblo irrigation water rights be amended by substituting the existing language of "Not to exceed 2.5 acre-feet per annum delivered at the farm head gate" with:

    a.    the Consumptive Irrigation Requirement (CIR) of one and thirty-eight hundredths (1.38) acre-feet per year per acre;

    b.    the Farm Delivery Requirement (FDR) of two and seventy-six hundredths (2.76 acre-feet per year per acre (i.e., a 50% on-farm efficiency); and

    c.    the Project Diversion Requirement (PDR) of three and ninety-four hundredths (3.94) acre-feet per year per acre (i.e., a 70% ditch efficiency), unless a different efficiency can be shown for a specific ditch on a case-by-case basis.

Joint Motion at 5.

---

[1] "CIR" means "the quantity of irrigation water, exclusive of effective rainfall, that is consumptively used by plants or is evaporated from the soil surface in a specific period of time. It may be calculated numerically by subtracting effective rainfall from consumptive use." Joint Motion at 3.

[2] "FDR" means "the quantity of water, exclusive of effective rainfall, that must be delivered to the farm headgate to satisfy the CIR of crops grown on the farm in a specific period of time. It may be calculated numerically by dividing the CIR by the on-farm irrigation efficiency." Joint Motion at 3.

[3] "PDR" means "the quantity of water, exclusive of effective rainfall, that must be diverted from an off-farm source of water to satisfy the FDR and any adjudicated livestock or domestic uses in a specific period of time. It may be calculated numerically by dividing the FDR and any adjudicated livestock or domestic uses by the off-farm conveyance efficiency. Joint Motion at 3.

**The Special Master's Report**

After summarizing the Joint Motion and its procedural history, the Special Master addressed the two responses opposing the Joint Motion. In addressing the Response to the Joint Motion filed by Alfred Trujillo, the Special Master stated:

> Mr. Trujillo is concerned that upstream, junior appropriators will, with the increased irrigation amounts, divert more of the water that would otherwise be available to the Arroyo Hondo acequias. His arguments focus on his interpretation of the historical basis of the priority dates and acreages so far adjudicated for the Arroyo Hondo acequias and other acequias in the Taos Stream System, and resemble those he raised previously in his objections to the Taos Settlement Agreement. Those objections were overruled by the Court in its July 30, 2015, Memorandum Opinion and Order (No. 5958). I note that Mr. Trujillo's objections regarding priorities and acreages of other acequias may be appropriate to raise in future *inter se* proceedings for non-Pueblo rights.

Special Master's Report at 5. The Special Master found that Mr. Trujillo's objections are without merit in the context of the Joint Motion and recommended that the Court overrule his objections.

In addressing the Response to the Joint Motion filed by the Estate of Jose Manuel Santistevan, Paul Horvath, Holly Difani, and Tarleton Ranch, LLC (collectively, "the Estate"), the Special Master stated:

> The Estate objects to the irrigation water requirements because when other water users' rights are increased, less water will be available to The Estate. The Estate's real quarrel is with the acequia commissioners for the Acequia Madre del Rio Lucero del Arroyo Seco, who have characterized the Estate's rights as *sobrante* rights (rights fulfilled only after other water rights are satisfied). The Estate has raised this issue previously, and the Court has ruled that the *sobrante* rights issue is one which may be properly raised in the future non-Pueblo *inter se* phase of this adjudication.

Special Master's Report at 5-6. The Special Master found that the Estate's objections are without merit in the context of the Joint Motion and recommended that the Court overrule the Estate's objections.

Having found that the objections to the Joint Motion are without merit, the Special Master recommended that "the Court grant the Joint Motion to Adopt Uniform Irrigation Requirements and adopt the proposed irrigation requirements for all parties in this adjudication." Special Master's Report at 1, 7.

**Objections to the Special Master's Report**

The only objections to the Special Master's Report were filed by the Estate. *See* Objections, Doc. 5983; Errata to Doc. 5983, Doc. 5984. The two objections by the Estate relate to the classification of the Estate water rights as *sobrante* rights. *See* Objections at 2. The Estate Defendants contend that the Acequia Madre del Rio Lucero y del Arroyo Seco and its Ditch Commissioners have classified the Estate Defendants' water rights as *sobrante* rights, which means that the Estate Defendants are only entitled to water after the other rights have had their full delivery of water. *See* Estate's Response to Joint Motion at 1-4, Doc. 5966.

The Estate's first objection is that the Special Master "sustained" the State's position that the Estate's *inter se* objections were premature. *See* Objections at 2. The Estate asserts that its objection to the increased duty of water and its *inter se* objection regarding *sobrante* rights "are intertwined and properly raised" at this time, because "the increased duty of water [requested by the Joint Motion] will have the effect of reducing the amount of water available to" the Estate. Estate's Response to Joint Motion at 5-6, Doc. 5983.

The Estate's second objection is that the classification of water rights as *sobrante* rights has no place in New Mexico law. *See* Objections at 2-3, 6. The Estate asserts:

> the increase in the duty of water [as requested in the Joint Motion] would have the effect of reducing the amount of water available to [the Estate] by reason of the classification of their water rights as *sobrante* rights, with the result that they would only get water when all other rights were satisfied.

4

> Because there is no known law defining *sobrante*, or governing the distribution of water to *sobrante* right owners, or even recognizing that such water rights exist as a matter of law, the prior appropriation system is subverted by the proposed increase. Distribution of water to [the Estate] is governed only by the arbitrary determination of acequia officials, and not merely in times of water shortage, which is the contemplation of the prior appropriation system.

Objections at 1-2, 6. The Estate asks the Court to either reject the increased duty of water requested in the Joint Motion or reject the concept of *sobrante* water rights. *See* Objections at 9.

The Court will overrule the Estate's Objections. The Estate does not object to the quantities of water that must be diverted and delivered to the farm headgates to satisfy the irrigation requirements of the crops grown on the farms. *See* Estate's Response to Joint Motion at 2. The Estate's Objections arise solely from the classification, by the commissioners of the Acequia Madre del Rio Lucero y del Arroyo Seco, that the Estate's water rights are *sobrante* water rights. *See* Estate's Response to Joint Motion at 2. The Estate agrees that "[t]he Special Master is correct in her definition of the issue," Objections at 3-4, that "when other user's water rights are increased less water will be available to the Estate and that the Estate's real quarrel is with the acequia commissioners who have characterized the Estate's rights as *sobrante* rights (rights fulfilled only after other water rights are satisfied)," Special Master's Report at 5. The Estate contends the Special Master's "error lies in the resolution she proposes, postponing [resolution of the *sobrante* issue] until the 'future non-pueblo inter se phase' of this case." Objections at 4. The Special Master had previously ruled that the *sobrante* rights issue can be raised in the future *inter se* phase of the adjudication. *See* Doc. 5887. The Estate has not shown that the Special Master abused her discretion in deferring determination of the *sobrante* rights issue to the future *inter se* phase of the adjudication. *See* Fed. R. Civ. P. 53(f)(5)(the court may set aside a master's ruling on a procedural matter only for an abuse of discretion).

5

**Motion to Clarify**

Three weeks after the Special Master filed her Report, the State filed a motion asking the Court to adopt the Special Master's Report "with the clarification below concerning the 'uniform irrigation requirements' language to be included in subfile orders adjudicating non-Pueblo irrigation water rights."

The Special Master's Report recommended that the Court adopt the uniform irrigation requirements for all surface water rights in the Rio Pueblo de Taos and Rio Hondo stream system with the Consumptive Irrigation Requirement (CIR), the Farm Delivery Requirement (FDR) and the Project Diversion Requirement (PDR) set forth in the Taos Settlement Agreement.  The Special Master's Report also recommended that the Court:

> Amend all previously entered subfile orders adjudicating non-Pueblo irrigation water rights in the Rio Pueblo de Taos and Rio Hondo stream systems by substituting the existing language of "Not to exceed 2.5 acre-feet per annum delivered at the farm headgate" with *the CIR, FDR and PDR values set forth above.*

Special Master's Report at 6 (*emphasis added*).  The Special Master's Report does not include the language for "*the CIR, FDR and PDR values set forth above*" which is to be added to the subfile orders.  The State requests that the Court's order adopting the Special Master's Report clarify that language describing the uniform irrigation requirements should read as follows when applied to individual subfile orders:

<u>Amount of Water</u>:

a. A Consumptive Irrigation Requirement ("CIR") of one and thirty-eight hundredths (1.38) acre-feet per year per acre;

b. A Farm Delivery Requirement ("FDR") of two and seventy-six hundredths (2.76 acre-feet per year per acre (i.e., a 50% on-farm efficiency); and

6

    c.    A Project Diversion Requirement ("PDR") of three and ninety-four hundredths (3.94) acre-feet per year per acre (i.e., a 70% ditch efficiency), unless a different efficiency can be shown for a specific ditch on a case-by-case basis.

    For all water rights involving surface water delivered from a ditch, the amount of water shall not exceed 3.94 acre-feet per year per acre diverted by the ditch from the surface source, or 2.76 acre-feet per year per acre delivered to the farm headgate, or a beneficial consumptive use of 1.38 acre-feet per year per acre.

Motion to Clarify at 2. No responses opposing the Motion to Clarify have been filed. The Court will grant the State's Motion to Clarify.

    **IT IS ORDERED** that:

(i)    the Objections By the Estate of Jose Manuel Santistevan ("the Estate"), Paul Horvath, Holly Difani and Tarleton Ranches LLC, to the Special Master's Report and Recommendations Regarding Joint Motion to Adopt Uniform Irrigation Requirements, Doc. 5984, are **OVERRULED;**

(ii)    the Special Master's Report and Recommendations Regarding Joint Motion to Adopt Uniform Irrigation Requirements, Doc. 5981, is **ADOPTED;**

(iii)    the Joint Motion to Adopt Uniform Irrigation Requirements, Doc. 5960, is **GRANTED;** and

(iv)    the State's Motion to Clarify Language Concerning Uniform Irrigation Requirements in Order Adopting Special Master's Report and Recommendations, Doc. 5982, is **GRANTED.**

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**